___ FILED ___ ENTERED
___ LODGED ___ RECEIVED

JUL 26 2004 ZG

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY ___ DEP.

317124

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PACIFIC SOUND RESOURCES, a Washington non-profit corporation; and THE PORT OF SEATTLE, a Washington municipal corporation,

Plaintiffs,

v.

THE BURLINGTON NORTHERN AND SANTA FE RAILWAY COMPANY, a Delaware corporation; J.H. BAXTER & CO., a California limited partnership; J.H. BAXTER & CO., a California corporation; and J.H. BAXTER & CO., INC., a California corporation,

Defendants.

No. C04-1654

NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. § 1441

**JURY DEMAND**

04-CV-01654-NTC

TO: CLERK OF THE COURT
AND TO: Plaintiffs
AND TO: Rodney L. Brown, Jr., Gillis E. Reavis, and David D. Dicks, Plaintiffs' Attorneys

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant The Burlington Northern and Santa Fe Railway Company ("Defendant") hereby removes the King County Superior Court lawsuit described below to the United States District Court for the Western District of Washington at Seattle. In support thereof, Defendant states:

NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. § 1441
No. ___

Page 1

**ORIGINAL**

Bullivant|Houser|Bailey PC
1601 Fifth Avenue, Suite 2300
Seattle, WA 98101-1618
Telephone: (206) 292-8930

1. Defendant The Burlington Northern Santa Fe Railway Company is a defendant in the action entitled *Pacific Sound Resources, et al. v. The Burlington Northern Santa Fe Railway Company, et al.*, in the Superior Court of the State of Washington for the County of King, Cause Number 04-2-15918-1SEA.

2. The United States District Court has original jurisdiction over this matter by reason of diversity of citizenship and the reasonable likelihood that the amount in controversy exceeds $75,000, pursuant to 28 U.S.C. § 1332 and Civil Rule 101.

3. Removal to federal court is appropriate in any civil action brought in state court over which the federal district court has original jurisdiction. 28 U.S.C. § 1441.

4. The suit was filed by Plaintiff Pacific Sound Resources, a Washington-domiciled non-profit corporation, and Plaintiff The Port of Seattle, a Washington-domiciled municipal corporation. Plaintiff Pacific Sound Resources was created and organized pursuant to RCW 24.03 et. seq. Plaintiff The Port of Seattle was created and organized pursuant to RCW 53.04 et. seq. (Complaint, ¶¶ 2.1 – 2.2) Defendants are The Burlington Northern and Santa Fe Railway Company, a Delaware corporation with its principal place of business in Texas, J.H. Baxter & Co., a California limited partnership with its principal place of business in California, and J.H. Baxter & Co., Inc. a California corporation with its principal place of business in California.

4. Defendants J.H. Baxter & Co. and J.H. Baxter & Co., Inc., join in this removal and file their separate joinder.

5. Pursuant to CR 101, Defendant has a good faith belief that the amount in controversy exceeds $75,000 exclusive of interest and costs. Plaintiffs did not specify the dollar amount of damages sought by their claims but do seek recovery of "remedial action costs" and "an award of damages ... for all cleanup costs incurred by Plaintiffs" in connection with the Marine Sediments Operable Unit. While denying liability for such claims and alleged damages, Defendant reasonably believes more than $75,000 is in

NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. § 1441
No.   Page 2

Bullivant|Houser|Bailey PC
1601 Fifth Avenue, Suite 2300
Seattle, WA 98101-1618
Telephone: (206) 292-8930

controversy, exclusive of interests and costs. In other litigation, Plaintiff The Port of Seattle stated under penalty of perjury that it incurred costs attributable to the Marine Sediments Unit of "at least $490,985.25."

5. Venue is proper in the United States District Court for the Western District of Washington, because the Marine Sediments Unit consists of aquatic lands and sediments with Elliott Bay, in King County, State of Washington.

8. Pursuant to 28 U.S.C. § 1446, copies of this Notice of Removal are being served on Plaintiffs' counsel and filed with the Clerk of the Superior Court of the State of Washington for King County.

9. As of the date of the filing of this Notice of Removal of Civil Action, 30 days have not elapsed from the time this matter first became removable. Defendant was served on July 6, 2004.

10. The process, pleadings, and orders served upon Defendant in this action consist of the *Complaint for Environmental Cleanup Costs and Other Relief* and Summons. True copies of these pleadings are attached hereto as *Exhibit A* and by this reference incorporated herein.

DATED this 26th day of July, 2004.

