1    HONORABLE THOMAS S. ZILLY

2

3

4

5

6

7

8    UNITED STATES DISTRICT COURT
     WESTERN DISTRICT OF WASHINGTON
9    AT SEATTLE

10   PACIFIC SOUND RESOURCES, a
     Washington non-profit corporation; and    No.  C04-1654Z
11   THE PORT OF SEATTLE, a Washington
     municipal corporation,
12                                              ANSWER, COUNTER-CLAIM, AND
                        Plaintiffs,             CROSS-CLAIM OF DEFENDANT THE
13                                              BURLINGTON NORTHERN AND
             v.                                 SANTA FE RAILWAY COMPANY
14
     THE BURLINGTON NORTHERN AND
15   SANTA FE RAILWAY COMPANY, a
     Delaware corporation; J.H. BAXTER &
16   CO., a California limited partnership; J.H.
     BAXTER & CO., a California corporation;
17   and J.H. BAXTER & CO., INC., a
     California corporation,
18
                        Defendants.
19

20       Defendant The Burlington Northern and Santa Fe Railway Company ("BNSF")

21   hereby answers Plaintiffs' Complaint for Environmental Cleanup Costs and Other Relief

22   ("Complaint") as follows:

23                            **FIRST DEFENSE**

24       The Complaint fails to state a claim upon which relief can be granted against BNSF.

25                            **SECOND DEFENSE**

26       The Complaint fails to join parties needed for a just adjudication pursuant to Rule 19

---

ANSWER, AFFIRMATIVE DEFENSES, COUNTER-CLAIM, AND          Page 1          **Bullivant|Houser|Bailey PC**
CROSS-CLAIM                                                                1601 Fifth Avenue, Suite 2300
No.  C04-1654Z                                                             Seattle, WA  98101-1618
                                                                          Telephone:    (206) 292-8930

1 | of the Federal Rules of Civil Procedure.

2 | **THIRD DEFENSE**

3 | BNSF admits, denies, or otherwise avers to the numbered paragraphs of the

4 | Complaint as follows:

5 | **I. JURISDICTION AND VENUE**

6 | 1.1    This paragraph states jurisdictional allegations to which no answer is

7 | required.  To the extent an answer may be deemed required, BNSF admits this Court has

8 | jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1332 and 1441(b).

9 | 1.2    This paragraph states venue allegations to which no answer is required.  To

10 | the extent an answer may be deemed required, BNSF admits venue is proper in this Court

11 | pursuant to 28 U.S.C. § 1391(a).

12 | **II. PARTIES**

13 | 2.1    BNSF admits that Plaintiff Pacific Sound Resources ("PSR") and its

14 | predecessors are former owners and operators of a wood treating plant in West Seattle (the

15 | "Treating Plant"), which consisted of approximately 25 acres, including 22.7 acres formerly

16 | owned by PSR and 2.3 acres of State-owned harbor area formerly leased by PSR from the

17 | Washington State Department of Natural Resources ("DNR").  BNSF admits that the

18 | Treating Plant became contaminated with hazardous substances associated with the wood

19 | treating operations conducted by PSR, its predecessors, and other companies.  BNSF admits

20 | that PSR and its predecessors knowingly, intentionally, and criminally violated applicable

21 | environmental laws by releasing and discharging hazardous substances from the Treating

22 | Plant to adjacent properties, including State-owned aquatic lands and sediments in Elliot

23 | Bay.  BNSF admits that, in 1994, PSR entered into a Consent Decree with the United States

24 | and other parties to resolve an action captioned United States et al. v. Pacific Sound

25 | Resources, et al., W.D. Wash. Case No. C94-687, and further responds that the terms of the

26 | Consent Decree speak for themselves.  Except as expressly admitted, BNSF lacks knowledge

ANSWER, AFFIRMATIVE DEFENSES, COUNTER-CLAIM, AND
CROSS-CLAIM
No.  C04-1654Z

Page 2

**Bullivant|Houser|Bailey PC**
1601 Fifth Avenue, Suite 2300
Seattle, WA  98101-1618
Telephone:    (206) 292-8930

1  and information sufficient to form a belief as to the truth of the remaining allegations of this

2  paragraph.

3    2.2    BNSF admits the allegations of this paragraph.  BNSF further responds that

4  the property owned by Plaintiff Port of Seattle ("Port") consists of approximately 22.7 acres

5  formerly owned by PSR and that the Port also manages, pursuant to Port Management

6  Agreement No. 22-080031, entered into by and between DNR and the Port effective

7  November 1, 1997, the 2.3 acres of State-owned harbor area formerly leased by PSR from

8  DNR.

9    2.3    BNSF admits it is a Delaware corporation with its principal place of business

10  in the State of Texas, and that it is authorized to do business in the State of Washington.  BNSF

11  denies the remaining allegations in this paragraph.

12    2.4    BNSF admits that Baxter-Wyckoff Company and Wyckoff-Baxter

13  Investment Company, predecessors of PSR, conducted operations at the Treating Plant at

14  various times.  Except as expressly admitted, BNSF lacks knowledge and information

15  sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

16  ### III. FACTUAL ALLEGATIONS

17    3.1    BNSF admits that from about 1912 to 1994, PSR, its predecessors, and

18  other companies, including the J.M. Colman Company, conducted wood treating operations

19  at the Treating Plant.  BNSF further admits that PSR's predecessors include, but may not be

20  limited to:  West Coast Wood Preserving Company, Pacific Creosoting Company, Baxter-

21  Wyckoff Company, Wyckoff-Baxter Investment Company, the Wyckoff Company, and

22  Pacific Sound Resources, Inc.

23    3.2    BNSF denies the allegations of this paragraph.

24    3.3    BNSF admits that one or more of its predecessors purchased treated wood

25  products from PSR, its predecessors, or other companies, and that some purchases were

26  pursuant to contract and some were pursuant to purchase order or other agreement.  BNSF

ANSWER, AFFIRMATIVE DEFENSES, COUNTER-CLAIM, AND
CROSS-CLAIM
No.  C04-1654Z

Page 3

**Bullivant|Houser|Bailey PC**
1601 Fifth Avenue, Suite 2300
Seattle, WA  98101-1618
Telephone:    (206) 292-8930

1  further responds that the terms of any contracts between BNSF or its predecessors and PSR,

2  its predecessors, or other companies speak for themselves.  Except as expressly admitted,

3  BNSF denies the remaining allegations of this paragraph.

4    3.4    BNSF denies the allegations of this paragraph.

