THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PACIFIC SOUND RESOURCES, a Washington non-profit corporation; and THE PORT OF SEATTLE, a Washington municipal corporation;<br><br>Plaintiffs,<br><br>v.<br><br>THE BURLINGTON NORTHERN AND SANTA FE RAILWAY COMPANY, a Delaware corporation; J.H. BAXTER & CO., a California limited partnership; J.H. BAXTER & CO., a California corporation; and J.H. BAXTER & CO., INC., a California corporation.<br><br>Defendants. | No. C04-1654Z<br><br>**ANSWER OF PACIFIC SOUND RESOURCES AND THE PORT OF SEATTLE TO COUNTERCLAIM OF THE BURLINGTON NORTHERN AND SANTA FE RAILWAY COMPANY** |

Plaintiffs, Pacific Sound Resources ("PSR") and the Port of Seattle ("Port") answer the counterclaim filed against them by defendant The Burlington Northern and Santa Fe Railway Company ("BNSF").

### I. MTCA APPORTIONMENT AND EQUITABLE CONTRIBUTION (AGAINST PSR, THE PORT, AND BAXTER)

1.  The preceding allegations incorporated by BNSF require no answer by plaintiffs and therefore plaintiffs do not admit or deny them. To the extent any response is required, plaintiffs deny the incorporated allegations.

ANSWER OF PACIFIC SOUND RESOURCES AND THE PORT OF SEATTLE TO COUNTERCLAIM OF THE BURLINGTON NORTHERN AND SANTA FE RAILWAY COMPANY
C04-1654Z - PAGE 1

BROWN REAVIS & MANNING PLLC
1201 THIRD AVENUE, SUITE 320
SEATTLE, WASHINGTON 98101
(206) 292-6300

1   2.   Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 and therefore deny them.

3.   Plaintiffs admit the allegations in paragraph 3.

4.   With regard to the allegations in paragraph 4, the Port admits that it currently owns the property upon which the Treating Plant was located.  PSR admits that it owned or operated the Treating Plant at the time of disposal or release of hazardous substances there and that it arranged for disposal or otherwise generated hazardous substances at the Treating Plant.  Plaintiffs deny all remaining allegations in paragraph 4.  The Port specifically denies that it is a liable person with regard to contribution claims.

5.   With regard to the allegations in paragraph 5, plaintiffs admit that the Marine Sediments Unit is part of a facility that also includes the Treatment Plant and the Upland Operable Unit.  Plaintiffs deny all remaining allegations in paragraph 5.

6.   With regard to the allegations in paragraph 6, plaintiffs admit that there were releases at the Treating Plant that resulted in contamination of the Marine Sediments Unit and that some of those releases were due to acts or omissions of PSR or previous operators.  Plaintiffs deny all remaining allegations in paragraph 6.

7.   Plaintiffs admit the allegations in the first two sentences of paragraph 7 but deny the allegations in the third sentence of paragraph 7.

8.   With regard to the allegations in paragraph 8, plaintiffs admit that if BNSF is held liable for remedial action costs it is entitled to an allocation of liability based on such factors as the Court determines are appropriate.  Plaintiffs deny all remaining allegations in paragraph 8.

9.   To the extent that the allegations in the first sentence of paragraph 9 relate to plaintiffs, plaintiffs deny them.  The second sentence of paragraph 9 is a statement of BNSF's request for an equitable allocation, which requires no response.  Plaintiffs deny all remaining allegations in paragraph 9.

ANSWER OF PACIFIC SOUND RESOURCES AND THE PORT OF SEATTLE
TO COUNTERCLAIM OF THE BURLINGTON NORTHERN AND
SANTA FE RAILWAY COMPANY
C04-1654Z - PAGE 2

BROWN REAVIS & MANNING PLLC
1201 THIRD AVENUE, SUITE 320
SEATTLE, WASHINGTON 98101
(206) 292-6300

**V. CERCLA CONTRIBUTION AND DECLARATORY JUDGMENT**
**(AGAINST PSR, THE PORT, AND BAXTER)**

10.     Plaintiffs incorporate by reference all their responses to BNSF's previous allegations incorporated by reference.

11.     Plaintiffs admit that jurisdiction and venue of this case are proper.

12.     Plaintiffs admit the allegations in paragraph 12.

13.     With regard to the allegations in paragraph 13, the Port admits that it currently owns the property upon which the Treating Plant was located.  PSR admits that it owned or operated the Treating Plant at the time of disposal or release of hazardous substances there and that it arranged for disposal or otherwise generated hazardous substances at the Treating Plant.  Plaintiffs deny all remaining allegations in paragraph 13.  The Port specifically denies that it is a liable person with regard to contribution claims.

