**ORIGINAL**

THE HONORABLE THOMAS S. ZILLY

CC TO JUDGE____DJ

04-CV-01654-ANS

_____ FILED

_____ LODGED

DJ

BY _____ WESTERN DISTRICT OF WASHINGTON

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| PACIFIC SOUND RESOURCES, a Washington non-profit corporation; and THE PORT OF SEATTLE, a Washington municipal corporation, | No. C04-1654Z |
| Plaintiffs, | |
| v. | ANSWER, COUNTER-CLAIM AND CROSS-CLAIM OF DEFENDANT J.H. BAXTER & CO., A CALIFORNIA LIMITED PARTNERSHIP |
| THE BURLINGTON NORTHERN AND SANTA FE RAILWAY COMPANY, a Delaware corporation; J. H. BAXTER & CO., a California limited partnership; J. H. BAXTER & CO., a California corporation; and J. H. BAXTER & CO., INC. a California corporation, | |
| Defendants. | |

Defendant J.H. Baxter & Co., a California Limited Partnership (the "BAXTER PARTNERSHIP") hereby answers Plaintiff's Complaint for Environmental Cleanup Costs and Other Relief ("Complaint") as follows:

DEFENDANT BAXTER PARTNERSHIP'S
ANSWER, AFFIRMATIVE DEFENSES,
COUNTERCLAIM AND CROSSCLAIM - 1

LAW OFFICES OF
JAMES C. HANKEN
999 THIRD AVENUE, SUITE 3210
SEATTLE, WASHINGTON 98104
(206) 689-1205
FAX (206) 381-3574

**FIRST DEFENSE**

The Complaint fails to state a claim upon which relief can be granted against the BAXTER PARTNERSHIP.

**SECOND DEFENSE**

The Complaint fails to join parties needed for a just adjudication pursuant to Rule 19 of the Federal Rules of Civil Procedure.

**THIRD DEFENSE**

The BAXTER PARTNERSHIP admits, denies, or otherwise avers to the numbered paragraphs of the Complaint as follows:

**I. JURISDICTION AND VENUE**

1.1     This paragraph states jurisdictional allegations to which no answer is required. To the extent an answer may be deemed required, the BAXTER PARTNERSHIP admits this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1332 and 1441 (b).

1.2     This paragraph states venue allegations to which no answer is required. To the extent an answer may bee deemed required, the BAXTER PARTNERSHIP admits venue is proper in this Court pursuant to 28 U.S.C. § 1391 (a).

**II. PARTIES**

2.1     BAXTER PARTNERSHIP admits that Plaintiff Pacific Sound Resources ("PSR") and its predecessors are former owners and operators of a wood treating plant in West Seattle (the "Treating Plant"), which consisted of approximately 25 acres, including 22.7 acres formerly owned by PSR and 2.3 acres of State-owned harbor area formerly leased by PSR from the Washington State Department of Natural Resources ("DNR").   BAXTER PARTNERSHIP

DEFENDANT BAXTER PARTNERSHIP'S
ANSWER, AFFIRMATIVE DEFENSES,
COUNTERCLAIM AND CROSSCLAIM - 2

LAW OFFICES OF
**JAMES C. HANKEN**
999 THIRD AVENUE, SUITE 3210
SEATTLE, WASHINGTON 98104
(206) 689 1206
FAX (206) 381 3574

1  admits that the Treating Plant became contaminated with hazardous substances associated with

2  the wood treating operations conducted by PSR, its predecessors, and other companies.

3  BAXTER PARTNERSHIP admits that PSR and its predecessors knowingly, intentionally, and

4  criminally violated applicable environmental laws by releasing and discharging hazardous

5  substances from the Treating Plant to adjacent properties, including State-owned aquatic lands

6  and sediments in Elliot Bay. BAXTER PARTNERSHIP admits that, in 1994, PSR entered into a

7  Consent Decree with the United States and other parties to resolve an action captioned <u>United</u>

8  <u>States et al. v. Pacific Sound Resources, et al.</u>, W.D. Wash. Case No. C94-687, and further

9  responds that the terms of the Consent Decree speak for themselves. Except as expressly

10 admitted, BAXTER PARTNERSHIP lacks knowledge and information sufficient to form a belief

11 as to the truth of the remaining allegations of this paragraph.

12     2.2     The BAXTER PARTNERSHIP admits the allegations of this paragraph. The

13 BAXTER PARTNERSHIP further responds that the property owned by Plaintiff Port of Seattle

14 ("Port") consists of approximately 22.7 acres formerly owned by PSR and that the Port also

15 manages, pursuant to Port Management Agreement No. 22-080031, entered into by and between

16 DNR and the Port effective November 1, 1997, the 2.3 acres of State-owned harbor area

17 formerly leased by PSR from DNR.

18     2.3     The BAXTER PARTNERSHIP admits it is a California limited partnership with its

19 principal place of business in the State of California, and that it is authorized to do business in the

20 State of Washington. Except as expressly admitted, the BAXTER PARTNERSHIP has no

21 knowledge or information as to the truth of the remaining allegations of this paragraph.

22     2.4     The BAXTER PARTNERSHIP admits that Baxter-Wyckoff Company and

23 Wyckoff-Baxter Investment Company, predecessors of PSR, conducted operations at the

24

DEFENDANT BAXTER PARTNERSHIP'S
ANSWER, AFFIRMATIVE DEFENSES,
COUNTERCLAIM AND CROSSCLAIM - 3

LAW OFFICES OF
JAMES C. HANKEN
999 THIRD AVENUE, SUITE 3210
SEATTLE, WASHINGTON 98104
(206) 689-1205
FAX (206) 381-3574

1   Treating Plant at various times. The BAXTER PARTNERSHIP denies the remaining allegations

2   in this paragraph.