BULLIVANT HOUSER BAILEY PC

By /s/ Thomas D. Adams
Thomas D. Adams, WSBA #18470
E-Mail: tom.adams@bullivant.com

Attorneys for Defendant The Burlington Northern and Santa Fe Railway Company

3407390.1

# EXHIBIT A

```
FILED
04 JUN 30 PM 4:03
KING COUNTY
SUPERIOR COURT CLERK
SEATTLE, WA.
```

## IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
## IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| PACIFIC SOUND RESOURCES, ET AL | NO. 04-2-15918-1   SEA |
| | Order Setting Civil Case Schedule (*ORSCS) |
| Plaintiff(s) | |
| vs | |
| THE BURLINGTON NORTHERN AND SANTA FE RAILWAY COMPANY, ET AL. | ASSIGNED JUDGE   Gonzalez   5 |
| | FILE DATE:   06/30/2004 |
| Defendant(s) | TRIAL DATE:   12/19/2005 |

A civil case has been filed in the King County Superior Court and will be managed by the Case Schedule on Page 3 as ordered by the King County Superior Court Presiding Judge.

### I. NOTICES

**NOTICE TO PLAINTIFF:** The Plaintiff may serve a copy of this **Order Setting Case Schedule** (*Schedule*) on the Defendant(s) along with the *Summons and Complaint/Petition*. Otherwise, the Plaintiff shall serve the *Schedule* on the Defendant(s) within 10 days after the later of: (1) the filing of the *Summons and Complaint/Petition* or (2) service of the Defendant's first response to the *Complaint/Petition*, whether that response is a *Notice of Appearance*, a response, or a Civil Rule 12 (CR 12) motion. The *Schedule* may be served by regular mail, with proof of mailing to be filed promptly in the form required by Civil Rule 5 (CR 5).

*"I understand that I am required to give a copy of these documents to all parties in this case."*

_____                    _____
Print Name                                   Sign Name


Order Setting Civil Case Schedule (*ORSCS)                              REV. 6/200   1

## I. NOTICES (continued)

**NOTICE TO ALL PARTIES:**
All attorneys and parties should make themselves familiar with the King County Local Rules [KCLR] -- especially those referred to in this *Schedule*. In order to comply with the *Schedule*, it will be necessary for attorneys and parties to pursue their cases vigorously from the day the case is filed. For example, discovery must be undertaken promptly in order to comply with the deadlines for joining additional parties, claims, and defenses, for disclosing possible witnesses [See KCLR 26], and for meeting the discovery cutoff date [See KCLR 37(g)].

**SHOW-CAUSE HEARINGS FOR CIVIL CASES [King County Local Rule 4(g)]**
A Confirmation of Joinder, Claims and Defenses or a Statement of Arbitrability must be filed by the deadline in the schedule. A review of the case will be undertaken to confirm service of the original complaint and to verify that all answers to claims, counterclaims and cross-claims have been filed. If those mandatory pleadings are not in the file, a *Show Cause Hearing* will be set before the Chief Civil or RJC judge. The Order to Show Cause will be mailed to all parties and designated parties or counsel are required to attend.

**PENDING DUE DATES CANCELED BY FILING PAPERS THAT RESOLVE THE CASE:**
When a final decree, judgment, or order of dismissal of all parties and claims is filed with the Superior Court Clerk's Office, and a courtesy copy delivered to the assigned judge, all pending due dates in this *Schedule* are automatically canceled, including the scheduled Trial Date. It is the responsibility of the parties to 1) file such dispositive documents within 45 days of the resolution of the case, and 2) strike any pending motions by notifying the bailiff to the assigned judge.

Parties may also authorize the Superior Court to strike all pending due dates and the Trial Date by filing a *Notice of Settlement* pursuant to KCLR 41, and forwarding a courtesy copy to the assigned judge. If a final decree, judgment or order of dismissal of all parties and claims is not filed by 45 days after a *Notice of Settlement*, the case may be dismissed with notice.

If you miss your scheduled Trial Date, the Superior Court Clerk is authorized by KCLR 41(b)(2)(A) to present an *Order of Dismissal*, without notice, for failure to appear at the scheduled Trial Date.

**NOTICES OF APPEARANCE OR WITHDRAWAL AND ADDRESS CHANGES:**
*All parties to this action must keep the court informed of their addresses.* When a Notice of Appearance/Withdrawal or Notice of Change of Address is filed with the Superior Court Clerk's Office, parties must provide the assigned judge with a courtesy copy.

**ARBITRATION FILING AND TRIAL DE NOVO POST ARBITRATION FEE:**
A Statement of Arbitrability must be filed by the deadline on the schedule if the case is subject to mandatory arbitration and service of the original complaint and all answers to claims, counterclaims and cross-claims have been filed. If mandatory arbitration is required after the deadline, parties must obtain an order from the assigned judge transferring the case to arbitration. Any party filing a Statement must pay a $220 arbitration fee. If a party seeks a trial de novo when an arbitration award is appealed, a fee of $250 and the request for trial de novo must be filed with the Clerk's Office Cashiers.

**NOTICE OF NON-COMPLIANCE FEES:**
All parties will be assessed a fee authorized by King County Code 4.71.050 whenever the Superior Court Clerk must send notice of non-compliance of schedule requirements and/or Local Rule 41.