5    3.5    BNSF lacks knowledge and information sufficient to form a belief as to the

6  truth of the allegations of this paragraph.

7    3.6    BNSF admits that an employee of one of its predecessors had an office at

8  the Treating Plant for a number of years and that said employee was responsible for

9  inspecting treated wood products purchased by BNSF's predecessor.  Except as expressly

10  admitted, BNSF denies the remaining allegations of this paragraph.

11    3.7    BNSF admits that in 1950, Walter L. Wyckoff and Jane Wyckoff, his wife,

12  acquired all interest in all of the assets and properties of the J.M. Colman Company,

13  including the wood treating facility at the Treating Plant, and in consideration thereof,

14  assumed and agreed to pay all debts, claims, and obligations of the J.M. Colman Company.

15  BNSF further responds that, in 1959, West Coast Wood Preserving Company changed the

16  name of that corporation to Baxter-Wyckoff Company.  BNSF admits that Baxter-Wyckoff

17  Company and Wyckoff-Baxter Investment Company, predecessors of PSR, conducted

18  operations at the Treating Plant at various times.  Except as expressly admitted, BNSF lacks

19  knowledge and information sufficient to form a belief as to the truth of the remaining

20  allegations of this paragraph.

21    3.8    BNSF lacks knowledge and information sufficient to form a belief as to the

22  truth of the allegations of this paragraph.

23    3.9    BNSF admits that the acts and omissions of PSR and its predecessors

24  caused releases of hazardous substances into the environment at the Treating Plant, including

25  the State-owned harbor area comprising a portion of the Treating Plant.  BNSF admits that

26  PSR and its predecessors contaminated adjacent properties, including State-owned aquatic

ANSWER, AFFIRMATIVE DEFENSES, COUNTER-CLAIM, AND
CROSS-CLAIM
No.  C04-1654Z

Page 4

**Bullivant|Houser|Bailey PC**
1601 Fifth Avenue, Suite 2300
Seattle, WA  98101-1618
Telephone:    (206) 292-8930

1  lands and sediments in Elliot Bay, by knowingly and intentionally releasing and discharging

2  hazardous substances from the Treating Plant in criminal violation of applicable

3  environmental laws.  BNSF admits that, beginning in 1984, EPA issued a series of

4  administrative enforcement orders to PSR and its predecessors in connection with their

5  operations at the Treating Plant and that, in 1985, the Wyckoff Company, a predecessor of

6  PSR, Wyckoff's President, and three Wyckoff employees pled guilty to criminal violations

7  of federal environmental laws at the Treating Plant.  BNSF denies that any funds incurred by

8  PSR or its predecessors in responding to the EPA administrative enforcement orders or in

9  accordance with the criminal plea agreements constitute "remedial action costs" as that term

10  is used in RCW 70.105D.080.  BNSF admits that on May 31, 1994, the U.S. Environmental

11  Protection Agency ("EPA") listed the "PSR Superfund Site" on the National Priorities List

12  and that EPA had previously separated the PSR Superfund Site into two geographically and

13  functionally distinct "operable units," as that term is defined in federal regulations known as

14  the National Contingency Plan, 40 C.F.R. § 300.5:  (1) the Upland Operable Unit, which is

15  co-extensive with the Treating Plant; and (2) the offshore Marine Sediments Operable Unit.

16  BNSF admits that EPA divided the PSR Superfund Site into these two operable units for all

17  purposes including:  remedial investigation; analysis of the feasibility of potential alternative

18  remedial actions; and implementation of selected remedial actions.  BNSF further responds

19  that the Upland Operable Unit has undergone environmental remediation and that completed

20  remedial actions confirmed that cleanup standards were met at the Upland Unit by no later

21  than November 13, 1998.  BNSF denies that EPA anticipates spending additional remedial

22  action costs at the Upland Operable Unit in the future.  BNSF denies that Plaintiffs, or either

23  of them, have incurred remedial action costs at the Marine Sediments Units.  BNSF lacks

24  knowledge and information sufficient to form a belief as to the truth of the remaining

25  allegations of this paragraph.

26

ANSWER, AFFIRMATIVE DEFENSES, COUNTER-CLAIM, AND
CROSS-CLAIM
No.  C04-1654Z

Page 5

**Bullivant|Houser|Bailey PC**
1601 Fifth Avenue, Suite 2300
Seattle, WA  98101-1618
Telephone:    (206) 292-8930

3.10     BNSF admits that, in July or August 1994, the Port and EPA entered into an "Agreement and Covenant Not To Sue Re The Pacific Sound Resources Superfund Site" (hereafter "Prospective Purchaser Agreement").  BNSF responds that the terms of the Prospective Purchaser Agreement speak for themselves.  BNSF admits that, in October 1994, the Port purchased the approximately 22.7 acres of property formerly owned by PSR at the Treating Plant.  BNSF further responds that, in entering into the Prospective Purchaser Agreement, the Port disclaimed any liability for State-owned aquatic lands at, adjacent to, or near the Treating Plant, including at the Marine Sediments Operable Unit.  BNSF admits that, subject to certain limitations, EPA covenanted not to sue the Port in connection with existing environmental contamination at the PSR Superfund Site, but denies that EPA granted the Port contribution protection under the Model Toxics Control Act ("MTCA").  BNSF further responds that any contribution protection available to the Port under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), extends only to the Port's status as a prospective purchaser of the PSR property and not otherwise.  BNSF lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

3.11     BNSF admits that, in September 1994, EPA and the Port entered into Administrative Order on Consent No. 10-94-0213 ("Port AOC").  BNSF responds that the terms of the Port AOC speak for themselves.  BNSF further responds that the Port AOC obligated the Port to implement certain tasks at the Upland Operable Unit only and did not require the Port to implement any tasks at the Marine Sediments Operable Unit.  BNSF further responds that the Port completed all tasks required by the Port AOC prior to the end of December 1998.  BNSF denies that the Port expects to spend additional sums at the Upland Unit in the future.  BNSF further denies that the Port has incurred any remedial action costs at the Marine Sediment Unit for which it has not received, or does not expect to

ANSWER, AFFIRMATIVE DEFENSES, COUNTER-CLAIM, AND CROSS-CLAIM
No.  C04-1654Z

Page 6

**Bullivant|Houser|Bailey PC**
1601 Fifth Avenue, Suite 2300
Seattle, WA  98101-1618
Telephone:     (206) 292-8930

1  receive, reimbursement.  BNSF lacks knowledge and information sufficient to form a belief as

2  to the truth of the remaining allegations of this paragraph.