14.     With regard to the allegations in paragraph 14, plaintiffs admit that the Marine Sediments Unit is part of a facility that also includes the Treatment Plant and the Upland Operable Unit.  Plaintiffs deny all remaining allegations in paragraph 14.

15.     With regard to the allegations in paragraph 15, plaintiffs admit that there were releases at the Treating Plant that resulted in contamination of the Marine Sediments Unit and that some of those releases were due to acts or omissions of PSR or previous operators. Plaintiffs deny all remaining allegations in paragraph 15.

16.     Plaintiffs admit the allegations in the first two sentences of paragraph 16 but deny the allegations in the third sentence of paragraph 16.

17.     With regard to the allegations in paragraph 17, plaintiffs admit that if BNSF is held liable for remedial action costs it is entitled to an allocation of liability based on such factors as the Court determines are appropriate.  Plaintiffs deny all remaining allegations in paragraph 17.

ANSWER OF PACIFIC SOUND RESOURCES AND THE PORT OF SEATTLE
TO COUNTERCLAIM OF THE BURLINGTON NORTHERN AND
SANTA FE RAILWAY COMPANY
C04-1654Z - PAGE 3

BROWN REAVIS & MANNING PLLC
1201 THIRD AVENUE, SUITE 320
SEATTLE, WASHINGTON 98101
(206) 292-6300

1   18.    To the extent that the allegations in the first sentence of paragraph 18 are directed to plaintiffs, plaintiffs deny them. Plaintiffs admit that BNSF requests the relief described in the second sentence but deny that BNSF is entitled to such relief.

## VI. CONTRACTUAL INDEMNITY
### (AGAINST PSR)

19.    Plaintiffs incorporate by reference all their responses to BNSF's previous allegations incorporated by reference.

20.    Plaintiffs admit the allegations in paragraph 20.

21.    Plaintiffs admit that an agreement was entered into on or about June 30, 1911, between Colman and Northern Pacific but state that the agreement speaks for itself. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 21 and therefore deny them.

22.    Plaintiffs admit that an agreement was entered into on or about February 25, 1926, between Colman and Northern Pacific but state that the agreement speaks for itself. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 22 and therefore deny them.

23.    Plaintiffs admit that an agreement was entered into on or about August 4, 1947, as described in paragraph 23, but state that the agreement speaks for itself. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 23 and therefore deny them.

24.    Plaintiffs admit the allegations in paragraph 24.

25.    Plaintiffs admit the allegations in the first sentence of paragraph 25. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 25 and therefore deny them.

ANSWER OF PACIFIC SOUND RESOURCES AND THE PORT OF SEATTLE
TO COUNTERCLAIM OF THE BURLINGTON NORTHERN AND
SANTA FE RAILWAY COMPANY
C04-1654Z - PAGE 4

BROWN REAVIS & MANNING PLLC
1201 THIRD AVENUE, SUITE 320
SEATTLE, WASHINGTON 98101
(206) 292-6300

1   26.   Plaintiffs admit the allegations in the first sentence of paragraph 26 but state that the agreement speaks for itself.  Plaintiffs therefore deny all remaining allegations in paragraph 26.

4   27.   Plaintiffs admit that an agreement was entered into on or about March 19, 1951, as described in paragraph 27, but state that the agreement speaks for itself.  Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 27 and therefore deny them.

8   28.   Plaintiffs admit the allegations in paragraph 28.

9   29.   Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 and therefore deny them.

11  30.   Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 and therefore deny them.

13  31.   Plaintiffs deny the allegations in paragraph 31.

14  32.   Plaintiffs deny the allegations in paragraph 32.

15  33.   Plaintiffs admit the allegations in paragraph 33.

16  34.   With regard to the allegations in paragraph 34, plaintiffs admit that BNSF submitted a purchase order to Wyckoff Company but plaintiffs are without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 34 and therefore deny them.

20  35.   Plaintiffs admit the allegations in the first sentence of paragraph 35 and that the quote from the purchase order is correct.  The purchase order speaks for itself, however, and therefore plaintiffs deny all remaining allegations in paragraph 35.

23  36.   Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 and therefore deny them.

25  37.   Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 and therefore deny them.

ANSWER OF PACIFIC SOUND RESOURCES AND THE PORT OF SEATTLE
TO COUNTERCLAIM OF THE BURLINGTON NORTHERN AND
SANTA FE RAILWAY COMPANY
C04-1654Z - PAGE 5

BROWN REAVIS & MANNING PLLC
1201 THIRD AVENUE, SUITE 320
SEATTLE, WASHINGTON 98101
(206) 292-6300

38. Plaintiffs deny the allegations in paragraph 38.

39. Plaintiffs admit that PSR has not agreed to indemnify BNSF under any of the agreements reference in paragraph 39.  Plaintiffs deny all remaining allegations in paragraph 39.