3   ### III. FACTUAL ALLEGATIONS

4       3.1    The BAXTER PARTNERSHIP admits that from about 1912 to 1994, PSR, its

5   predecessors, and other companies (including the J.M. Colman Company), conducted wood

6   treating operations at the Treating Plant. The BAXTER PARTNERSHIP further admits that

7   PSR's predecessors include, but may not be limited to:  J.M. Colman Company, West Coast

8   Wood Preserving Company, Pacific Creosoting Company, Baxter-Wyckoff Company, Wyckoff-

9   Baxter Investment Company, the Wyckoff Company, and Pacific Sound Resources, Inc.

10      3.2    The BAXTER PARTNERSHIP lacks knowledge and information sufficient to form

11  a belief as to the truth of the allegations of this paragraph.

12      3.3    The BAXTER PARTNERSHIP lacks knowledge and information sufficient to form

13  a belief as to the truth of the allegations of this paragraph.

14      3.4    The BAXTER PARTNERSHIP lacks knowledge and information sufficient to form

15  a belief as to the truth of the allegations of this paragraph.

16      3.5    The BAXTER PARTNERSHIP lacks knowledge and information sufficient to form

17  a belief as to the truth of the allegations of this paragraph.

18      3.6    BAXTER PARTNERSHIP lacks knowledge and information sufficient to form a

19  belief as to the truth of the allegations of this paragraph.

20      3.7    BAXTER PARTNERSHIP admits that in 1950, Walter L. Wyckoff and Jane

21  Wyckoff, his wife, acquired all interest in all of the assets and properties of the J.M. Colman

22  Company, including the wood treating facility at the Treating Plant, and in consideration thereof,

23  assumed and agreed to pay all debts, claims, and obligations of the J.M. Colman Company.

24

DEFENDANT BAXTER PARTNERSHIP'S
ANSWER, AFFIRMATIVE DEFENSES,
COUNTERCLAIM AND CROSSCLAIM - 4

LAW OFFICES OF
JAMES C. HANKEN
999 THIRD AVENUE, SUITE 3210
SEATTLE, WASHINGTON 98104
(206) 689-1206
FAX (206) 381-3574

1  BAXTER PARTNERSHIP further responds that, in 1959, West Coast Wood Preserving
2  Company changed the name of that corporation to Baxter-Wyckoff Company.  BAXTER
3  PARTNERSHIP admits that Baxter-Wyckoff Company and Wyckoff-Baxter Investment
4  Company, predecessors of PSR, conducted operations at the Treating Plant at various times.
5  Except as expressly admitted, BAXTER PARTNERSHIP lacks knowledge and information
6  sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

7      3.8     The BAXTER PARTNERSHIP denies the allegations of this paragraph.

8      3.9     BAXTER PARTNERSHIP admits that the acts and omissions of PSR and its
9  predecessors caused releases of hazardous substances into the environment at the Treating Plant,
10  including the State-owned harbor area comprising a portion of the Treating Plant.  Defendant
11  BAXTER PARTNERSHIP admits that PSR and its predecessors contaminated adjacent
12  properties, including State-owned aquatic lands and sediments in Elliot Bay, by knowingly and
13  intentionally releasing and discharging hazardous substances from the Treating Plant in criminal
14  violation of applicable environmental laws.  BAXTER PARTNERSHIP admits that, beginning
15  in 1984, EPA issued a series of administrative enforcement orders to PSR and its predecessors in
16  connection with their operations at the Treating Plant and that, in 1985, the Wyckoff Company, a
17  predecessor of PSR, Wyckoff's President, and three Wyckoff employees pled guilty to criminal
18  violations of federal environmental laws at the Treating Plant.  BAXTER PARTNERSHIP
19  denies that any funds incurred by PSR or its predecessors in responding to the EPA
20  administrative enforcement orders or in accordance with the criminal plea agreements constitute
21  "remedial action costs" as that term is used in RCW 70.105D.080.  BAXTER PARTNERSHIP
22  admits that on May 31, 1994, the U.S. Environmental Protection Agency ("EPA") listed the
23  "PSR Superfund Site" on the National Priorities List and that EPA had previously separated the

24

DEFENDANT BAXTER PARTNERSHIP'S
ANSWER, AFFIRMATIVE DEFENSES,
COUNTERCLAIM AND CROSSCLAIM - 5

LAW OFFICES OF
JAMES C. HANKEN
999 THIRD AVENUE, SUITE 3210
SEATTLE, WASHINGTON 98104
(206) 689-1205
FAX (206) 381-3574

1   PSR Superfund Site into two geographically and functionally distinct "operable units," as that

2   term is defined in federal regulations known as the National Contingency Plan, 40 C.F.R. §

3   300.5: (1) the Upland Operable Unit, which is co-extensive with the Treating Plant; and (2) the

4   offshore Marine Sediments Operable Unit. BAXTER PARTNERSHIP admits that EPA divided

5   the PSR Superfund Site into these two operable units for all purposes including:  remedial

6   investigation;  analysis of the feasibility of potential alternative remedial actions;  and

7   implementation of selected remedial actions. BAXTER PARTNERSHIP further responds that the

8   Upland Operable Unit has undergone environmental remediation and that completed remedial

9   actions confirmed that cleanup standards were met at the Upland Unit by no later than November

10  13, 1998. BAXTER PARTNERSHIP denies that EPA anticipates spending additional remedial

11  action costs at the Upland Operable Unit in the future. BAXTER PARTNERSHIP denies that

12  Plaintiffs, or either of them, have incurred remedial action costs at the Marine Sediments Units.

13  BAXTER PARTNERSHIP lacks knowledge and information sufficient to form a belief as to the

14  truth of the remaining allegations of this paragraph.

15       3.10   The BAXTER PARTNERSHIP admits that, in July or August 1994, the Port

16  and EPA entered into an "Agreement and Covenant Not To Sue Re The Pacific Sound

17  Resources Superfund Site" (hereafter "Prospective Purchaser Agreement"). BAXTER

18  PARTNERSHIP responds that the terms of the Prospective Purchaser Agreement speak for

19  themselves. BAXTER PARTNERSHIP admits that, in October 1994, the Port purchased the

    approximately 22.7 acres of property formerly owned by PSR at the Treating Plant.