King County Local Rules are available for viewing at www.metrokc.gov/kcscc.

## II. CASE SCHEDULE

| CASE EVENT | DEADLINE or EVENT DATE | Filing Needed |
|---|---|---|
| Case Filed and Schedule Issued. | Wed 06/30/2004 | * |
| Confirmation of Service [See KCLR 4.1]. | Wed 07/28/2004 | * |
| Last Day for Filing Statement of Arbitrability without a Showing of Good Cause for Late Filing [See KCLMAR 2.1(a) and Notices on Page 2]. $220 arbitration fee must be paid | Wed 12/08/2004 | * |
| DEADLINE to file Confirmation of Joinder if not subject to Arbitration. [See KCLR 4.2(a) and Notices on Page 2]. Show Cause hearing will be set if Confirmation is not filed. | Wed 12/08/2004 | * |
| DEADLINE for Hearing Motions to Change Case Assignment Area. [See KCLR 82(e)] | Wed 12/22/2004 | |
| DEADLINE for Disclosure of Possible Primary Witnesses [See KCLR 26(b)]. | Mon 07/18/2005 | |
| DEADLINE for Disclosure of Possible Additional Witnesses [See KCLR 26(b)]. | Mon 08/29/2005 | |
| DEADLINE for Jury Demand [See KCLR 38(b)(2)]. | Mon 09/12/2005 | * |
| DEADLINE for Setting Motion for a Change in Trial Date [See KCLR 40(e)(2)]. | Mon 09/12/2005 | * |
| DEADLINE for Discovery Cutoff [See KCLR 37(g)]. | Mon 10/31/2005 | |
| DEADLINE for Engaging in Alternative Dispute Resolution [See KCLR 16(c)]. | Mon 11/21/2005 | |
| DEADLINE for Exchange Witness & Exhibit Lists & Documentary Exhibits [See KCLR 16(a)(4)]. | Mon 11/28/2005 | |
| DEADLINE to file Joint Confirmation of Trial Readiness [See KCLR 16(a)(2)]. | Mon 11/28/2005 | * |
| DEADLINE for Hearing Dispositive Pretrial Motions [See KCLR 56; CR 56]. | Mon 12/05/2005 | |
| Joint Statement of Evidence [See KCLR 16(a)(5)]. | Mon 12/12/2005 | * |
| Trial Date [See KCLR 40]. | Mon 12/19/2005 | |

* Indicates a document that must be filed with the Superior Court Clerk's Office by the date shown.

### III. ORDER

Pursuant to King County Local Rule 4 [KCLR 4], IT IS ORDERED that the parties shall comply with the schedule listed above. Penalties, including but not limited to sanctions set forth in Local Rule 4(g) and Rule 37 of the Superior Court Civil Rules, may be imposed for non-compliance. It is FURTHER ORDERED that the party filing this action **must** serve this *Order Setting Civil Case Schedule* and attachment on all other parties.

DATED: 06/30/2004

_Richard D. Eadie_
PRESIDING JUDGE

## IV. ORDER ON CIVIL PROCEEDINGS FOR ASSIGNMENT TO JUDGE

READ THIS ORDER PRIOR TO CONTACTING YOUR ASSIGNED JUDGE

This case is assigned to the Superior Court Judge whose name appears in the caption of this *Schedule*. The assigned Superior Court Judge will preside over and manage this case for all pre-trial matters.

COMPLEX LITIGATION: If you anticipate an unusually complex or lengthy trial, please notify the assigned court as soon as possible.

The following procedures hereafter apply to the processing of this case:

APPLICABLE RULES:

a. Except as specifically modified below, all the provisions of King County Local Rules 4 through 26 shall apply to the processing of civil cases before Superior Court Judges.

CASE SCHEDULE AND REQUIREMENTS:

A. Show Cause Hearing: A Show Cause Hearing will be held before the Chief Civil/Chief RJC judge if the case does not have confirmation of service on all parties, answers to all claims, crossclaims, or counterclaims as well as the confirmation of joinder or statement of arbitrability filed before the deadline in the attached case schedule. All parties will receive an *Order to Show Cause* that will set a specific date and time for the hearing. Parties and/or counsel who are required to attend will be named in the order.

B. Pretrial Order: An order directing completion of a Joint Confirmation of Trial Readiness Report will be mailed to all parties approximately six (6) weeks before trial. This order will contain deadline dates for the pretrial events listed in King County Local Rule 16:
1) Settlement/Mediation/ADR Requirement;
2) Exchange of Exhibit Lists;
3) Date for Exhibits to be available for review;
4) Deadline for disclosure of witnesses;
5) Deadline for filing Joint Statement of Evidence;
6) Trial submissions, such as briefs, Joint Statement of Evidence, jury instructions;
7) voir dire questions, etc;
8) Use of depositions at trial;
9) Deadlines for nondispositive motions;
10) Deadline to submit exhibits and procedures to be followed with respect to exhibits;
11) Witnesses – identity, number, testimony;

C. Joint Confirmation regarding Trial Readiness Report: No later than twenty one (21) days before the trial date, parties shall complete and file (with a copy to the assigned judge) a joint confirmation report setting forth whether a jury demand has been filed, the expected duration of the trial, whether a settlement conference has been held, and special problems and needs (e.g. interpreters, equipment), etc. If parties wish to request a CR 16 conference, they must contact the assigned court. Plaintiff/petitioner's counsel is responsible for contacting the other parties regarding said report.