3  ## IV. LEGAL CLAIMS

4      4.1      *Model Toxics Control Act.*  BNSF re-alleges and incorporates by this

5  reference each preceding paragraph as though fully set forth herein.

6      4.2      This paragraph contains plaintiffs' characterization of the law to which no

7  answer is required.  To the extent an answer may be deemed required, BNSF admits that the

8  Port and PSR are each a "person" as defined in RCW 70.105D.020(14).  BNSF further

9  responds that the Port and PSR are each a liable person under RCW 70.105D.040(1).

10      4.3      This paragraph contains plaintiffs' characterization of the law to which no

11  answer is required.  To the extent an answer may be deemed required, BNSF denies the

12  allegations of this paragraph.  BNSF responds that the Marine Sediments Operable Unit

13  constitutes a "facility" as defined in RCW 70.105D.020(4).  BNSF denies that the Upland

14  Operable Unit constitutes a "facility" as defined in RCW 70.105D.020(4) because applicable

15  cleanup standards have been met, and no further remedial actions are planned, in the Upland

16  Unit.  BNSF further responds that, even if the Upland Operable Unit is deemed to constitute

17  a "facility," it is a separate and distinct "facility" from the Marine Sediments Operable Unit.

18      4.4      BNSF denies the allegations of this paragraph insofar as they pertain to

19  BNSF.  BNSF lacks knowledge and information sufficient to form a belief as to the truth of

20  the allegations of this paragraph insofar as they pertain to other defendants.

21      4.5      BNSF admits that there has been a "release," as defined in RCW

22  70.105D.020(20), of a "hazardous substance," as defined in RCW 70.105D.020(7), at the

23  Marine Sediments Operable Unit.  BNSF lacks knowledge and information sufficient to form a

24  belief as to the truth of the remaining allegations of this paragraph.

25      4.6      BNSF admits that the term "remedial action" is defined in RCW

26  70.105D.020(21), but denies that the term "remedial action costs" is defined in RCW

ANSWER, AFFIRMATIVE DEFENSES, COUNTER-CLAIM, AND
CROSS-CLAIM
No.  C04-1654Z

Page 7

**Bullivant|Houser|Bailey PC**
1601 Fifth Avenue, Suite 2300
Seattle, WA  98101-1618
Telephone:    (206) 292-8930

1  70.105D.080.  BNSF lacks knowledge and information sufficient to form a belief as to the truth

2  of the remaining allegations of this paragraph.

3        4.7        BNSF admits that RCW 70.105D.080 limits any entitlement to

4  contribution to an equitable portion of those remedial action costs that, when evaluated as a

5  whole, are the substantial equivalent of a remedial action conducted or supervised by the

6  Washington Department of Ecology ("Ecology").  BNSF denies that Plaintiffs, or either of

7  them, have taken remedial actions at the Marine Sediments Operable Unit that, when

8  evaluated as a whole, are the substantial equivalent of a remedial action conducted or

9  supervised by Ecology.  BNSF lacks knowledge and information sufficient to form a belief as

10  to the truth of the remaining allegations of this paragraph.

11        4.8        BNSF denies the allegations of this paragraph.  BNSF further responds that

12  RCW 70.105D.080 establishes a private right of contribution and provides that any recovery

13  is to be based on such equitable factors as the Court determines are appropriate.

14        4.9        *Declaratory Relief.*  BNSF re-alleges and incorporates by this reference each

15  preceding paragraph as though fully set forth herein.

16        4.10        BNSF admits the allegations of this paragraph.

17        4.11        BNSF denies the allegations of this paragraph.

18        4.12        *Negligence.*  BNSF re-alleges and incorporates by this reference each

19  preceding paragraph as though fully set forth herein.

20        4.13        BNSF denies the allegations of this paragraph.

21        4.14        BNSF denies the allegations of this paragraph.

22        4.15        BNSF denies the allegations of this paragraph.

23        4.16        *Nuisance.*  BNSF re-alleges and incorporates by this reference each

24  preceding paragraph as though fully set forth herein.

25        4.17        BNSF denies the allegations of this paragraph.  BNSF further responds that

26  any nuisance was created and maintained by the acts and omissions of PSR, its predecessors,

ANSWER, AFFIRMATIVE DEFENSES, COUNTER-CLAIM, AND
CROSS-CLAIM
No.  C04-1654Z

Page 8

**Bullivant|Houser|Bailey PC**
1601 Fifth Avenue, Suite 2300
Seattle, WA  98101-1618
Telephone:     (206) 292-8930

1  and other companies or persons.

2       4.18       BNSF denies the allegations of this paragraph.

3       4.19       BNSF denies the allegations of this paragraph.

4       4.20       *Trespass.*  BNSF re-alleges and incorporates by this reference each preceding

5  paragraph as though fully set forth herein.

6       4.21       BNSF denies the allegations of this paragraph and specifically denies that

7  Plaintiffs, or either of them, own or possess any property in the Marine Sediments Operable

8  Unit.

9       4.22       BNSF denies the allegations of this paragraph and specifically denies that

10  Plaintiffs, or either of them, own or possess any property in the Marine Sediments Operable

11  Unit.

12       4.23       BNSF denies the allegations of this paragraph and specifically denies that

13  Plaintiffs, or either of them, own or possess any property in the Marine Sediments Operable

14  Unit.

15       BNSF denies each and every remaining allegation contained in the Complaint.

16  <u>**FOURTH DEFENSE**</u>

17       This action or one or more of Plaintiffs' claims are time-barred by the applicable

18  statutes of limitation.

19  <u>**FIFTH DEFENSE**</u>

20       This action or one or more of Plaintiffs' claims are time-barred by the equitable

21  doctrine of laches.

22  <u>**SIXTH DEFENSE**</u>

23       To the extent Plaintiffs have sustained damages at all, such damages were caused in

24  whole or in part by:  (1) the acts and omissions of PSR and its predecessors in (a) operating

25  the Treating Plant and (b) releasing hazardous substances from the Treating Plant in violation

26  of applicable environmental laws; and (2) the Port's failure to exercise due care in (a)

ANSWER, AFFIRMATIVE DEFENSES, COUNTER-CLAIM, AND
CROSS-CLAIM
No.  C04-1654Z                                     Page 9         **Bullivant|Houser|Bailey PC**
                                                                   1601 Fifth Avenue, Suite 2300
                                                                   Seattle, WA  98101-1618
                                                                   Telephone:   (206) 292-8930

1  managing the State-owned harbor area at the Treating Plant from 1913 to 1923 and (b)

2  providing recommendations to DNR regarding the character of improvements at or on the

3  State-owned harbor area at the Treating Plant and the terms or conditions of the leases of

4  such harbor area.  Any recovery by Plaintiffs in this action must be offset and reduced in

5  proportion to such negligent or other wrongful conduct.