40. Plaintiffs deny the allegations in the first sentence of paragraph 40 but admit the allegations in the second sentence.

41. Plaintiffs deny the allegations in paragraph 41.

## VII. DECLARATORY RELIEF
### (AGAINST PSR, THE PORT, AND BAXTER)

42. Plaintiffs incorporate by reference all their responses to BNSF's previous allegations incorporated by reference.

43. Plaintiffs admit the allegations in paragraph 43.

44. Plaintiffs admit the allegations in paragraph 44.

45. Plaintiffs admit that if BNSF is held liable for any remedial action costs it is entitled to a declaratory judgment apportioning the liability for remedial action costs among all liable parties.  Plaintiffs deny that BNSF's liability is limited and proportionate to its respective equitable share of costs.  Plaintiffs deny all remaining allegations in paragraph 45.

46. Plaintiffs deny the allegations in paragraph 46.

Plaintiffs deny each allegation in BNSF's counterclaim other than those specifically admitted above.

Wherefore, plaintiffs request that BNSF's counterclaims be dismissed with prejudice and that judgment be entered in plaintiffs' favor as requested in plaintiffs' complaint.

ANSWER OF PACIFIC SOUND RESOURCES AND THE PORT OF SEATTLE
TO COUNTERCLAIM OF THE BURLINGTON NORTHERN AND
SANTA FE RAILWAY COMPANY
C04-1654Z - PAGE 6

BROWN REAVIS & MANNING PLLC
1201 THIRD AVENUE, SUITE 320
SEATTLE, WASHINGTON 98101
(206) 292-6300

1  Dated this 19th day of August, 2004.

2
              s/ Gillis E. Reavis
3             WSBA No. 21451
              Rodney L. Brown, Jr., WSBA No. 13089
4             David D. Dicks, WSBA No. 29422
              BROWN REAVIS & MANNING PLLC
5             1201 Third Avenue, Suite 320
              Seattle, WA  98101
6             Telephone:  (206) 292-6300
              Fax:  (206) 292-6301
7             E-mail:   greavis@brmlaw.com
                        rbrown@brmlaw.com
8                       ddicks@brmlaw.com

9             Attorneys for Plaintiffs

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27  ANSWER OF PACIFIC SOUND RESOURCES AND THE PORT OF SEATTLE        BROWN REAVIS & MANNING PLLC
    TO COUNTERCLAIM OF THE BURLINGTON NORTHERN AND                   1201 THIRD AVENUE, SUITE 320
28  SANTA FE RAILWAY COMPANY                                         SEATTLE, WASHINGTON 98101
    C04-1654Z - PAGE 7                                                     (206) 292-6300

**CERTIFICATE OF SERVICE**

I hereby certify that on August 19, 2004, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Thomas D. Adams<br>BULLIVANT HOUSER BAILEY PC<br>1601 Fifth Avenue, Suite 2400<br>Seattle, WA 98101-1618<br>Email: tom.adams@bullivant.com<br>**Attorneys for Defendant The Burlington Northern and Santa Fe Railway Company** | John F. Barg<br>BARG COFFIN LEWIS & TRAPP, LLP<br>One Market Steuart Tower, Suite 2700<br>San Francisco, CA 94105-1475<br>Email: jfb@bcltlaw.com<br>**Attorneys for Defendant The Burlington Northern and Santa Fe Railway Company** |
| James C. Hanken<br>LAW OFFICES OF JAMES C. HANKEN<br>999 Third Avenue, Suite 3210<br>Seattle, WA 98104<br>Email: jhanken@hankenlaw.biz<br>**Attorneys for Defendants Baxter Entities** | Marc A. Zeppetello<br>BARG COFFIN LEWIS & TRAPP, LLP<br>One Market Steuart Tower, Suite 2700<br>San Francisco, CA 94105-1475<br>Email: maz@bcltlaw.com<br>**Attorneys for Defendant The Burlington Northern and Santa Fe Railway Company** |

s/ Mary V. Liton
BROWN REAVIS & MANNING PLLC
1201 Third Avenue, Suite 320
Seattle, Washington 98101
Telephone: (206) 292-6300
Fax: (206) 292-6301
E-mail: mliton@brmlaw.com

ANSWER OF PACIFIC SOUND RESOURCES AND THE PORT OF SEATTLE TO COUNTERCLAIM OF THE BURLINGTON NORTHERN AND SANTA FE RAILWAY COMPANY
C04-1654Z - PAGE 8

BROWN REAVIS & MANNING PLLC
1201 THIRD AVENUE, SUITE 320
SEATTLE, WASHINGTON 98101
(206) 292-6300