20
    BAXTER PARTNERSHIP further responds that, in entering into the Prospective Purchaser
21
    Agreement, the Port disclaimed any liability for State-owned aquatic lands at, adjacent to, or
22
    near the Treating Plant, including at the Marine Sediments Operable Unit. BAXTER
23
    PARTNERSHIP admits that, subject to certain limitations, EPA covenanted not to sue the

24

DEFENDANT BAXTER PARTNERSHIP'S
ANSWER, AFFIRMATIVE DEFENSES,
COUNTERCLAIM AND CROSSCLAIM - 6

LAW OFFICES OF
JAMES C. HANKEN
999 THIRD AVENUE, SUITE 3210
SEATTLE, WASHINGTON 98104
(206) 689 1208
FAX (206) 381 3674

1  Port in connection with existing environmental contamination at the PSR Superfund Site, but

2  denies that EPA granted the Port contribution protection under the Model Toxics Control Act

3  ("MTCA").  BAXTER PARTNERSHIP further responds that any contribution protection

4  available to the Port under the Comprehensive Environmental Response, Compensation, and

5  Liability Act ("CERCLA"), extends only to the Port's status as a prospective purchaser of

6  the PSR property and not otherwise.  BAXTER PARTNERSHIP lacks knowledge and

7  information sufficient to form a belief as to the truth of the remaining allegations of this
paragraph.

8      3.11    BAXTER PARTNERSHIP admits that, in September 1994, EPA and the Port

9  entered into Administrative Order on Consent No. 10-94-0213 ("Port AOC").    BAXTER

10  PARTNERSHIP responds that the terms of the Port AOC speak for themselves.  BAXTER

11  PARTNERSHIP further responds that the Port AOC obligated the Port to implement certain

12  tasks at the Upland Operable Unit only and did not require the Port to implement any tasks at the

13  Marine Sediments Operable Unit.  BAXTER PARTNERSHIP further responds that the Port

14  completed all tasks required by the Port AOC prior to the end of December 1998.  BAXTER

15  PARTNERSHIP denies that the Port expects to spend additional sums at the Upland Unit in the

16  future.  BAXTER PARTNERSHIP further denies that the Port has incurred any remedial action

17  costs at the Marine Sediment Unit for which it has not received, or does not expect to receive,

18  reimbursement.  BAXTER PARTNERSHIP lacks knowledge and information sufficient to form a

19  belief as to the truth of the remaining allegations of this paragraph.

20              **IV. LEGAL CLAIMS**

21      4.1    *Model Toxics Control Act.*  The BAXTER PARTNERSHIP re-alleges and

22  incorporates by this reference each preceding paragraph as though fully set forth herein.

23

24

DEFENDANT BAXTER PARTNERSHIP'S
ANSWER, AFFIRMATIVE DEFENSES,
COUNTERCLAIM AND CROSSCLAIM - 7

LAW OFFICES OF
**JAMES C. HANKEN**
999 THIRD AVENUE, SUITE 3210
SEATTLE, WASHINGTON 98104
(206) 389 1206
FAX (206) 381 3874

1    4.2    This paragraph contains plaintiffs' characterization of the law to which no answer is

2    required. To the extent an answer may be deemed required, the BAXTER PARTNERSHIP admits

3    that the Port and PSR are each a "person" as defined in RCW 70.105D.020(14). The BAXTER

4    PARTNERSHIP further responds that the Port and PSR are each a liable person under RCW

5    70.105D.040(1).

6    4.3    This paragraph contains plaintiffs' characterization of the law to which no answer is

7    required. To the extent an answer may be deemed required, the BAXTER PARTNERSHIP denies

8    the allegations of this paragraph. The BAXTER PARTNERSHIP responds that the Marine

9    Sediments Operable Unit constitutes a "facility" as defined in RCW 70.105D.020(4). The

10   BAXTER PARTNERSHIP denies that the Upland Operable Unit constitutes a "facility" as

11   defined in RCW 70.105D.020(4) because applicable cleanup standards have been met, and no

12   further remedial actions are planned, in the Upland Unit. The BAXTER PARTNERSHIP further

13   responds that, even if the Upland Operable Unit is deemed to constitute a "facility," it is a

14   separate and distinct "facility" from the Marine Sediments Operable Unit.

15   4.4    The BAXTER PARTNERSHIP denies the allegations of this paragraph insofar as

16   they pertain to the BAXTER PARTNERSHIP. The BAXTER PARTNERSHIP lacks knowledge

17   and information sufficient to form a belief as to the truth of the allegations of this paragraph

18   insofar as they pertain to other defendants.

19   4.5    The BAXTER PARTNERSHIP admits that there has been a "release," as defined

20   in RCW 70.105D.020(20), of a "hazardous substance," as defined in RCW 70.105D.020(7), to

21   the Marine Sediments Operable Unit. The BAXTER PARTNERSHIP lacks knowledge and

22   information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

23

24

DEFENDANT BAXTER PARTNERSHIP'S
ANSWER, AFFIRMATIVE DEFENSES,
COUNTERCLAIM AND CROSSCLAIM - 8

LAW OFFICES OF
JAMES C. HANKEN
989 THIRD AVENUE, SUITE 3210
SEATTLE, WASHINGTON 98104
(206) 689 1206
FAX (206) 381-3574

1       4.6    The BAXTER PARTNERSHIP admits that the term "remedial action" is defined in

2   RCW 70.105D.020(21), but denies that the term "remedial action costs" is defined in RCW

3   70.105D.080. The BAXTER PARTNERSHIP lacks knowledge and information sufficient to form

4   a belief as to the truth of the remaining allegations of this paragraph.

5       4.7    The BAXTER PARTNERSHIP admits that RCW 70.105D.080 limits any

6   entitlement to contribution to an equitable portion of those remedial action costs that, when

7   evaluated as a whole, are the substantial equivalent of a remedial action conducted or supervised

8   by the Washington Department of Ecology ("Ecology"). The BAXTER PARTNERSHIP denies

9   that Plaintiffs, or either of them, have taken remedial actions at the Marine Sediments Operable

10  Unit that, when evaluated as a whole, are the substantial equivalent of a remedial action

11  conducted or supervised by Ecology. The BAXTER PARTNERSHIP lacks knowledge and

12  information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

13      4.8    The BAXTER PARTNERSHIP denies the allegations of this paragraph. The

14  BAXTER PARTNERSHIP further responds that RCW 70.105D.080 establishes a private right of

15  contribution and provides that any recovery is to be based on such equitable factors as the Court

16  determines are appropriate.