D. Settlement/Mediation/ADR:
1) Forty five (45) days before the Trial Date, counsel for plaintiff shall submit a written settlement demand. Ten (10) days after receiving plaintiff's written demand, counsel for defendant shall respond (with a counteroffer, if appropriate).
2) Twenty eight (28) days before the Trial Date, a settlement/mediation/ADR conference shall have been held. FAILURE TO COMPLY WITH THIS SETTLEMENT CONFERENCE REQUIREMENT MAY RESULT IN SANCTIONS.

E. Trial: Trial is scheduled for 9:00 a.m. on the date on the *Schedule or as soon thereafter as convened by the court*. The Friday before trial, the parties should access the King County Superior Court website at www.metrokc.gov/kcsc to confirm trial judge assignment. Information can also be obtained by calling (206) 205-5984.

**MOTIONS PROCEDURES:**

**A. Noting of Motions**

**Dispositive Motions:** All Summary Judgment or other motions that dispose of the case in whole or in part will be heard with oral argument before the assigned judge. The moving party must arrange with the courts a date and time for the hearing, consistent with the court rules. King County Local Rule 7 and King County Local Rule 56 govern procedures for all summary judgment or other motions that dispose of the case in whole or in part. The local rules can be found at www.metrokc.gov/kcscc.

**Nondispositive Motions:** These motions, which include discovery motions, will be ruled on by the assigned judge without oral argument, unless otherwise ordered. All such motions must be noted for a date by which the ruling is requested; this date must likewise conform to the applicable notice requirements. Rather than noting a time of day, the *Note for Motion* should state "Without Oral Argument." King County Local Rule 7 governs these motions, which include discovery motions. The local rules can be found at www.metrokc.gov/kcscc.

**Motions in Family Law Cases not involving children:** Discovery motions to compel, motions in limine, motions relating to trial dates and motions to vacate judgments/dismissals shall be brought before the assigned judge. All other motions should be noted and heard on the Family Law Motions Calendar. King County Local Rule 7 and King County Local Rule 94.04 govern these procedures. The local rules can be found at www.metrokc.gov/kcscc.

**Emergency Motions:** Emergency motions will be allowed only upon entry of an *Order Shortening Time.* However, emergency discovery disputes may be addressed by telephone call, and without written motion, if the judge approves.

**Filing of Documents** All original documents must be filed with the Clerk's Office. *The working copies of all documents in support or opposition must be marked on the upper right corner of the first page with the date of consideration or hearing and the name of the assigned judge.* The assigned judge's working copy must be delivered to his/her courtroom or to the judges' mailroom. Do not file working copies with the Motions Coordinator, except those motions to be heard on the Family Law Motions Calendar, in which case the working copies should be filed with the Family Law Motions Coordinator.

**Original Proposed Order:** Each of the parties must include in the working copy materials submitted on any motion an original proposed order sustaining his/her side of the argument. Should any party desire a copy of the order as signed and filed by the judge, a preaddressed, stamped envelope shall accompany the proposed order.

**Presentation of Orders:** All orders, agreed or otherwise, must be presented to the assigned judge. If that judge is absent, contact the assigned court for further instructions. If another judge enters an order on the case, counsel is responsible for providing the assigned judge with a copy.

Proposed orders finalizing settlement and/or dismissal by agreement of all parties shall be presented to the assigned judge or in the Ex Parte Department. Formal proof in Family Law cases must be scheduled before the assigned judge by contacting the bailiff, or formal proof may be entered in the Ex Parte Department. If final orders and/or formal proof are entered in the Ex Parte Department, counsel is responsible for providing the assigned judge with a copy.

**C. Form:** Memoranda/briefs for matters heard by the assigned judge may not exceed twenty four (24) pages for dispositive motions and twelve (12) pages for nondispositive motions, unless the assigned judge permits over-length memoranda/briefs in advance of filing. Over-length memoranda/briefs and motions supported by such memoranda/briefs may be stricken.

IT IS SO ORDERED. FAILURE TO COMPLY WITH THE PROVISIONS OF THIS ORDER MAY RESULT IN DISMISSAL OR OTHER SANCTIONS. PLAINTIFF/PETITIONER SHALL FORWARD A COPY OF THIS ORDER AS SOON AS PRACTICABLE TO ANY PARTY WHO HAS NOT RECEIVED THIS ORDER.