**SEVENTH DEFENSE**

7       Plaintiffs' alleged right of recovery is barred by the equitable doctrine of unclean

8  hands.

**EIGHTH DEFENSE**

10      Plaintiffs are estopped from seeking recovery for environmental contamination from

11  others because one or both Plaintiffs profited from the very operations which Plaintiffs now

12  claim caused environmental contamination.

**NINTH DEFENSE**

14      BNSF denies liability to Plaintiffs and hereby alleges the fault of unknown persons or

15  entities who may have caused or contributed to Plaintiffs' alleged damages.

**TENTH DEFENSE**

17      Any damage sustained by Plaintiffs was caused in whole or in part by parties other

18  than BNSF.

**ELEVENTH DEFENSE**

20      Any damage sustained by Plaintiffs was caused in whole or in part by persons or

21  entities not presently parties to this action.

**TWELFTH DEFENSE**

23  Plaintiffs' claims against BNSF may be subject to arbitration.

**THIRTEENTH DEFENSE**

25      If BNSF is held responsible for any of the costs or damages alleged by Plaintiffs,

26  BNSF is entitled to a setoff equal to any amount received by or credited to Plaintiffs, or

ANSWER, AFFIRMATIVE DEFENSES, COUNTER-CLAIM, AND
CROSS-CLAIM
No.  C04-1654Z

Page 10

**Bullivant|Houser|Bailey PC**
1601 Fifth Avenue, Suite 2300
Seattle, WA  98101-1618
Telephone:    (206) 292-8930

1  either of them, for remediation of environmental contamination at the Marine Sediments

2  Operable Unit.

3  ## FOURTEENTH DEFENSE

4  Plaintiffs are limited to seeking equitable contribution under RCW 70.105D.80 and

5  may not seek to impose joint and several liability on BNSF.  The burden of proof is on

6  Plaintiffs to establish an equitable allocation of eligible remedial action costs among all

7  potentially liable persons, including but not limited to, PSR and its predecessors, the Port, the

8  other Defendants, and other persons not before the Court.  In the event BNSF is held

9  responsible for any remedial action costs alleged by Plaintiffs, BNSF's liability is limited and

10  proportionate to its respective equitable share of any such costs properly allocated to BNSF

11  pursuant to RCW 70.105D.080.

12  ## FIFTEENTH DEFENSE

13  Plaintiffs are not entitled to recover their reasonable attorneys' fees, costs, and

14  expenses pursuant to RCW 70.105D.080 under the circumstances of this case because the

15  environmental contamination was caused by the acts and omissions of PSR and its

16  predecessors, including their criminal conduct, and because the Port obtained a substantial

17  economic benefit by its acquisition of the property formerly owned by PSR at the Treating

18  Plant.  In the event that BNSF is held responsible for any reasonable attorneys' fees, costs,

19  and expenses incurred by Plaintiffs, BNSF's liability for such fees, costs, and expenses is

20  limited and proportionate to its respective equitable share of any remedial action costs

21  properly allocated to BNSF pursuant to RCW 70.105D.080.

22  ## SIXTEENTH DEFENSE

23  BNSF is not one of the persons liable for remedial action costs under RCW

24  70.105D.040(1) because BNSF did not own or operate any portion of the Treating Plant or

25  the Marine Sediments Operable Unit, nor did it arrange for the disposal or treatment of any

26  hazardous substances at the Treating Plant or the Marine Sediments Operable Unit.

ANSWER, AFFIRMATIVE DEFENSES, COUNTER-CLAIM, AND
CROSS-CLAIM
No.  C04-1654Z

Page 11

**Bullivant|Houser|Bailey PC**
1601 Fifth Avenue, Suite 2300
Seattle, WA  98101-1618
Telephone:     (206) 292-8930

1    Consequently, there has been no release of hazardous substances associated with BNSF.

2    **SEVENTEENTH DEFENSE**

3    Plaintiffs seek to recover costs or expenses that are not costs of "remedial action" as

4    that term is defined by RCW 70.105D.020(21).  Consequently, Plaintiffs' MTCA claim is

5    barred on the ground that such costs or expenses are not recoverable pursuant to RCW

6    70.105D.080.

7    **EIGHTEENTH DEFENSE**

8    Some or all of the costs or damages allegedly incurred by Plaintiffs were not for

9    remedial actions that, when evaluated as a whole, were the substantial equivalent of a

10   remedial action conducted or supervised by Ecology.  Consequently, Plaintiffs' MTCA claim

11   is barred on the ground that such costs or damages are not recoverable pursuant to

12   RCW 70.105D.080.

13   **NINETEENTH DEFENSE**

14   The releases of hazardous substances at the Marine Sediments Operable Unit have

15   resulted in a single environmental harm that is reasonably capable of apportionment among

16   the liable persons, including Plaintiffs.  Therefore, the environmental harm and associated

17   remedial action costs are divisible and, in the event BNSF is held responsible for any of the

18   costs alleged by Plaintiffs, BNSF's liability is limited to the divisible portion of costs

19   reasonably associated with any releases of hazardous substances attributable to BNSF.

20   **TWENTIETH DEFENSE**

21   Plaintiffs lack standing to pursue the claims alleged in their Complaint because

22   neither of them has incurred remedial action costs or damages at the Marine Sediments

23   Operable Unit.  Furthermore, Plaintiffs lack standing to recover any remedial action costs

24   allegedly incurred by EPA, Ecology, or any other entity or person in connection with any

25   releases of hazardous substances at the Marine Sediments Operable Unit.

26

ANSWER, AFFIRMATIVE DEFENSES, COUNTER-CLAIM, AND
CROSS-CLAIM
No.  C04-1654Z

Page 12

**TWENTY-FIRST DEFENSE**

If BNSF is held responsible for any of the costs or damages alleged by Plaintiffs, BNSF is entitled to an offset against such liability for:  (1) any amounts actually paid at any time to Plaintiffs, or either of them, by any person or entity not a party to this suit, including any insurer, for any of Plaintiffs' alleged costs or damages; and (2) an amount equal to the equitable share of total liability of any person or entity in any way released from liability to Plaintiffs, or either of them, with respect to any of Plaintiffs' alleged costs, damages, or claims.

**TWENTY-SECOND DEFENSE**

Provisions of MTCA which conflict with federal law, including CERCLA, are barred by the doctrine of preemption.