17      4.9    *Declaratory Relief.* The BAXTER PARTNERSHIP re-alleges and incorporates by

18  this reference each preceding paragraph as though fully set forth herein.

19      4.10    The BAXTER PARTNERSHIP admits the allegations of this paragraph.

20      4.11    The BAXTER PARTNERSHIP denies the allegations of this paragraph.

21      4.12    *Negligence.* The BAXTER PARTNERSHIP re-alleges and incorporates by this

22  reference each preceding paragraph as though fully set forth herein.

23      4.13    The BAXTER PARTNERSHIP denies the allegations of this paragraph.

24

DEFENDANT BAXTER PARTNERSHIP'S
ANSWER, AFFIRMATIVE DEFENSES,
COUNTERCLAIM AND CROSSCLAIM - 9

LAW OFFICES OF
JAMES C. HANKEN
999 THIRD AVENUE, SUITE 3210
SEATTLE, WASHINGTON 98104
(206) 689-1205
FAX (206) 381-3674

1    4.14    The BAXTER PARTNERSHIP denies the allegations of this paragraph.

2    4.15    The BAXTER PARTNERSHIP denies the allegations of this paragraph.

3    4.16    *Nuisance.*   The BAXTER PARTNERSHIP re-alleges and incorporates by this

4    reference each preceding paragraph as though fully set forth herein.

5    4.17    The BAXTER PARTNERSHIP denies the allegations of this paragraph.   The

6    BAXTER PARTNERSHIP further responds that any nuisance was created and maintained by the

7    acts and omissions of PSR, its predecessors, and other companies or persons.

8    4.18    The BAXTER PARTNERSHIP denies the allegations of this paragraph.

9    4.19    The BAXTER PARTNERSHIP denies the allegations of this paragraph.

10    4.20    *Trespass.*   The BAXTER PARTNERSHIP re-alleges and incorporates by this

11    reference each preceding paragraph as though fully set forth herein.

12    4.21    The BAXTER PARTNERSHIP denies the allegations of this paragraph and

13    specifically denies that Plaintiffs, or either of them, own or possess any property in the Marine

14    Sediments Operable Unit.

15    4.22    The BAXTER PARTNERSHIP denies the allegations of this paragraph and

16    specifically denies that Plaintiffs, or either of them, own or possess any property in the Marine

17    Sediments Operable Unit.

18    4.23    The BAXTER PARTNERSHIP denies the allegations of this paragraph and

19    specifically denies that Plaintiffs, or either of them, own or possess any property in the Marine

20    Sediments Operable Unit.

21    The BAXTER PARTNERSHIP denies each and every remaining allegation contained in

22    the Complaint.

23    **FOURTH DEFENSE**

24

DEFENDANT BAXTER PARTNERSHIP'S
ANSWER, AFFIRMATIVE DEFENSES,
COUNTERCLAIM AND CROSSCLAIM - 10

LAW OFFICES OF
JAMES C. HANKEN
999 THIRD AVENUE, SUITE 3210
SEATTLE, WASHINGTON 98104
(206) 669-1205
FAX (206) 381 3674

1   This action or one or more of Plaintiffs' claims are time-barred by the applicable

2   statutes of limitation.

3   ## FIFTH DEFENSE

4   This action or one or more of Plaintiffs' claims are time-barred by the equitable

5   doctrine of laches.

6   ## SIXTH DEFENSE

7   To the extent Plaintiffs have sustained damages at all, such damages were caused in

whole or in part by: (1) the acts and omissions of PSR and its predecessors in (a) operating

8   the Treating Plant and (b) releasing hazardous substances from the Treating Plant in violation

9   of applicable environmental laws; and (2) the Port's failure to exercise due care in (a)

10  managing the State-owned harbor area at the Treating Plant from 1913 to 1923 and (b)

11  providing recommendations to DNR regarding the character of improvements at or on the

12  State-owned harbor area at the Treating Plant and the terms or conditions of the leases of

13  such harbor area. Any recovery by Plaintiffs in this action must be offset and reduced in

14  proportion to such negligent or other wrongful conduct.

15  ## SEVENTH DEFENSE

16  Plaintiffs' alleged right of recovery is barred by the equitable doctrine of unclean

hands.

17  ## EIGHTH DEFENSE

18  Plaintiffs are estopped from seeking recovery for environmental contamination from

19  others because one or both Plaintiffs profited from the very operations which Plaintiffs now

20  claim caused environmental contamination.

21  ## NINTH DEFENSE

22  The BAXTER PATNERSHIP denies liability to Plaintiffs and hereby alleges the fault

23  of unknown persons or entities who may have caused or contributed to Plaintiffs' alleged

24  damages.

DEFENDANT BAXTER PARTNERSHIP'S
ANSWER, AFFIRMATIVE DEFENSES,
COUNTERCLAIM AND CROSSCLAIM - 11

LAW OFFICES OF
**JAMES C. HANKEN**
999 THIRD AVENUE, SUITE 3210
SEATTLE, WASHINGTON 98104
(206) 689-1205
FAX (206) 381-3574

1

### TENTH DEFENSE

2      Any damage sustained by Plaintiffs was caused in whole or in part by parties other

3   than the BAXTER PARTNERSHIP.

### ELEVENTH DEFENSE

4

5      Any damage sustained by Plaintiffs was caused in whole or in part by persons or

entities not presently parties to this action.

6

### TWELFTH DEFENSE

7      Contribution is not available when the harm and resulting remedies are the direct

8   result of Plaintiffs' deliberate, criminal and willful acts.

9

### THIRTEENTH DEFENSE

10     If the BAXTER PARTNERSHIP is held responsible for any of the costs or damages

11   alleged by Plaintiffs, the BAXTER PARTNERSHIP is entitled to a setoff equal to any

12   amount received by or credited to Plaintiffs, or either of them, for remediation of

13   environmental contamination at the Marine Sediments Operable Unit.