*Richard D. Eadie*

**PRESIDING JUDGE**

STEVEN GONZALEZ

FILED
04 JUN 30 PM 4: 02
KING COUNTY
SUPERIOR COURT CLERK
SEATTLE, WA.

**ORIGINAL**

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| PACIFIC SOUND RESOURCES, a Washington non-profit corporation; and THE PORT OF SEATTLE, a Washington municipal corporation;<br><br>Plaintiffs,<br><br>v.<br><br>THE BURLINGTON NORTHERN AND SANTA FE RAILWAY COMPANY, a Delaware corporation; J.H. BAXTER & CO., a California limited partnership; J.H. BAXTER & CO., a California corporation; and J.H. BAXTER & CO., INC., a California corporation.<br><br>Defendants. | No. 04-2-15918-1 SEA<br><br>SUMMONS [20 Day] |

TO THE DEFENDANT:   THE BURLINGTON NORTHERN AND SANTA FE
RAILWAY COMPANY, a Delaware corporation

A lawsuit has been started against you in the above entitled court by plaintiffs. Plaintiffs' claims are stated in the written complaint, a copy of which is served upon you with this summons.

In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing, and by serving a copy upon the person signing this summons within 20 days after the service of this summons (or 60 days if served out of the State of Washington), excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where plaintiffs are entitled to what they ask for

SUMMONS - Page 1

BROWN REAVIS & MANNING PLLC
1201 THIRD AVENUE, SUITE 320
SEATTLE, WA 98101
(206) 292-6300

1  because you have not responded. If you serve a notice of appearance on the undersigned
2  person, you are entitled to notice before a default judgment may be entered.
3      You may demand that the plaintiffs file this lawsuit with the court. If you do so, the
4  demand must be in writing and must be served upon the person signing this summons.
5  Within 14 days after you serve the demand, the plaintiffs must file this lawsuit with the court,
6  or the service on you of this summons and complaint will be void.
7      If you wish to seek the advice of an attorney in this matter, you should do so promptly
8  so that your written response, if any, may be served on time.
9      This summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the
10 State of Washington.
11     Dated: June 30, 2004.

BROWN REAVIS & MANNING PLLC

By: _____
Rodney L. Brown, Jr., WSBA No. 13089
Gillis E. Reavis, WSBA No. 21451
David D. Dicks, WSBA No. 29422
Attorney for Plaintiffs

SUMMONS - Page 2

BROWN REAVIS & MANNING PLLC
1201 THIRD AVENUE, SUITE 320
SEATTLE, WA 98101
(206) 292-6300

STEVEN GONZALEZ

FILED

04 JUN 30 PM 4:02

KING COUNTY
SUPERIOR COURT CLERK
SEATTLE, WA.

**ORIGINAL**

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

PACIFIC SOUND RESOURCES, a Washington non-profit corporation; and THE PORT OF SEATTLE, a Washington municipal corporation;

Plaintiffs,

v.

THE BURLINGTON NORTHERN AND SANTA FE RAILWAY COMPANY, a Delaware corporation; J.H. BAXTER & CO., a California limited partnership; J.H. BAXTER & CO., a California corporation; and J.H. BAXTER & CO., INC., a California corporation.

Defendants.

No. 04-2-15918-1 SEA

COMPLAINT FOR ENVIRONMENTAL CLEANUP COSTS AND OTHER RELIEF

Plaintiffs Pacific Sound Resources and the Port of Seattle allege their complaint as follows:

## I. JURISDICTION AND VENUE

1.1   This Court has jurisdiction over the subject matter of this case pursuant to RCW 2.08.010. This Court also has jurisdiction over this matter and these parties pursuant to RCW 70.105D, the Model Toxics Control Act (MTCA).

1.2   Venue is proper in King County pursuant to RCW 4.12.010 and RCW 4.12.025 because the subject of this action is injury to real property located within King County and because one or more of the Defendants reside in King County. Venue is also

COMPLAINT FOR ENVIRONMENTAL
CLEANUP COSTS AND OTHER RELIEF - Page 1

BROWN REAVIS & MANNING PLLC
1201 Third Avenue, Suite 320
Seattle, WA 98101
(206) 292-6300

1  proper under RCW 70.105D.050 because King County is the county in which the release or
2  threatened release of hazardous substances occurred or presently exists.

3                          II.     PARTIES

4       2.1   Plaintiff Pacific Sound Resources ("PSR") is a non-profit corporation
5  organized under RCW 24.03 *et seq.*  PSR and its predecessors are former owners and
6  operators of a wood treating plant in West Seattle (the "Treating Plant"). The Treating Plant
7  became contaminated with hazardous substances associated with the wood-treating operations
8  conducted there since almost a century ago, and contaminants migrated from the Treating
9  Plant onto adjacent properties, including state-owned aquatic lands and sediments in Elliott
10 Bay. In 1994, PSR entered into a Consent Decree with the U.S. Environmental Protection
11 Agency ("EPA") to facilitate the cleanup of contamination resulting from operation of the
12 Treating Plant.