**TWENTY-THIRD DEFENSE**

The Complaint and each cause of action therein are barred by the doctrines of contributory negligence and/or comparative fault.

**TWENTY-FOURTH DEFENSE**

BNSF at all times relevant exercised due care and diligence with respect to the matters alleged in the Complaint.

**TWENTY-FIFTH DEFENSE**

To the extent the Complaint alleges liability associated with the Uplands Operable Unit at the Treating Plant, the Complaint is barred by the doctrines of claim preclusion and issue preclusion.

**TWENTY-SIXTH DEFENSE**

The Complaint is barred by the doctrine of estoppel.

**TWENTY-SEVENTH DEFENSE**

If plaintiffs suffered any damages whatsoever, which damages are denied by BNSF, any such damages are the result of the illegal acts, omissions, and conduct of plaintiff PSR

ANSWER, AFFIRMATIVE DEFENSES, COUNTER-CLAIM, AND CROSS-CLAIM
No.  C04-1654Z

Page 13

**Bullivant|Houser|Bailey PC**
1601 Fifth Avenue, Suite 2300
Seattle, WA  98101-1618
Telephone:    (206) 292-8930

and its predecessors.  As a result, the Complaint is barred by the doctrine of illegality.

## COUNTERCLAIM AND CROSS-CLAIMS

BNSF alleges the following counterclaims and cross-claims:

## I.  MTCA APPORTIONMENT AND EQUITABLE CONTRIBUTION
### (against PSR, the Port, and Baxter)

1.      BNSF re-alleges and incorporates by this reference each preceding paragraph as though fully set forth herein.

2.      BNSF is fully authorized to do business in the state of Washington and has otherwise complied with all requirements necessary to maintain these counterclaims and cross-claims.

3.      PSR, the Port, and J.H. Baxter & Co., a California limited partnership, J.H. Baxter & Co., a California corporation, and J.H. Baxter & Co., Inc., a California corporation (collectively "Baxter") are each a "person" within the meaning of RCW 70.105D.020(14).

4.      PSR, the Port, and Baxter are each a liable person under RCW 70.105D.040(1) in that each is either:  (1) the "owner or operator" of the Treating Plant and/or the Marine Sediments Operable Unit within the meaning of RCW 70.105D.020(12); (2) a person who owned or operated the Treating Plant and/or the Marine Sediments Operable Unit at the time of disposal or release of hazardous substances; and/or (3) a person who owned or possessed a hazardous substance and who by contract, agreement, or otherwise arranged for disposal or treatment of the hazardous substance at the Treating Plant and/or the Marine Sediments Operable Unit or otherwise generated hazardous wastes disposed of or treated at the Treating Plant and/or the Marine Sediments Operable Unit.

5.      The Marine Sediments Operable Unit is a "facility" within the meaning of RCW 70.105D.020(4).

6.      As a result of the acts and omissions of PSR, its predecessors, and other persons, including the criminal conduct of PSR and its predecessors, there was a "release," within the

ANSWER, AFFIRMATIVE DEFENSES, COUNTER-CLAIM, AND CROSS-CLAIM
No.  C04-1654Z

Page 14

**Bullivant|Houser|Bailey PC**
1601 Fifth Avenue, Suite 2300
Seattle, WA  98101-1618
Telephone:    (206) 292-8930

1    meaning of RCW 70.105D.020(20), of a "hazardous substance," within the meaning of RCW

2    70.105D.020(7), at the Marine Sediments Operable Unit.

3          7.     In their Complaint, Plaintiffs allege that each of them has incurred remedial

4    action costs in connection with environmental contamination at the Marine Sediments Operable

5    Unit.  Plaintiffs further allege that BNSF is a liable person under RCW 70.105D.40(1) for

6    remedial action costs incurred or to be incurred by Plaintiffs in connection with the Marine

7    Sediments Operable Unit.  BNSF denies that it is liable, in whole or in part, for any such

8    remedial action costs and alleges that PSR, the Port, and other persons are liable for such costs.

9          8.     If BNSF is held liable for any remedial action costs alleged by Plaintiffs, BNSF

10    is entitled, pursuant to RCW 70.105D.080, to equitable contribution from "any other person

11    liable under RCW 70.105D.040" for any remedial action costs that BNSF is required to incur in

12    connection with the presence or release of hazardous substances at the Marine Sediments

13    Operable Unit.

14          9.     If BNSF is held liable for any remedial action costs alleged by Plaintiffs, PSR,

15    the Port, and Baxter are liable to BNSF for contribution under RCW 70.105D.080 for all

16    remedial action costs incurred by BNSF in excess of the respective equitable share of any such

17    costs properly allocated to BNSF.  BNSF requests that the Court apportion the total liability

18    among all liable persons who contributed to the environmental contamination at the Marine

19    Sediments Operable Unit based upon such equitable factors as the Court deems are appropriate.

20    **V. CERCLA CONTRIBUTION AND DECLARATORY
       JUDGMENT**

21    **(AGAINST PSR, THE PORT, AND BAXTER)**

22          10.    BNSF re-alleges and incorporates by this reference each preceding paragraph

23    as though fully set forth herein.

24          11.    This Court has jurisdiction over the subject matter of this counterclaim and cross-

25    claim pursuant to 28 U.S.C. §§ 1332 and 1367 and 42 U.S.C. §§ 9607(a) and 9613(b).  Venue is

26    proper in this district pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 9613(b).

ANSWER, AFFIRMATIVE DEFENSES, COUNTER-CLAIM, AND
CROSS-CLAIM
No. C04-1654Z

Page 15

**Bullivant|Houser|Bailey PC**
1601 Fifth Avenue, Suite 2300
Seattle, WA  98101-1618
Telephone:    (206) 292-8930

12.     PSR, the Port, and Baxter are each a "person" within the meaning of 42 U.S.C. § 9601(21).

13.     PSR, the Port, and Baxter are each a liable person under 42 U.S.C. § 9607(a) in that each is either:  (1) the "owner or operator" of the Treating Plant and/or the Marine Sediments Operable Unit within the meaning of 42 U.S.C. § 9601(20)(A); (2) a person who owned or operated the Treating Plant and/or the Marine Sediments Operable Unit at the time of disposal or release of hazardous substances; and/or (3) a person who owned or possessed a hazardous substance and who by contract, agreement, or otherwise arranged for disposal or treatment of the hazardous substance at the Treating Plant and/or the Marine Sediments Operable Unit or otherwise generated hazardous wastes disposed of or treated at the Treating Plant and/or the Marine Sediments Operable Unit.