14

### FOURTEENTH DEFENSE

      Plaintiffs are limited to seeking equitable contribution under RCW 70.105D.80 and

15   may not seek to impose joint and several liability on the BAXTER PARTNERSHIP. The

16   burden of proof is on Plaintiffs to establish an equitable allocation of eligible remedial action

17   costs among all potentially liable persons, including but not limited to, PSR and its

18   predecessors, the Port, the other Defendants, and other persons not before the Court. In the

19   event the BAXTER PARTNERSHIP is held responsible for any remedial action costs

20   alleged by Plaintiffs, the BAXTER PARTNERSHIP's liability is limited and proportionate

21   to its respective equitable share of any such costs properly allocated to the BAXTER

22   PARTNERSHIP pursuant to RCW 70.105D.080.

23

### FIFTEENTH DEFENSE

24     Plaintiffs are not entitled to recover their reasonable attorneys' fees, costs, and

DEFENDANT BAXTER PARTNERSHIP'S
ANSWER, AFFIRMATIVE DEFENSES,
COUNTERCLAIM AND CROSSCLAIM - 12

LAW OFFICES OF
JAMES C. HANKEN
999 THIRD AVENUE, SUITE 3210
SEATTLE, WASHINGTON 98104
(206) 669-1205
FAX (206) 381-3574

1  expenses pursuant to RCW 70.105D.080 under the circumstances of this case because the

2  environmental contamination was caused by the acts and omissions of PSR and its

3  predecessors, including their criminal conduct, and because the Port obtained a substantial

4  economic benefit by its acquisition of the property formerly owned by PSR at the Treating

5  Plant. In the event that the BAXTER PARTNERSHIP is held responsible for any reasonable

6  attorneys' fees, costs, and expenses incurred by Plaintiffs, the BAXTER PARTNERSHIP's

7  liability for such fees, costs, and expenses is limited and proportionate to its respective

8  equitable share of any remedial action costs properly allocated to the BAXTER

   PARTNERSHIP pursuant to RCW 70.105D.080.

9  ### SIXTEENTH DEFENSE

10  The BAXTER PARTNERSHIP is not one of the persons liable for remedial action

11  costs under RCW 70.105D.040(1) because the BAXTER PARTNERSHIP did not own or

12  operate any portion of the Treating Plant or the Marine Sediments Operable Unit, nor did it

13  arrange for the disposal or treatment of any hazardous substances at the Treating Plant or the

14  Marine Sediments Operable Unit. Consequently, there has been no release of hazardous

15  substances associated with the BAXTER PARTNERSHIP.

16  ### SEVENTEENTH DEFENSE

17  Plaintiffs seek to recover costs or expenses that are not costs of "remedial action" as

    that term is defined by RCW 70.105D.020(21). Consequently, Plaintiffs' MTCA claim is

18  barred on the ground that such costs or expenses are not recoverable pursuant to RCW

19  70.105D.080.

20  ### EIGHTEENTH DEFENSE

21  Some or all of the costs or damages allegedly incurred by Plaintiffs were not for

22  remedial actions that, when evaluated as a whole, were the substantial equivalent of a

23  remedial action conducted or supervised by Ecology. Consequently, Plaintiffs' MTCA claim

24  is barred on the ground that such costs or damages are not recoverable pursuant to

DEFENDANT BAXTER PARTNERSHIP'S
ANSWER, AFFIRMATIVE DEFENSES,
COUNTERCLAIM AND CROSSCLAIM - 13

LAW OFFICES OF
JAMES C. HANKEN
999 THIRD AVENUE, SUITE 3210
SEATTLE, WASHINGTON 98104
(206) 689 1205
FAX (206) 381-3674

1 | RCW 70.105D.080.

2 | ### NINETEENTH DEFENSE

3 | The releases of hazardous substances at the Marine Sediments Operable Unit have

4 | resulted in a single environmental harm that is reasonably capable of apportionment among

5 | the liable persons, including Plaintiffs.  Therefore, the environmental harm and associated

remedial action costs are divisible and, in the event the BAXTER PARTNERSHIP is held

6 | responsible for any of the costs alleged by Plaintiffs, the BAXTER PARTNERSHIP's

7 | liability is limited to the divisible portion of costs reasonably associated with any releases of

8 | hazardous substances attributable to the BAXTER PARTNERSHIP.

9 | ### TWENTIETH DEFENSE

10 | Plaintiffs lack standing to pursue the claims alleged in their Complaint because

11 | neither of them has incurred remedial action costs or damages at the Marine Sediments

12 | Operable Unit.  Furthermore, Plaintiffs lack standing to recover any remedial action costs

13 | allegedly incurred by EPA, Ecology, or any other entity or person in connection with any

14 | releases of hazardous substances at the Marine Sediments Operable Unit.

15 | ### TWENTY-FIRST DEFENSE

16 | If the BAXTER PARTNERSHIP is held responsible for any of the costs or damages

alleged by Plaintiffs, the BAXTER PARTNERSHIP is entitled to an offset against such

17 | liability for:  (1) any amounts actually paid at any time to Plaintiffs, or either of them, by any

18 | person or entity not a party to this suit, including any insurer, for any of Plaintiffs' alleged

19 | costs or damages; and (2) an amount equal to the equitable share of total liability of any

20 | person or entity in any way released from liability to Plaintiffs, or either of them, with

21 | respect to any of Plaintiffs' alleged costs, damages, or claims.

22 | ### TWENTY-SECOND DEFENSE

23 | Provisions of MTCA which conflict with federal law, including CERCLA, are barred

24 | by the doctrine of preemption.

DEFENDANT BAXTER PARTNERSHIP'S
ANSWER, AFFIRMATIVE DEFENSES,
COUNTERCLAIM AND CROSSCLAIM - 14

LAW OFFICES OF
**JAMES C. HANKEN**
999 THIRD AVENUE, SUITE 3210
SEATTLE, WASHINGTON 98104
(206) 689-1205
FAX (206) 381-3574

1

## TWENTY-THIRD DEFENSE

2

The Complaint and each cause of action therein are barred by the doctrines of

3

contributory negligence and/or comparative fault.