13      2.2   Plaintiff Port of Seattle (the "Port") is a port district organized under RCW
14 53.04 *et seq.*  The Port is the owner of real property at 2801 SW Florida Street in Seattle,
15 Washington, where the Treating Plant was located.

16      2.3   Defendant The Burlington Northern and Santa Fe Railway Company
17 ("BNSF") is a Delaware corporation with its principal place of business in Texas. BNSF is
18 authorized to conduct business in the State of Washington. From approximately the 1930s to
19 the 1980s, BNSF and its corporate predecessors owned property comprising part of the
20 Treating Plant or near the Treating Plant, conducted operations at the Treating Plant, and
21 owned and used hazardous wood-treating substances at the Treating Plant.

22      2.4   Defendant J.H. Baxter & Co., a California limited partnership, has a principal
23 place of business in California and currently does business in the state of Washington. In the
24 1950s, a company known as J.H. Baxter & Co. operated the Treating Plant in a joint venture
25 with PSR's corporate predecessors, Baxter-Wyckoff Co. and Wyckoff-Baxter Investment Co.
26 Plaintiffs allege, on information and belief, that J.H. Baxter & Co., a California limited
27 partnership, or an affiliated company, including but not limited to Defendants J.H. Baxter &
28

COMPLAINT FOR ENVIRONMENTAL
CLEANUP COSTS AND OTHER RELIEF - Page 2

BROWN REAVIS & MANNING PLLC
1201 THIRD AVENUE, SUITE 320
SEATTLE, WA 98101
(206) 292-6300

1  Co., Inc., a California corporation and J.H. Baxter & Co., a California corporation, are
2  corporate successors to all liabilities of the company that operated the Treating Plant during
3  the 1950s, as alleged in greater detail below. Plaintiffs do not have access to all corporate
4  information identifying each corporate or other entity, if any, existing in the chain of
5  successors from the 1950s to the current J.H. Baxter & Co. Plaintiffs believe, however, that
6  Defendants have such information and that the other successors, if any, are or should be on
7  notice of Plaintiffs' claims. Plaintiffs reserve the right to amend this Complaint to add
8  additional successors as parties if necessary.

### III.   FACTUAL ALLEGATIONS

#### A.   BNSF

3.1   From about 1912 to 1994, PSR, its predecessors, and other companies, including the J. M. Colman Company, West Coast Wood Preserving Co., the Baxter-Wyckoff Company, and the Wyckoff Company, conducted wood-treating operations at the Treating Plant.

3.2   During certain periods since 1926, BNSF owned property comprising or near the Treating Plant where operations were conducted and where contamination is found.

3.3   From about 1926 to at least 1978, BNSF and its predecessors (collectively "BNSF"), entered into a series of contracts with PSR and prior operators requiring construction of part of the wood-treating facility at the Treating Plant and, after construction, controlling the largest portion of production at the Treating Plant.

3.4   BNSF was involved in the day-to-day operation of the Treating Plant. The activities controlled by BNSF's contracts and on-site employees included those that caused environmental contamination at the Treating Plant and nearby properties.

3.5   In addition, BNSF provided wood preservatives and wood products to be treated under its contracts, retaining ownership of the chemicals and wood products during processing.

COMPLAINT FOR ENVIRONMENTAL
CLEANUP COSTS AND OTHER RELIEF - Page 3

BROWN REAVIS & MANNING PLLC
1201 THIRD AVENUE, SUITE 320
SEATTLE, WA 98101
(206) 292-6300

1    3.6    BNSF knew or should have known about the environmental impacts incident
2 to wood-preserving operations because, among other things, BNSF operated its own wood-
3 preserving plants at other locations, a BNSF inspector worked at the Treating Plant for many
4 years, and the subject contracts for outsourcing wood treatment were common to the railroad
5 industry.

6    **B.    J.H. Baxter**

7    3.7    In the 1950s, PSR's predecessor bought the Treating Plant that had been
8 operating for several decades. Because the personnel of PSR's predecessor had no prior
9 experience running a wood-treating facility, the company entered into a joint venture with
10 J.H. Baxter & Co., a California company believed to be the predecessor of one or more of the
11 Defendants with similar names. J.H. Baxter & Co. had wood-treating operations in several
12 states, including Washington. To learn from J.H. Baxter's expertise, in 1959 PSR's
13 predecessors agreed to create new corporations, including companies known as Baxter-
14 Wyckoff Co. and Wyckoff-Baxter Investment Co., to be owned equally by J.H. Baxter & Co.
15 and PSR. The joint venture operated the Treating Plant from 1959 to 1965.

16    3.8    Under the joint venture, J.H. Baxter & Co. directors, officers, and management
17 personnel were intimately involved in operating the joint venture and the Treating Plant. This
18 included, but was not limited to, control of day-to-day operations that caused contamination at
19 the Treating Plant and nearby properties.