14.     The Marine Sediments Operable Unit is a "facility" within the meaning of 42 U.S.C. § 9601(9).

15.     As a result of the acts and omissions of PSR, its predecessors, and other persons, including the criminal conduct of PSR and its predecessors, there was a "release," within the meaning of 42 U.S.C. § 9601(22), of a "hazardous substance," within the meaning of 42 U.S.C. § 9601(14), at the Marine Sediments Operable Unit.

16.     In their Complaint, Plaintiffs allege that each of them has incurred remedial action costs in connection with environmental contamination at the Marine Sediments Operable Unit.  Plaintiffs further allege that BNSF is a liable person under RCW 70.105D.40(1) for remedial action costs incurred or to be incurred by Plaintiffs in connection with the Marine Sediments Operable Unit.  BNSF denies that it is liable, in whole or in part, for any such remedial action costs and alleges that PSR, the Port, and other persons are liable for such costs.

17.     If BNSF is held liable for any remedial action costs alleged by Plaintiffs, BNSF is entitled, pursuant to 42 U.S.C. § 9613(f)(1), to equitable contribution from any other person who is liable or potentially liable under 42 U.S.C. § 9607(a) for any remedial action costs that

ANSWER, AFFIRMATIVE DEFENSES, COUNTER-CLAIM, AND CROSS-CLAIM
No.  C04-1654Z

Page 16

**Bullivant|Houser|Bailey PC**
1601 Fifth Avenue, Suite 2300
Seattle, WA  98101-1618
Telephone:    (206) 292-8930

BNSF is required to incur in connection with the presence or release of hazardous substances at the Marine Sediments Operable Unit.  BNSF is also entitled to a declaratory judgment apportioning the total liability among all liable persons for any remedial action costs that may be incurred in the future at the Marine Sediments Operable Unit.

18.     If BNSF is held liable for any remedial action costs alleged by Plaintiffs, PSR, the Port, and Baxter are liable to BNSF for contribution under 42 U.S.C. § 9613(f)(1) for all remedial action costs incurred by BNSF in excess of the respective equitable share of any such costs properly allocated to BNSF.  BNSF requests that the Court apportion the total liability for the remedial action costs alleged by Plaintiffs, and issue a declaratory judgment apportioning the total liability for any remedial action costs that may be incurred at the Marine Sediments Operable Unit in the future, among all liable persons who contributed to the environmental contamination based upon such equitable factors as the Court deems are appropriate.

## VI. <u>CONTRACTUAL INDEMNITY</u><br><u>(AGAINST PSR)</u>

19.     BNSF re-alleges and incorporates by this reference each preceding paragraph as though fully set forth herein.

20.     BNSF is the successor to Northern Pacific Railway Company ("Northern Pacific").

21.     On June 10, 1911, the J.M. Colman Company ("Colman") entered into an Agreement with Northern Pacific for the construction and maintenance of a spur track, leading off of Northern Pacific's West Seattle main line, for the purpose of serving the Treating Plant ("1911 Agreement").  The spur track was constructed in accordance with the 1911 Agreement and generally ran in a north-south direction on the western portion of the Treating Plant.

22.     On February 25, 1926, Colman entered into an Industrial Track Agreement with Northern Pacific for the construction and maintenance of two additional spur tracks,

ANSWER, AFFIRMATIVE DEFENSES, COUNTER-CLAIM, AND CROSS-CLAIM
No. C04-1654Z

Page 17

**Bullivant|Houser|Bailey PC**
1601 Fifth Avenue, Suite 2300
Seattle, WA  98101-1618
Telephone:    (206) 292-8930

1   leading off of Northern Pacific's West Seattle main line, for the purpose of serving the

2   Treating Plant ("1926 Agreement").  The two spur tracks were constructed in accordance

3   with the 1926 Agreement and generally ran in a north-south direction on the eastern portion

4   of the Treating Plant.

5         23.    On August 4, 1947, West Coast Wood Preserving Company ("West Coast

6   Wood Preserving"), Colman, and Northern Pacific entered into an Agreement for the

7   continued maintenance and operation of the three spur tracks serving the Treating Plant

8   ("1947 Agreement").  A true and correct copy of the 1947 Agreement is attached as Exhibit

9   A to the *Notice Regarding the Filing of Exhibits in Paper Form* on file with the Court Clerk.

10        24.    The 1947 Agreement's caption indicates that "Railroad" refers to Northern

11  Pacific, "Industry" refers to West Coast Wood Preserving, and "Colman Company" refers to

12  Colman.  Among other provisions, the 1947 Agreement provides as follows:

13              The Industry and Colman Company also each for itself
            agrees to indemnify and hold harmless the Railroad for loss,
14          damage, or injury from their respective acts or omissions, or the
            acts or omissions of their respective employes or agents, done to
15          the person or property of the parties hereto and their employes,
            and to the person or property of any other person or corporation,
16          while on or about said track ....

17  The 1947 Agreement further provides that it cancels and supersedes the 1911

18  Agreement and the 1926 Agreement.

19        25.    On January 30, 1951, West Coast Wood Preserving, Walter L. Wyckoff, as

20  Trustee in Voluntary Dissolution Out of Court of Colman, Walter L. Wyckoff, an individual,

21  and Northern Pacific entered into an Agreement to transfer and assign certain rights and

22  obligations under the 1947 Agreement ("1951 Assignment Agreement").  A true and correct

23  copy of the 1951 Assignment Agreement is attached as Exhibit B to the *Notice Regarding*

24  *the Filing of Exhibits in Paper Form* on file with the Court Clerk.

25        26.    The 1951 Assignment Agreement's caption indicates that "Railroad" refers to

26  Northern Pacific, "Industry" refers to West Coast Wood Preserving, "Assignor" refers to

ANSWER, AFFIRMATIVE DEFENSES, COUNTER-CLAIM, AND
CROSS-CLAIM
No.  C04-1654Z

Page 18

**Bullivant|Houser|Bailey PC**
1601 Fifth Avenue, Suite 2300
Seattle, WA  98101-1618
Telephone:    (206) 292-8930

Walter L. Wyckoff, as Trustee in Voluntary Dissolution Out of Court of Colman, and "Assignee" refers to Walter L. Wyckoff, an individual. Among other provisions, the 1951 Assignment Agreement provides that: (1) Assignor assigns and transfers to Assignee all of Assignor's right, title and interest in and to the spur tracks serving the Treating Plant and in and to the 1947 Agreement, and (2) Assignee assumes and agrees to perform and be bound by all obligations imposed upon Assignor by the 1947 Agreement. The 1951 Assignment Agreement further provides that the 1947 Agreement "shall remain in full force and effect in accordance with its terms between the Railroad, the Industry and the Assignee."