4

## TWENTY-FOURTH DEFENSE

The BAXTER PARTNERSHIP at all times relevant exercised due care and diligence

5

with respect to the matters alleged in the Complaint.

6

## TWENTY-FIFTH DEFENSE

7

To the extent the Complaint alleges liability associated with the Uplands Operable

8

Unit at the Treating Plant, the Complaint is barred by the doctrines of claim preclusion and

9

issue preclusion.

10

## TWENTY-SIXTH DEFENSE

11

The Complaint is barred by the doctrine of estoppel.

12

## TWENTY-SEVENTH DEFENSE

13

If plaintiffs suffered any damages whatsoever, which damages are denied by the

14

BAXTER PARTNERSHIP, any such damages are the result of the illegal acts, omissions, and

15

conduct of plaintiff PSR and its predecessors.  As a result, the Complaint is barred by the

16

doctrine of illegality.

17

## COUNTERCLAIM AND CROSS-CLAIMS

18

Defendant BAXTER PARTNERSHIP answers the counterclaim filed against them by

19

defendant Burlington Northern and Santa Fe Railway ("BNSF").

20

## V. MTCA APPORTIONMENT AND EQUITABLE CONTRIBUTION
### (AGAINST PSR, THE PORT, AND BNSF)

21

1.     The preceding allegations incorporated by BNSF require no answer by defendant

22

BAXTER PARTNERSHIP and therefore the BAXTER PARTNERSHIP neither admits nor denies

23

24

DEFENDANT BAXTER PARTNERSHIP'S
ANSWER, AFFIRMATIVE DEFENSES,
COUNTERCLAIM AND CROSSCLAIM - 15

LAW OFFICES OF
JAMES C. HANKEN
999 THIRD AVENUE, SUITE 3210
SEATTLE, WASHINGTON 98104
(206) 639-1205
FAX (206) 381-3574

1    them. To the extent any response is required, defendant BAXTER PARTNERSHIP denies the

2    incorporated allegations.

3       2.      Defendant BAXTER PARTNERSHIP is without knowledge or information

4    sufficient to form a belief as to the truth of the allegations in paragraph 2 of BNSF's Answer and

5    Counterclaim and therefore denies them.

6       3.      Defendant BAXTER PARTNERSHIP admits that J.H. Baxter & Co., a California

7    limited partnership ("BAXTER PARTNERSHIP"), J.H. Baxter & Co., a California corporation

8    ("BAXTER CORP."), and J.H. Baxter & Co., Inc., a California corporation ("BAXTER INC.")

9    are each a "person" within the meaning of RCW 70.105D.020(14).

10      4.      With regard to the allegations in paragraph 4, BAXTER PARTNERSHIP denies

11    that it, and any or all named J.H. Baxter entities, are each a liable person under RCW 70.105D.

12    Defendant BAXTER PARTNERSHIP admits all other allegations of paragraph 4. Further,

13    BAXTER PARTNERSHIP alleges that BNSF is a liable person as defined under RCW

14    70.105D.040(1) and for the reasons alleged in paragraph 4 of BNSF's Answer and Counterclaim.

15      5.      With regard to the allegations in paragraph 5, defendant BAXTER

16    PARTNERSHIP admits the allegations of that paragraph.

17      6.      With regard to the allegations in paragraph 6, defendant BAXTER

18    PARTNERSHIP admits that there was a "release" of a "hazardous substance" as a result of the

19    acts, omissions, and criminal conduct of PSR. Defendant BAXTER PARTNERSHIP denies the

20    remaining allegations of paragraph 6 of BNSF's Answer and Counterclaim.

21      7.      Defendant BAXTER PARTNERSHIP denies the allegations of paragraph 7.

22      8.      With regard to the allegations in paragraph 8, defendant BAXTER

23    PARTNERSHIP admits that if the BAXTER PARTNERSHIP is held liable for remedial action

24

DEFENDANT BAXTER PARTNERSHIP'S
ANSWER, AFFIRMATIVE DEFENSES,
COUNTERCLAIM AND CROSSCLAIM - 16

LAW OFFICES OF
JAMES C. HANKEN
999 THIRD AVENUE, SUITE 3210
SEATTLE, WASHINGTON 98104
(206) 689 1205
FAX (206) 381-3574

1  costs it is entitled to an allocation of liability based on such factors as the Court determines are

2  appropriate. Defendant BAXTER PARTNERSHIP denies all remaining allegations in paragraph

3  8.

4       9.      To the extent that the allegations in the first sentence of paragraph 9 relate to

5  defendant BAXTER PARTNERSHIP, defendant BAXTER PARTNERSHIP denies them. The

6  second sentence of paragraph 9 is a statement of BNSF's request for an equitable allocation,

7  which requires no response, but should include all parties not otherwise named as a party by

8  Plaintiff. Defendant BAXTER PARTNERSHIP denies all remaining allegations in paragraph 9.

9                    **VI.  CERCLA CONTRIBUTION AND DECLARATORY**
                                     **JUDGMENT**
10                    **(AGAINST PSR, THE PORT, AND BNSF)**

11      10.     Defendant BAXTER PARTNERSHIP incorporates by reference all their

12  responses to Plaintiff's and BNSF's previous allegations incorporated by reference.

13      11.     Defendant BAXTER PARTNERSHIP admits that jurisdiction and venue of this

14  case are propery.

15      12.     Defendant BAXTER PARTNERSHIP admits the allegations in paragraph 12.

16      13.     With regard to the allegations in paragraph 13, BAXTER PARTNERSHIP denies

17  that it, and any or all named J.H. Baxter entities, are each a liable person under 42 U.S.C §

18  9607(a). Defendant BAXTER PARTNERSHIP admits all other allegations of paragraph 13.