20    **C.    Damages**

21    3.9    Over time, the wood-treating operations caused releases of hazardous
22 substances into the environment at and from the Treating Plant. The releases of hazardous
23 substances resulted in extensive contamination of both the Treating Plant property and aquatic
24 lands comprising a portion of the Treating Plant. In addition, operation of the Treating Plant
25 led to the migration of hazardous substances onto adjacent properties, including state-owned
26 aquatic lands and sediments. EPA began investigating the Treating Plant in the 1980s. PSR
27 expended substantial funds responding to these investigations and attempting to clean up the
28

COMPLAINT FOR ENVIRONMENTAL
CLEANUP COSTS AND OTHER RELIEF - Page 4

BROWN REAVIS & MANNING PLLC
1201 THIRD AVENUE, SUITE 320
SEATTLE, WA 98101
(206) 292-6300

1   contamination. Thereafter, on May 31, 1994, EPA took over the cleanup of the contaminated
2   properties and placed them on the National Priorities List ("NPL") of Superfund sites. For
3   administrative purposes, EPA separated the contaminated properties into two portions, known
4   as Operable Units. EPA designated these portions as the Uplands Operable Unit and the
5   Marine Sediments Operable Unit. EPA has spent substantial sums at both operable units and
6   anticipates spending millions more in the future. The claims in this case arise out of funds
7   spent by Plaintiffs and by EPA at the Marine Sediments Unit only.

8       3.10   On July 20, 1994, EPA and the Port entered into a Prospective Purchaser
9   "Agreement and Covenant Not to Sue Re the Pacific Sound Resources Superfund Site," as
10  part of the Port's Southwest Harbor Redevelopment Project. Pursuant to the Agreement, the
11  Port purchased the approximately 22 acres of PSR-owned property and agreed to conduct
12  environmental response actions there and on nearby aquatic lands. In return, EPA granted the
13  Port contribution protection and a covenant not to sue.

14      3.11   On September 29, 1994, EPA and the Port entered into Administrative Order
15  on Consent No. 10-94-0213, which set forth certain environmental response actions the Port
16  agreed to take. The response actions included removal of contaminated soil, groundwater
17  monitoring, and the capping of contaminated portions of the uplands. The Port has expended
18  substantial funds on these environmental response actions, and others, and fully expects to
19  spend additional sums by the conclusion of this action.

20                IV.   **LEGAL CLAIMS**

21     A. First Cause of Action — Model Toxics Control Act

22      4.1   Plaintiffs reallege the preceding paragraphs as though fully set forth herein.
23      4.2   The Port and PSR are "persons" as defined in RCW 70.105D.020(7).
24      4.3   The Uplands Operable Unit and the Marine Sediments Operable Unit together
25  constitute a "facility" as defined in RCW 70.105D.020(3).
26      4.4   Defendants are liable persons as defined in RCW 70.105D.040(1)(a)-(c)
27  because either (1) they currently own or operate a "facility," as that term is defined in RCW

28  COMPLAINT FOR ENVIRONMENTAL  
    CLEANUP COSTS AND OTHER RELIEF - Page 5

                                             BROWN REAVIS & MANNING PLLC  
                                             1201 Third Avenue, Suite 320  
                                             Seattle, WA 98101  
                                              (206) 292-6300

70.105D.020(3); or (2) they owned or operated a facility at which "hazardous substances," as that term is defined in RCW 70.105D.020(5), were disposed of or released during their ownership or operation; or (3) they otherwise arranged for disposal of hazardous substances at the facility.

4.5   There has been a "release or a threatened release" of hazardous substances into the environment at, near, and from the facility as defined in RCW 70.105D.020(10).

4.6   The release or threatened release of hazardous substances into the environment has required "remedial action" and the expenditure of "remedial action costs," as those terms are defined in RCW 70.105D.020(21) and RCW 70.105D.080.

4.7   The remedial actions that have been and will be taken at the facility, when evaluated as a whole, are the "substantial equivalent" of a remedial action conducted or supervised by the Washington Department of Ecology as defined by RCW 70.105D.080.

4.8   Pursuant to RCW 70.105D.080, Defendants are jointly and severally liable for all remedial action costs Plaintiffs have incurred and may incur in the future at the Marine Sediments Operable Unit, including reasonable attorneys' fees and expenses, as a consequence of the release or threatened release of hazardous substances into the environment at, near, or from the facility.

B.   **Second Cause of Action — Declaratory Relief**

4.9   Plaintiffs reallege the preceding paragraphs as though fully set forth herein.

4.10  An actual controversy within the jurisdiction of this court exists between Plaintiffs and Defendants.

4.11  Pursuant to RCW 7.24.010, Plaintiffs are entitled to a declaratory judgment that Defendants are jointly and severally liable for cleanup costs to be incurred by Plaintiffs at the Marine Sediments Unit in the future as a consequence of the release or threatened release of hazardous substances from the facility into the environment.