27. On March 19, 1951, Walter L. Wyckoff, West Coast Wood Preserving, and Northern Pacific entered into an Industrial Track Agreement for the construction, maintenance, and operation of an additional spur track at the Treating Plant ("1951 Track Agreement"). A true and correct copy of the 1951 Track Agreement is attached as Exhibit C to the *Notice Regarding the Filing of Exhibits in Paper Form* on file with the Court Clerk. The additional spur track was constructed in accordance with the 1951 Track Agreement and generally ran in a north-south direction, beginning at a point along the first spur track constructed pursuant to the 1911 Agreement, on the western portion of the Treating Plant.

28. The 1951 Track Agreement's caption indicates that "Railroad' refers to Northern Pacific and "Industry" refers to Walter L. Wyckoff and West Coast Wood Preserving. Among other provisions, the 1951 Track Agreement provides as follows:

> The Industry also agrees to indemnify and hold harmless the Railroad for loss, damage, or injury for any act or omission of the Industry, its employes, or agents, to the person or property of the parties hereto and their employes, and to the person or property of any other person or corporation while on or near said track ....

29. The 1947 Agreement, 1951 Assignment Agreement, and 1951 Track Agreement each remained in full force and effect throughout the entire time PSR and its predecessors operated the wood treating facility at the Treating Plant.

30. BNSF and its predecessors have performed or have been excused from

ANSWER, AFFIRMATIVE DEFENSES, COUNTER-CLAIM, AND CROSS-CLAIM
No.  C04-1654Z

Page 19

**Bullivant|Houser|Bailey PC**
1601 Fifth Avenue, Suite 2300
Seattle, WA  98101-1618
Telephone:    (206) 292-8930

1  performing all of their obligations under the 1911 Agreement, the 1926 Agreement, the 1947

2  Agreement, the 1951 Assignment Agreement, and the 1951 Track Agreement.

3      31.    On information and belief, to the extent that any hazardous substances were

4  released in relation to the construction, maintenance, or operation of any of the four spur

5  tracks formerly located at the Treating Plant, such releases were caused solely by the acts and

6  omissions of Colman, PSR, and/or PSR's predecessors, or their employees or agents, while

7  on, about, or near said tracks.

8      32.    By the terms of the 1947 Agreement, the 1951 Assignment Agreement, and

9  the 1951 Track Agreement, PSR is obligated to indemnify and hold harmless BNSF from

10  any loss, damage, or injury, including any remedial action costs incurred as a result of

11  releases of hazardous substances, arising from the acts or omissions of PSR or its

12  predecessors, or their employees or agents, while on, about, or near the spur tracks formerly

13  located at the Treating Plant.

14     33.    BNSF is the successor to Burlington Northern, Inc. ("BN").

15     34.    On December 11, 1979, BN submitted a purchase order to Wyckoff Company,

16  a predecessor of PSR, for the purchase of certain wood products treated at and shipped from

17  the Treating Plant.  A true and correct copy of the December 11, 1979 purchase order is

18  attached as Exhibit D to the *Notice Regarding the Filing of Exhibits in Paper Form* on file

19  with the Court Clerk.

20     35.    The December 11, 1979 purchase order identifies BN as "BUYER" and refers

21  to the Wyckoff Company as "SELLER."  Among other provisions, the December 11, 1979

22  purchase order provides that "SELLER agrees to the terms, conditions and special

23  instructions contained on both sides of this order, which are hereby made a part hereof ...."

24  The December 11, 1979 purchase order further provides as follows:

25          LIABILITY:  SELLER agrees to assume all liability for and
           indemnify and save BUYER harmless from any and all claims,
26          suits, losses, damages, or expenses, on account of injuries to or
           death of any and all persons whomsoever and any and all loss or

ANSWER, AFFIRMATIVE DEFENSES, COUNTER-CLAIM, AND
CROSS-CLAIM
No.  C04-1654Z

Page 20

**Bullivant|Houser|Bailey PC**
1601 Fifth Avenue, Suite 2300
Seattle, WA  98101-1618
Telephone:   (206) 292-8930

> destruction of or damage to property whatsoever, to whomsoever belonging, including property owned by, leased or rented to, or in the care, custody, or control of SELLER or BUYER arising or growing out of, or in any manner caused by, connected with, or resulting in whole or in part from the furnishing of any articles, goods, or materials under this order, or performing or failing to perform any of the SELLER's services or labor under this order, or caused or occasioned, in whole or in part, by reason of the presence of the person or property of SELLER, its employees, inspectors, drivers, agents, servants, salesman, representatives, contractors, sub-contractors, suppliers, material men, and their employees, upon the property of BUYER.

36.     On information and belief, the terms and conditions of the December 11, 1979 purchase order are identical or substantially similar to other purchase orders by which BNSF or its predecessors purchased from PSR or its predecessors, at various times, wood products treated at and shipped from the Treating Plant.

37.     BNSF and its predecessors have performed or have been excused from performing all of their obligations under the December 11, 1979 purchase order and other similar purchase orders by which BNSF or its predecessors purchased wood products treated at and shipped from the Treating Plant.

38.     By the terms of the December 11, 1979 purchase order, and other purchase orders with identical or substantially similar terms and conditions, PSR is obligated to indemnify and hold harmless BNSF from any claim, loss, damage, or injury, including any remedial action costs incurred as a result of releases of hazardous substances, arising from or in any manner connected with the operations of PSR or its predecessors at the Treating Plant, including releases from the Treating Plant to the Marine Sediments Operable Unit.

39.     PSR has failed or refused to indemnify BNSF under the 1947 Agreement, the 1951 Assignment Agreement, the 1951 Track Agreement, the December 11, 1979 purchase order, and other purchase orders with identical or substantially similar terms and conditions, despite its legal obligation to do so.