19  The BAXTER PARTNERSHIP alleges that PSR, the Port and BNSF are liable persons as

20  defined under 42 U.S.C. § 9607(a) and for the reasons alleged in paragraph 13 of BNSF's

21  Answer and Counterclaim.

22      14.     Defendant BAXTER PARTNERSHIP admits the allegations of paragraph 14.

23

24

DEFENDANT BAXTER PARTNERSHIP'S
ANSWER, AFFIRMATIVE DEFENSES,
COUNTERCLAIM AND CROSSCLAIM - 17

LAW OFFICES OF
**JAMES C. HANKEN**
999 THIRD AVENUE, SUITE 3210
SEATTLE, WASHINGTON 98104
(206) 689-1206
FAX (206) 381-3574

15.     With regard to the allegations in paragraph 14, BAXTER PARTNERSHIP admits the allegations contained therein with respect to PSR and its predecessors, including their employees and agents who knowingly, wantonly, willfully or criminally acted on their behalf.

16.     In their Complaint, Plaintiffs allege that each of them has incurred remedial action costs in connection with environmental contamination at the Marine Sediments Operable Unit. Plaintiffs further allege that the BAXTER PARTNERSHIP is a liable person under RCW 70.105D.40(1) for remedial action costs incurred or to be incurred by Plaintiffs in connection with the Marine Sediments Operable Unit. The BAXTER PARTNERSHIP denies that it is liable, in whole or in part, for any such remedial action costs and alleges that PSR, the Port, and other persons are liable for such costs. The BAXTER PARTNERSHIP denies that the Port has incurred remedial action costs at the Marine Sediments Operable Unit.

17.     If the BAXTER PARTNERSHIP is held liable for any remedial action costs alleged by Plaintiffs, the BAXTER PARTNERSHIP is entitled, pursuant to 42 U.S.C. § 9613(f)(1), to equitable contribution from any other person who is liable or potentially liable under 42 U.S.C. § 9607(a) for any remedial action costs that the BAXTER PARTNERSHIP is required to incur in connection with the presence or release of hazardous substances at the Marine Sediments Operable Unit. The BAXTER PARTNERSHIP is also entitled to a declaratory judgment apportioning the total liability among all liable persons for any remedial action costs that may be incurred in the future at the Marine Sediments Operable Unit.

18.     If the BAXTER PARTNERSHIP is held liable for any remedial action costs alleged by Plaintiffs, PSR, the Port, and BNSF are liable to the BAXTER PARTNERSHIP for contribution under 42 U.S.C. § 9613(f)(1) for all remedial action costs incurred by the BAXTER PARTNERSHIP in excess of the respective equitable share of any such costs properly allocated to

DEFENDANT BAXTER PARTNERSHIP'S
ANSWER, AFFIRMATIVE DEFENSES,
COUNTERCLAIM AND CROSSCLAIM - 18

LAW OFFICES OF
JAMES C. HANKEN
999 THIRD AVENUE, SUITE 3210
SEATTLE, WASHINGTON 98104
(206) 589-1206
FAX (206) 381-3574

1  the BAXTER PARTNERSHIP. The BAXTER PARTNERSHIP requests that the Court apportion

2  the total liability for the remedial action costs alleged by Plaintiffs, and issue a declaratory judgment

3  apportioning the total liability for any remedial action costs that may be incurred at the Marine

4  Sediments Operable Unit in the future, among all liable persons who contributed to the

5  environmental contamination based upon such equitable factors as the Court deems are appropriate.

6  ## VII. CONTRACTUAL INDEMNITY
### (AGAINST PSR)

7      19.    Defendant BAXTER PARTNERSHIP incorporates by reference all their responses

8  to Plaintiff's and BNSF's previous allegations incorporated by reference.

9      20.    Defendant BAXTER PARTNERSHIP admits the allegations in paragraph 20.

10      21.    The BAXTER PARTNERSHIP lacks knowledge and information sufficient to form

11  a belief as to the truth of the allegations of this paragraph.

12      22.    The BAXTER PARTNERSHIP lacks knowledge and information sufficient to form

13  a belief as to the truth of the allegations of this paragraph.

14      23.    The BAXTER PARTNERSHIP lacks knowledge and information sufficient to form

15  a belief as to the truth of the allegations of this paragraph.

16      24.    The BAXTER PARTNERSHIP lacks knowledge and information sufficient to form

17  a belief as to the truth of the allegations of this paragraph.

18      25.    The BAXTER PARTNERSHIP lacks knowledge and information sufficient to form

19  a belief as to the truth of the allegations of this paragraph.

20      26.    Defendant BAXTER PARTNERSHIP admits the allegations in paragraph 26.

21      27.    The BAXTER PARTNERSHIP lacks knowledge and information sufficient to form

22  a belief as to the truth of the allegations of this paragraph.

23

24

DEFENDANT BAXTER PARTNERSHIP'S
ANSWER, AFFIRMATIVE DEFENSES,
COUNTERCLAIM AND CROSSCLAIM - 19

LAW OFFICES OF
JAMES C. HANKEN
999 THIRD AVENUE, SUITE 3210
SEATTLE, WASHINGTON 98104
(206) 688-1205
FAX (206) 381-3574

1     28.     The BAXTER PARTNERSHIP lacks knowledge and information sufficient to form

2  a belief as to the truth of the allegations of this paragraph.

3     29.     The BAXTER PARTNERSHIP lacks knowledge and information sufficient to form

4  a belief as to the truth of the allegations of this paragraph.

5     30.     The BAXTER PARTNERSHIP lacks knowledge and information sufficient to form

6  a belief as to the truth of the allegations of this paragraph.

7     31.     The BAXTER PARTNERSHIP lacks knowledge and information sufficient to form

8  a belief as to the truth of the allegations of this paragraph.

9     32.     The BAXTER PARTNERSHIP lacks knowledge and information sufficient to form

10  a belief as to the truth of the allegations of this paragraph.

11     33.     The BAXTER PARTNERSHIP lacks knowledge and information sufficient to form

12  a belief as to the truth of the allegations of this paragraph.

13     34.     The BAXTER PARTNERSHIP lacks knowledge and information sufficient to form

14  a belief as to the truth of the allegations of this paragraph.