C.   **Third Cause of Action — Negligence**

4.12  Plaintiffs reallege the preceding paragraphs as though fully set forth herein.

COMPLAINT FOR ENVIRONMENTAL
CLEANUP COSTS AND OTHER RELIEF - Page 6

BROWN REAVIS & MANNING PLLC
1201 THIRD AVENUE, SUITE 320
SEATTLE, WA 98101
(206) 292-6300

1  4.13  Defendants had a duty to use reasonable care in operating, managing, and
2  supervising the Treating Plant, performing wood-treating activities at the Treating Plant, and
3  handling and disposing of hazardous substances at the facility.

4  4.14  Defendants breached their duty of reasonable care when they negligently
5  operated, managed, and supervised the Treating Plant, failed to correct or require cessation of
6  wood-treating operations, conducted wood-treating operations, and handled hazardous
7  substances, each in a manner that caused hazardous substances to be released at the facility.

8  4.15  Defendants' negligence is the direct and proximate cause of injury to Plaintiffs,
9  and Plaintiffs have suffered damages in an amount to be proven at trial.

10  **D.  Fourth Cause of Action — Nuisance and Nuisance Per Se**

11  4.16  Plaintiffs reallege the preceding paragraphs as though fully set forth herein.

12  4.17  The release of hazardous substances and other contaminants at the facility, as
13  caused or permitted by Defendants, has substantially and unreasonably interfered with each
14  Plaintiff's use and enjoyment of its property, and therefore constitutes the creation of both a
15  public and a private nuisance, as defined in RCW 7.48.130 and RCW 7.48.120, respectively.

16  4.18  Defendants' action and inaction was the proximate cause of damages to
17  Plaintiffs including, without limitation, remediation costs, diminished property value, lost
18  profits, and interference with business operations.

19  4.19  The nuisance created by Defendants continues to exist, has caused harm and
20  continues to cause harm to Plaintiffs and to the property the Port owns and possesses.
21  Defendants are liable for all damages to Plaintiffs proximately caused by the creation and
22  maintenance of the nuisance and for all actions necessary to abate the nuisance.

23
24
25
26
27
28

COMPLAINT FOR ENVIRONMENTAL
CLEANUP COSTS AND OTHER RELIEF - Page 7

BROWN REAVIS & MANNING PLLC
1201 THIRD AVENUE, SUITE 320
SEATTLE, WA 98101
(206) 292-6300

E.   **Fifth Cause of Action — Trespass**

4.20   Plaintiffs reallege the preceding paragraphs as if fully set forth herein.

4.21   Defendants' wood-treating operations and failures to manage and supervise such operations caused hazardous substances to contaminate the environment at the facility, thereby invading Plaintiffs' interest in exclusive possession of their property.

4.22   Plaintiffs have not given permission for such contamination of the property they currently own and possesses or that they formerly owned and possessed.

4.23   The presence of hazardous substances in the environment at the facility, and their continued spreading, constitutes a continuing trespass. This trespass has caused harm and continues to cause harm to Plaintiffs and to the property the Port owns and possesses. Without limitation, Plaintiffs damages include remediation costs, diminished property value, lost profits, and interference with business operations.

## V.   PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

5.1   For an award of remedial action costs, plus prejudgment interest, incurred by Plaintiffs at the Marine Sediments Operable Unit;

5.2   For a declaration that Defendants are jointly and severally liable for cleanup costs to be incurred by Plaintiffs at the Marine Sediments Operable Unit in the future as a consequence of the release or threatened release of hazardous substances from the facility into the environment.

5.3   For an award of damages in favor of Plaintiffs for all cleanup costs incurred by Plaintiffs in connection with the Marine Sediments Operable Unit as of the time of trial and for all other damages specified above, in an amount to be proven at trial;

5.4   For an award of attorneys' fees in favor of Plaintiffs and pursuant to RCW 64.12.020, RCW 70.105.097, RCW 70.105D.080, and as otherwise permitted by statute or law;

5.5   For an award to Plaintiffs of their costs and disbursements incurred herein; and

COMPLAINT FOR ENVIRONMENTAL
CLEANUP COSTS AND OTHER RELIEF - Page 8

BROWN REAVIS & MANNING PLLC
1201 Third Avenue, Suite 320
Seattle, WA 98101
(206) 292-5300

1   5.6   For such other and further relief as this Court deems just and equitable.

2   Dated: June 30, 2004.

BROWN REAVIS & MANNING PLLC

By: _____
Rodney L. Brown, Jr., WSBA No. 13089
Gillis E. Reavis, WSBA No. 21451
David D. Dicks, WSBA No. 29422
Attorneys for Plaintiffs

COMPLAINT FOR ENVIRONMENTAL
CLEANUP COSTS AND OTHER RELIEF - Page 9

BROWN REAVIS & MANNING PLLC
1201 THIRD AVENUE, SUITE 320
SEATTLE, WA 98101
(206) 292-6300