40.     As a result of the failure or refusal of PSR to fulfill its indemnity obligations,

ANSWER, AFFIRMATIVE DEFENSES, COUNTER-CLAIM, AND CROSS-CLAIM
No. C04-1654Z

Page 21

**Bullivant|Houser|Bailey PC**
1601 Fifth Avenue, Suite 2300
Seattle, WA  98101-1618
Telephone:     (206) 292-8930

1   BNSF has incurred, and will incur, costs of defense, including attorneys' fees, consultant

2   fees, and expert fees and other expenses.  In addition, plaintiffs are seeking to impose on

3   BNSF liability for a portion of the remedial action costs incurred and to be incurred as a

4   result of releases of hazardous substances at the Treating Plant, including releases from the

5   Treating Plant to the Marine Sediments Operable Unit.

6        41.     The releases of hazardous substances at the Treating Plant, including releases

7   from the Treating Plant to the Marine Sediments Operable Unit, were caused solely by the

8   acts and omissions of Colman, PSR, and/or PSR's predecessors, and by their respective

9   failures to exercise due care in the disposal, treatment, storage, or handling of hazardous

10  wastes they generated at the Treating Plant.  Accordingly, if BNSF is held liable for any

11  remedial action costs or other damages alleged by Plaintiffs, BNSF is entitled to contractual

12  indemnification from PSR for all such liability, and for its attorneys', consultants', and

13  experts' fees and other costs of litigation.

14

15                    **VII. DECLARATORY RELIEF**
                      **(AGAINST PSR, THE PORT, AND BAXTER)**

16       42.     BNSF re-alleges and incorporates by this reference each preceding paragraph as

17  though fully set forth herein.

18       43.     An actual controversy exists among the parties as to each party's respective

19  liability for remedial action costs and other damages allegedly incurred or to be incurred by

20  Plaintiffs in connection with the presence or release of hazardous substances at the Marine

21  Sediments Operable Unit.

22       44.     Pursuant to RCW 7.24.010 and 28 U.S.C. § 2201, BNSF is entitled to a

23  declaratory judgment that it is not liable for any remedial action costs or other damages incurred

24  or to be incurred by Plaintiffs in connection with the presence or release of hazardous

25  substances at the Marine Sediments Operable Unit.

26       45.     If BNSF is held liable for any remedial action costs alleged by Plaintiffs, BNSF

**Bullivant|Houser|Bailey PC**
1601 Fifth Avenue, Suite 2300
Seattle, WA  98101-1618
Telephone:    (206) 292-8930

is entitled, pursuant to RCW 70.105D.080 and 28 U.S.C. § 2201, to a declaratory judgment apportioning the total liability for remedial action costs incurred or to be incurred at the Marine Sediments Operable Unit among all liable persons and declaring that BNSF's liability is limited and proportionate to its respective equitable share of such costs properly allocated to BNSF.

46.    If BNSF is held liable for any remedial action costs or other damages alleged by Plaintiffs, BNSF is entitled to a declaratory judgment that PSR is contractually obligated to indemnify BNSF for all such costs or damages.

### PRAYER FOR RELIEF

*Wherefore,* BNSF prays that:

1.    Plaintiffs' claims against it are dismissed with prejudice and that judgment is entered in BNSF's favor;

2.    For a declaratory judgment that BNSF is not liable for any part of the remedial action costs or other damages allegedly incurred or to be incurred by Plaintiffs;

3.    For a declaratory judgment that BNSF is entitled to contractual indemnification from PSR for all costs of defense incurred by BNSF, including attorneys' and experts' fees and other litigation expenses;

4.    If BNSF is held liable for any remedial action costs allegedly incurred by Plaintiffs, for a declaratory judgment apportioning the total liability for such costs, and for any remedial action costs to be incurred in the future, among all liable persons and declaring that BNSF's liability is limited and proportionate to its respective equitable share of such costs;

5.    If BNSF is held liable for any remedial action costs allegedly incurred or to be incurred by Plaintiffs, for a declaratory judgment that BNSF is entitled to contractual indemnification from PSR for all such costs;

6.    BNSF recover all costs of suit, attorneys' fees, and litigation expenses as may be allowed by law;

ANSWER, AFFIRMATIVE DEFENSES, COUNTER-CLAIM, AND CROSS-CLAIM
No.  C04-1654Z

Page 23

**Bullivant|Houser|Bailey PC**

1601 Fifth Avenue, Suite 2300
Seattle, WA  98101-1618
Telephone:    (206) 292-8930

1       7.      BNSF be awarded such other and further relief as this Court deems just and

2 equitable.

3 **JURY TRIAL DEMANDED**

4       BNSF hereby demands a trial by jury on all issues or claims in this action triable by a

5 jury.

6       DATED this 30th day of July, 2004.

7

8                 /s/ Thomas D. Adams

9                 Thomas D. Adams, WSBA #18470
                E-Mail:  tom.adams@bullivant.com

10                 Attorneys for Defendant The Burlington Northern and
                Santa Fe Railway Company

11                 Bullivant Houser Bailey PC
                1601 Fifth Avenue, Suite 2300

12                 Seattle, WA  98101-1618
                Telephone: (206) 292-8930

13                 Facsimile:  (206) 386-5130

14

15                 /s/ John F. Barg

16                 John F. Barg, *Pro Hac Vice Pending*
                E-Mail:  jfb@bcltlaw.com

17                 Attorneys for Defendants The Burlington Northern and
                Santa Fe Railway Company

18                 Barg Coffin Lewis & Trapp, LLP
                One Market Steuart Tower, Ste 2700

19                 San Francisco, CA  94105-1475
                Telephone: (415) 228-5400

20                 Facsimile:  (415) 228-5450

21

22

23

24

25

26

ANSWER, AFFIRMATIVE DEFENSES, COUNTER-CLAIM, AND
CROSS-CLAIM
No.  C04-1654Z

Page 24

**Bullivant|Houser|Bailey PC**
1601 Fifth Avenue, Suite 2300
Seattle, WA  98101-1618
Telephone:    (206) 292-8930

1

**CERTIFICATE OF SERVICE**

2        I hereby certify that on July 30, 2004, I electronically filed the foregoing with the Clerk of the Court using

3    the CM/ECF system which will send notification of such filing to the persons listed below:

4    Rodney L. Brown Jr.                      James C. Hanken
     Gillis E. Reavis                         3210 Wells Fargo Center
5    David D. Dicks                           999 Third Ave.
     Brown, Reavis & Manning                  Seattle, WA  98104
6    1201 Third Ave., Ste. 320                Phone:  (206) 235-7679
     Seattle, WA  98101                       Fax:  (206) 689-7999
7    Phone:  (206) 292-6300                   *Counsel for Defendant JH Baxter & Co., and JH*
     Fax:  (206) 292-6301                     *Baxter & Co., Inc.*
8    *Counsel for Plaintiff Pacific Sound/Port of Seattle*

9                                    BULLIVANT HOUSER BAILEY PC

10

11                       By:/s/Elen A. Sale_____
                            Elen A. Sale
12                          ele.sale@bullivant.com

13   3407762.1

14

15

16

17

18

19

20

21

22

23

24

25

26