15     35.     The BAXTER PARTNERSHIP lacks knowledge and information sufficient to form

16  a belief as to the truth of the allegations of this paragraph.

17     36.     The BAXTER PARTNERSHIP lacks knowledge and information sufficient to form

18  a belief as to the truth of the allegations of this paragraph.

19     37.     The BAXTER PARTNERSHIP lacks knowledge and information sufficient to form

20  a belief as to the truth of the allegations of this paragraph.

21     38.     The BAXTER PARTNERSHIP lacks knowledge and information sufficient to form

22  a belief as to the truth of the allegations of this paragraph.

23     39.     Defendant BAXTER PARTNERSHIP admits the allegations in paragraph 39.

24

DEFENDANT BAXTER PARTNERSHIP'S
ANSWER, AFFIRMATIVE DEFENSES,
COUNTERCLAIM AND CROSSCLAIM - 20

LAW OFFICES OF
JAMES C. HANKEN
999 THIRD AVENUE, SUITE 3210
SEATTLE, WASHINGTON 98104
(206) 689-1205
FAX (206) 381-3574

40.   The BAXTER PARTNERSHIP lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

41.   The BAXTER PARTNERSHIP lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

## VIII.  DECLARATORY RELIEF
## (AGAINST PSR, THE PORT, BNSF)

42.   Defendant BAXTER PARTNERSHIP incorporates by reference all their responses to petitioner's and BNSF's previous allegations incorporated by reference.

43.   Defendant BAXTER PARTNERSHIP admits the allegations in paragraph 43.

44.   Defendant BAXTER PARTNERSHIP denies the allegations of paragraph 44. Defendant further alleges that Pursuant to RCW 7.24.010 and 28 U.S.C. § 2201, the BAXTER PARTNERSHIP is entitled to a declaratory judgment that it is not liable for any remedial action costs or other damages incurred or to be incurred by Plaintiffs or others in connection with the presence or release of hazardous substances at the Marine Sediments Operable Unit.

45.   If BAXTER PARTNERSHIP is held liable for any remedial action costs alleged by Plaintiffs, the BAXTER PARTNERSHIP is entitled, pursuant to RCW 70.105D.080 and 28 U.S.C. § 2201, to a declaratory judgment apportioning the total liability for remedial action costs incurred or to be incurred at the Marine Sediments Operable Unit among all liable persons and declaring that BAXTER PARTNERSHIP's liability is limited and proportionate to its respective equitable share of such costs properly allocated to the BAXTER PARTNERSHIP.

46.   If BAXTER PARTNERSHIP is held liable for any remedial action costs or other damages alleged by Plaintiffs, BAXTER PARTNERSHIP is entitled to a declaratory judgment

DEFENDANT BAXTER PARTNERSHIP'S
ANSWER, AFFIRMATIVE DEFENSES,
COUNTERCLAIM AND CROSSCLAIM - 21

LAW OFFICES OF
JAMES C. HANKEN
999 THIRD AVENUE, SUITE 3210
SEATTLE, WASHINGTON 98104
(206) 689-1208
FAX (206) 381 3674

1  that others criminally responsible are obligated to indemnify BAXTER PARTNERSHIP for all

2  such costs or damages.

3      Defendant BAXTER PARTNERSHIP denies each allegation in Plaintiff's Complaint and

4  BNSF's Answer and Counterclaim other than those specifically admitted above.

5      WHEREFORE, defendant BAXTER PARTNERSHIP prays that:

6      1.    Plaintiffs' claims against it are dismissed with prejudice and that judgment is

7  entered in BAXTER PARTNERSHIP's favor;

8      2.    For a declaratory judgment that the BAXTER PARTNERSHIP is not liable for

9  any part of the remedial action costs or other damages allegedly incurred or to be incurred by

10  Plaintiffs;

11      3.    For a declaratory judgment that the BAXTER PARTNERSHIP is entitled to

12  contractual indemnification from PSR for all costs of defense incurred by the BAXTER

13  PARTNERSHIP, including attorneys' and experts' fees and other litigation expenses;

14      4.    If BAXTER PARTNERSHIP is held liable for any remedial action costs allegedly

15  incurred by Plaintiffs, for a declaratory judgment apportioning the total liability for such costs,

16  and for any remedial action costs to be incurred in the future, among all liable persons and

17  declaring that the BAXTER PARTNERSHIP's liability is limited and proportionate to its

18  respective equitable share of such costs;

19      5.    If BAXTER PARTNERSHIP is held liable for any remedial action costs allegedly

20  incurred or to be incurred by Plaintiffs, for a declaratory judgment that BAXTER

21  PARTNERSHIP is entitled to indemnification from others who are criminally responsible for all

22  such costs;

23

24

DEFENDANT BAXTER PARTNERSHIP'S
ANSWER, AFFIRMATIVE DEFENSES,
COUNTERCLAIM AND CROSSCLAIM - 22

LAW OFFICES OF
JAMES C. HANKEN
999 THIRD AVENUE, SUITE 3210
SEATTLE, WASHINGTON 98104
(206) 689-1205
FAX (206) 381-3574

1      6.      That BAXTER PARTNERSHIP recover all costs of suit, attorneys' fees, and

2    litigation expenses as may be allowed by law; and

3      7.      That the BAXTER PARTNERSHIP be awarded such other and further relief as

4    this Court deems just and equitable.

5         DATED this _____ day of October, 2004.

6

7         James C Hanken, WSBA# 1516
          Attorneys for J. H. Baxter & Co., Defendants
          999 Third Avenue, Suite 3210
8         Seattle, WA  98104
          Telephone:    (206) 689-1205
9         Facsimile:    (206) 689-7999
          Email:        jhanken@hankenlaw.biz

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

DEFENDANT BAXTER PARTNERSHIP'S
ANSWER, AFFIRMATIVE DEFENSES,
COUNTERCLAIM AND CROSSCLAIM - 23

LAW OFFICES OF
JAMES C. HANKEN
999 THIRD AVENUE, SUITE 3210
SEATTLE, WASHINGTON 98104
(206) 689-1205
FAX (206) 381-3574