**ORIGINAL**

THE HONORABLE THOMAS S. ZILLY

~~~ TO JUDGE ___ ...

_____ FILED ___ ___ ENTERED
_____ ... ...    RECEIVED
...    (    DJ



**04-CV-01654-NTC**

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| PACIFIC SOUND RESOURCES, a Washington non-profit corporation; and THE PORT OF SEATTLE, a Washington municipal corporation, | No. C04-1654Z |
| Plaintiffs, | |
| v. | ANSWER, COUNTER-CLAIM AND CROSS-CLAIM OF DEFENDANT J.H. BAXTER & CO., A CALIFORNIA CORPORATION |
| THE BURLINGTON NORTHERN AND SANTA FE RAILWAY COMPANY, a Delaware corporation; J. H. BAXTER & CO., a California limited partnership; J. H. BAXTER & CO., a California corporation; and J. H. BAXTER & CO., INC. a California corporation, | |
| Defendants. | |

Defendant J.H. Baxter & Co., a California Corporation ("BAXTER CORP.") hereby

answers Plaintiff's Complaint for Environmental Cleanup Costs and Other Relief ("Complaint")

as follows:

DEFENDANT BAXTER CORP.'S ANSWER,
AFFIRMATIVE DEFENSES, COUNTERCLAIM
AND CROSSCLAIM - 1

LAW OFFICES OF
**JAMES C. HANKEN**
999 THIRD AVENUE, SUITE 3210
SEATTLE, WASHINGTON 98104
(206) 689-1205
FAX (206) 381-3574

1

## FIRST DEFENSE

2      The Complaint fails to state a claim upon which relief can be granted against the

3   BAXTER CORP.

4

## SECOND DEFENSE

5      The Complaint fails to join parties needed for a just adjudication pursuant to Rule 19 of

6   the Federal Rules of Civil Procedure.

7

## THIRD DEFENSE

8      The BAXTER CORP. admits, denies, or otherwise avers to the numbered paragraphs of

9   the Complaint as follows:

10

## I. JURISDICTION AND VENUE

11      1.1      This paragraph states jurisdictional allegations to which no answer is required.

12   To the extent an answer may be deemed required, the BAXTER CORP. admits this Court has

13   jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1332 and 1441 (b).

14      1.2      This paragraph states venue allegations to which no answer is required.  To the

15   extent an answer may bee deemed required, the BAXTER CORP. admits venue is proper in this

16   Court pursuant to 28 U.S.C. § 1391 (a).

17

## II. PARTIES

18      2.1      BAXTER CORP. admits that Plaintiff Pacific Sound Resources ("PSR") and its

19   predecessors are former owners and operators of a wood treating plant in West Seattle (the

20   "Treating Plant"), which consisted of approximately 25 acres, including 22.7 acres formerly

21   owned by PSR and 2.3 acres of State-owned harbor area formerly leased by PSR from the

22   Washington State Department of Natural Resources ("DNR").  BAXTER CORP. admits that the

23   Treating Plant became contaminated with hazardous substances associated with the wood

24

DEFENDANT BAXTER CORP.'S ANSWER,
AFFIRMATIVE DEFENSES, COUNTERCLAIM
AND CROSSCLAIM - 2

LAW OFFICES OF
JAMES C. HANKEN
999 THIRD AVENUE, SUITE 3210
SEATTLE, WASHINGTON 98104
(206) 839-1205
FAX (206) 381-3574

1   treating operations conducted by PSR, its predecessors, and other companies. BAXTER CORP.

2   admits that PSR and its predecessors knowingly, intentionally, and criminally violated applicable

3   environmental laws by releasing and discharging hazardous substances from the Treating Plant

4   to adjacent properties, including State-owned aquatic lands and sediments in Elliot Bay.

5   BAXTER CORP. admits that, in 1994, PSR entered into a Consent Decree with the United States

6   and other parties to resolve an action captioned United States et al. v. Pacific Sound Resources,

7   et al., W.D. Wash. Case No. C94-687, and further responds that the terms of the Consent Decree

8   speak for themselves. Except as expressly admitted, BAXTER CORP. lacks knowledge and

9   information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

10        2.2    The BAXTER CORP. admits the allegations of this paragraph. The BAXTER

11   CORP. further responds that the property owned by Plaintiff Port of Seattle ("Port") consists of

12   approximately 22.7 acres formerly owned by PSR and that the Port also manages, pursuant to

13   Port Management Agreement No. 22-080031, entered into by and between DNR and the Port

14   effective November 1, 1997, the 2.3 acres of State-owned harbor area formerly leased by PSR

15   from DNR.

16        2.3    The BAXTER CORP. admits it is a California corporation with its principal place

17   of business in the State of California, and that it is authorized to do business in the State of

18   Washington. Except as expressly admitted, the BAXTER CORP. has no knowledge or

19   information as to the truth of the remaining allegations of this paragraph.

20        2.4    The BAXTER CORP. admits that Baxter-Wyckoff Company and Wyckoff-

21   Baxter Investment Company, predecessors of PSR, conducted operations at the Treating Plant at

22   various times. The BAXTER CORP. denies the remaining allegations in this paragraph.

23                            **III. FACTUAL ALLEGATIONS**

24

DEFENDANT BAXTER CORP.'S ANSWER,
AFFIRMATIVE DEFENSES, COUNTERCLAIM
AND CROSSCLAIM - 3

LAW OFFICES OF
JAMES C. HANKEN
999 THIRD AVENUE, SUITE 3210
SEATTLE, WASHINGTON 98104
(206) 689-1206
FAX (206) 381-3574

1      3.1     The BAXTER CORP. admits that from about 1912 to 1994, PSR, its predecessors,

2 and other companies (including the J.M. Colman Company), conducted wood treating operations

3 at the Treating Plant. The BAXTER CORP. further admits that PSR's predecessors include, but

4 may not be limited to: J.M. Colman Company, West Coast Wood Preserving Company, Pacific

5 Creosoting Company, Baxter-Wyckoff Company, Wyckoff-Baxter Investment Company, the

6 Wyckoff Company, and Pacific Sound Resources, Inc.

7      3.2     The BAXTER CORP. lacks knowledge and information sufficient to form a belief

8 as to the truth of the allegations of this paragraph.

9      3.3     The BAXTER CORP. lacks knowledge and information sufficient to form a belief

10 as to the truth of the allegations of this paragraph.

11      3.4     The BAXTER CORP. lacks knowledge and information sufficient to form a belief

12 as to the truth of the allegations of this paragraph.

13      3.5     The BAXTER CORP. lacks knowledge and information sufficient to form a belief

14 as to the truth of the allegations of this paragraph.

15      3.6     BAXTER CORP. lacks knowledge and information sufficient to form a belief as to

16 the truth of the allegations of this paragraph.

17      3.7     BAXTER CORP. admits that in 1950, Walter L. Wyckoff and Jane Wyckoff, his

18 wife, acquired all interest in all of the assets and properties of the J.M. Colman Company,

19 including the wood treating facility at the Treating Plant, and in consideration thereof, assumed

20 and agreed to pay all debts, claims, and obligations of the J.M. Colman Company. BAXTER

21 CORP. further responds that, in 1959, West Coast Wood Preserving Company changed the name

22 of that corporation to Baxter-Wyckoff Company. BAXTER CORP. admits that Baxter-Wyckoff

23 Company and Wyckoff-Baxter Investment Company, predecessors of PSR, conducted operations

24

DEFENDANT BAXTER CORP.'S ANSWER,
AFFIRMATIVE DEFENSES, COUNTERCLAIM
AND CROSSCLAIM - 4

LAW OFFICES OF
JAMES C. HANKEN
999 THIRD AVENUE, SUITE 3210
SEATTLE, WASHINGTON 98104
(206) 689-1205
FAX (206) 381-3574

1 | at the Treating Plant at various times. Except as expressly admitted, BAXTER CORP. lacks

2 | knowledge and information sufficient to form a belief as to the truth of the remaining allegations of

3 | this paragraph.

4 |       3.8     The BAXTER CORP. denies the allegations of this paragraph.

5 |       3.9     BAXTER CORP. admits that the acts and omissions of PSR and its predecessors

6 | caused releases of hazardous substances into the environment at the Treating Plant, including the

7 | State-owned harbor area comprising a portion of the Treating Plant. Defendant BAXTER

8 | CORP. admits that PSR and its predecessors contaminated adjacent properties, including State-

9 | owned aquatic lands and sediments in Elliot Bay, by knowingly and intentionally releasing and

10 | discharging hazardous substances from the Treating Plant in criminal violation of applicable

11 | environmental laws. BAXTER CORP. admits that, beginning in 1984, EPA issued a series of

12 | administrative enforcement orders to PSR and its predecessors in connection with their

13 | operations at the Treating Plant and that, in 1985, the Wyckoff Company, a predecessor of PSR,

14 | Wyckoff's President, and three Wyckoff employees pled guilty to criminal violations of federal

15 | environmental laws at the Treating Plant. BAXTER CORP. denies that any funds incurred by

16 | PSR or its predecessors in responding to the EPA administrative enforcement orders or in

17 | accordance with the criminal plea agreements constitute "remedial action costs" as that term is

18 | used in RCW 70.105D.080. BAXTER CORP. admits that on May 31, 1994, the U.S.

19 | Environmental Protection Agency ("EPA") listed the "PSR Superfund Site" on the National

20 | Priorities List and that EPA had previously separated the PSR Superfund Site into two

21 | geographically and functionally distinct "operable units," as that term is defined in federal

22 | regulations known as the National Contingency Plan, 40 C.F.R. § 300.5: (1) the Upland

23 | Operable Unit, which is co-extensive with the Treating Plant; and (2) the offshore Marine

24 |

DEFENDANT BAXTER CORP.'S ANSWER,
AFFIRMATIVE DEFENSES, COUNTERCLAIM
AND CROSSCLAIM - 5

LAW OFFICES OF
JAMES C. HANKEN
999 THIRD AVENUE, SUITE 3210
SEATTLE, WASHINGTON 98104
(206) 689-1705
FAX (206) 381-3574

1    Sediments Operable Unit.  BAXTER CORP. admits that EPA divided the PSR Superfund Site

2    into these two operable units for all purposes including:  remedial investigation; analysis of the

3    feasibility of potential alternative remedial actions; and implementation of selected remedial

4    actions.    BAXTER CORP. further responds that the Upland Operable Unit has undergone

5    environmental remediation and that completed remedial actions confirmed that cleanup standards

6    were met at the Upland Unit by no later than November 13, 1998.  BAXTER CORP. denies that

7    EPA anticipates spending additional remedial action costs at the Upland Operable Unit in the

8    future.  BAXTER CORP. denies that Plaintiffs, or either of them, have incurred remedial action

9    costs at the Marine Sediments Units.   BAXTER CORP. lacks knowledge and information

10   sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

11        3.10    The BAXTER CORP. admits that, in July or August 1994, the Port and EPA

12   entered into an "Agreement and Covenant Not To Sue Re The Pacific Sound Resources

13   Superfund Site" (hereafter "Prospective Purchaser Agreement").  BAXTER CORP. responds

14   that the terms of the Prospective Purchaser Agreement speak for themselves.  BAXTER

15   CORP. admits that, in October 1994, the Port purchased the approximately 22.7 acres of

16   property formerly owned by PSR at the Treating Plant.  BAXTER CORP. further responds

17   that, in entering into the Prospective Purchaser Agreement, the Port disclaimed any liability

18   for State-owned aquatic lands at, adjacent to, or near the Treating Plant, including at the

19   Marine Sediments Operable Unit.  BAXTER CORP. admits that, subject to certain

20   limitations, EPA covenanted not to sue the Port in connection with existing environmental

21   contamination at the PSR Superfund Site, but denies that EPA granted the Port contribution

22   protection under the Model Toxics Control Act ("MTCA").  BAXTER CORP. further

23   responds that any contribution protection available to the Port under the Comprehensive

24   Environmental Response, Compensation, and Liability Act ("CERCLA"), extends only to

     the Port's status as a prospective purchaser of the PSR property and not otherwise.

DEFENDANT BAXTER CORP.'S ANSWER,
AFFIRMATIVE DEFENSES, COUNTERCLAIM
AND CROSSCLAIM - 6

LAW OFFICES OF
JAMES C. HANKEN
999 THIRD AVENUE, SUITE 3210
SEATTLE, WASHINGTON 98104
(206) 689-1205
FAX (206) 381 3574

1 BAXTER CORP. lacks knowledge and information sufficient to form a belief as to the truth of
2 the remaining allegations of this paragraph.

3      3.11     BAXTER CORP. admits that, in September 1994, EPA and the Port entered into
4 Administrative Order on Consent No. 10-94-0213 ("Port AOC"). BAXTER CORP. responds
5 that the terms of the Port AOC speak for themselves. BAXTER CORP. further responds that the
6 Port AOC obligated the Port to implement certain tasks at the Upland Operable Unit only and did
7 not require the Port to implement any tasks at the Marine Sediments Operable Unit. BAXTER
8 CORP. further responds that the Port completed all tasks required by the Port AOC prior to the
9 end of December 1998. BAXTER CORP. denies that the Port expects to spend additional sums
10 at the Upland Unit in the future. BAXTER CORP. further denies that the Port has incurred any
11 remedial action costs at the Marine Sediment Unit for which it has not received, or does not
12 expect to receive, reimbursement. BAXTER CORP. lacks knowledge and information sufficient
13 to form a belief as to the truth of the remaining allegations of this paragraph.

## IV. LEGAL CLAIMS

15      4.1     *Model Toxics Control Act.* The BAXTER CORP. re-alleges and incorporates by
16 this reference each preceding paragraph as though fully set forth herein.

17      4.2     This paragraph contains plaintiffs' characterization of the law to which no answer is
18 required. To the extent an answer may be deemed required, the BAXTER CORP. admits that the
19 Port and PSR are each a "person" as defined in RCW 70.105D.020(14). The BAXTER CORP.
20 further responds that the Port and PSR are each a liable person under RCW 70.105D.040(1).

21      4.3     This paragraph contains plaintiffs' characterization of the law to which no answer is
22 required. To the extent an answer may be deemed required, the BAXTER CORP. denies the
23 allegations of this paragraph. The BAXTER CORP. responds that the Marine Sediments
24 Operable Unit constitutes a "facility" as defined in RCW 70.105D.020(4). The BAXTER

DEFENDANT BAXTER CORP.'S ANSWER,
AFFIRMATIVE DEFENSES, COUNTERCLAIM
AND CROSSCLAIM - 7

LAW OFFICES OF
JAMES C. HANKEN
999 THIRD AVENUE, SUITE 3210
SEATTLE, WASHINGTON 98104
(206) 689-1205
FAX (206) 381-3674

1   CORP. denies that the Upland Operable Unit constitutes a "facility" as defined in RCW

2   70.105D.020(4) because applicable cleanup standards have been met, and no further remedial

3   actions are planned, in the Upland Unit. The BAXTER CORP. further responds that, even if the

4   Upland Operable Unit is deemed to constitute a "facility," it is a separate and distinct "facility"

5   from the Marine Sediments Operable Unit.

6     4.4  The BAXTER CORP. denies the allegations of this paragraph insofar as they

7   pertain to the BAXTER CORP.  The BAXTER CORP. lacks knowledge and information

8   sufficient to form a belief as to the truth of the allegations of this paragraph insofar as they

9   pertain to other defendants.

10     4.5  The BAXTER CORP. admits that there has been a "release," as defined in RCW

11   70.105D.020(20), of a "hazardous substance," as defined in RCW 70.105D.020(7), to the Marine

12   Sediments Operable Unit.  The BAXTER CORP. lacks knowledge and information sufficient to

13   form a belief as to the truth of the remaining allegations of this paragraph.

14     4.6  The BAXTER CORP. admits that the term "remedial action" is defined in RCW

15   70.105D.020(21), but denies that the term "remedial action costs" is defined in RCW

16   70.105D.080.  The BAXTER CORP. lacks knowledge and information sufficient to form a belief

17   as to the truth of the remaining allegations of this paragraph.

18     4.7  The BAXTER CORP. admits that RCW 70.105D.080 limits any entitlement to

19   contribution to an equitable portion of those remedial action costs that, when evaluated as a

20   whole, are the substantial equivalent of a remedial action conducted or supervised by the

21   Washington Department of Ecology ("Ecology").  The BAXTER CORP. denies that Plaintiffs,

22   or either of them, have taken remedial actions at the Marine Sediments Operable Unit that, when

23   evaluated as a whole, are the substantial equivalent of a remedial action conducted or supervised

24

DEFENDANT BAXTER CORP.'S ANSWER,
AFFIRMATIVE DEFENSES, COUNTERCLAIM
AND CROSSCLAIM - 8

LAW OFFICES OF
JAMES C. HANKEN
999 THIRD AVENUE, SUITE 3210
SEATTLE, WASHINGTON 98104
(206) 689-1205
FAX (206) 381-3574

1 | by Ecology. The BAXTER CORP. lacks knowledge and information sufficient to form a belief as

2 | to the truth of the remaining allegations of this paragraph.

3 |     4.8    The BAXTER CORP. denies the allegations of this paragraph. The BAXTER

4 | CORP. further responds that RCW 70.105D.080 establishes a private right of contribution and

5 | provides that any recovery is to be based on such equitable factors as the Court determines are

6 | appropriate.

7 |     4.9    *Declaratory Relief.* The BAXTER CORP. re-alleges and incorporates by this

8 | reference each preceding paragraph as though fully set forth herein.

9 |     4.10    The BAXTER CORP. admits the allegations of this paragraph.

10 |     4.11    The BAXTER CORP. denies the allegations of this paragraph.

11 |     4.12    *Negligence.* The BAXTER CORP. re-alleges and incorporates by this reference

12 | each preceding paragraph as though fully set forth herein.

13 |     4.13    The BAXTER CORP. denies the allegations of this paragraph.

14 |     4.14    The BAXTER CORP. denies the allegations of this paragraph.

15 |     4.15    The BAXTER CORP. denies the allegations of this paragraph.

16 |     4.16    *Nuisance.* The BAXTER CORP. re-alleges and incorporates by this reference each

17 | preceding paragraph as though fully set forth herein.

18 |     4.17    The BAXTER CORP. denies the allegations of this paragraph. The BAXTER

19 | CORP. further responds that any nuisance was created and maintained by the acts and omissions

20 | of PSR, its predecessors, and other companies or persons.

21 |     4.18    The BAXTER CORP. denies the allegations of this paragraph.

22 |     4.19    The BAXTER CORP. denies the allegations of this paragraph.

23

24

DEFENDANT BAXTER CORP.'S ANSWER,
AFFIRMATIVE DEFENSES, COUNTERCLAIM
AND CROSSCLAIM - 9

LAW OFFICES OF
JAMES C. HANKEN
999 THIRD AVENUE, SUITE 3210
SEATTLE, WASHINGTON 98104
(206) 689 1205
FAX (206) 381-3574

1    4.20   *Trespass.* The BAXTER CORP. re-alleges and incorporates by this reference each

2    preceding paragraph as though fully set forth herein.

3    4.21   The BAXTER CORP. denies the allegations of this paragraph and specifically

4    denies that Plaintiffs, or either of them, own or possess any property in the Marine Sediments

5    Operable Unit.

6    4.22   The BAXTER CORP. denies the allegations of this paragraph and specifically

7    denies that Plaintiffs, or either of them, own or possess any property in the Marine Sediments

8    Operable Unit.

9    4.23   The BAXTER CORP. denies the allegations of this paragraph and specifically

10   denies that Plaintiffs, or either of them, own or possess any property in the Marine Sediments

11   Operable Unit.

12   The BAXTER CORP. denies each and every remaining allegation contained in the

13   Complaint.

14                                   **FOURTH DEFENSE**

15   This action or one or more of Plaintiffs' claims are time-barred by the applicable

16   statutes of limitation.

17                                    **FIFTH DEFENSE**

18   This action or one or more of Plaintiffs' claims are time-barred by the equitable

     doctrine of laches.

19
                                      **SIXTH DEFENSE**
20
     To the extent Plaintiffs have sustained damages at all, such damages were caused in
21
     whole or in part by:  (1) the acts and omissions of PSR and its predecessors in (a) operating
22
     the Treating Plant and (b) releasing hazardous substances from the Treating Plant in violation
23
     of applicable environmental laws; and (2) the Port's failure to exercise due care in (a)
24

DEFENDANT BAXTER CORP.'S ANSWER,
AFFIRMATIVE DEFENSES, COUNTERCLAIM
AND CROSSCLAIM - 10

LAW OFFICES OF
JAMES C. HANKEN
999 THIRD AVENUE, SUITE 3210
SEATTLE, WASHINGTON 98104
(206) 689-1205
FAX (206) 381-3574

managing the State-owned harbor area at the Treating Plant from 1913 to 1923 and (b) providing recommendations to DNR regarding the character of improvements at or on the State-owned harbor area at the Treating Plant and the terms or conditions of the leases of such harbor area. Any recovery by Plaintiffs in this action must be offset and reduced in proportion to such negligent or other wrongful conduct.

## SEVENTH DEFENSE

Plaintiffs' alleged right of recovery is barred by the equitable doctrine of unclean hands.

## EIGHTH DEFENSE

Plaintiffs are estopped from seeking recovery for environmental contamination from others because one or both Plaintiffs profited from the very operations which Plaintiffs now claim caused environmental contamination.

## NINTH DEFENSE

The BAXTER PATNERSHIP denies liability to Plaintiffs and hereby alleges the fault of unknown persons or entities who may have caused or contributed to Plaintiffs' alleged damages.

## TENTH DEFENSE

Any damage sustained by Plaintiffs was caused in whole or in part by parties other than the BAXTER CORP.

## ELEVENTH DEFENSE

Any damage sustained by Plaintiffs was caused in whole or in part by persons or entities not presently parties to this action.

## TWELFTH DEFENSE

Contribution is not available when the harm and resulting remedies are the direct result of Plaintiffs' deliberate, criminal and willful acts.

## THIRTEENTH DEFENSE

DEFENDANT BAXTER CORP.'S ANSWER,
AFFIRMATIVE DEFENSES, COUNTERCLAIM
AND CROSSCLAIM - 11

LAW OFFICES OF
JAMES C. HANKEN
999 THIRD AVENUE, SUITE 3210
SEATTLE, WASHINGTON 98104
(206) 839-1205
FAX (206) 381-3574

If the BAXTER CORP. is held responsible for any of the costs or damages alleged by Plaintiffs, the BAXTER CORP. is entitled to a setoff equal to any amount received by or credited to Plaintiffs, or either of them, for remediation of environmental contamination at the Marine Sediments Operable Unit.

## FOURTEENTH DEFENSE

Plaintiffs are limited to seeking equitable contribution under RCW 70.105D.80 and may not seek to impose joint and several liability on the BAXTER CORP. The burden of proof is on Plaintiffs to establish an equitable allocation of eligible remedial action costs among all potentially liable persons, including but not limited to, PSR and its predecessors, the Port, the other Defendants, and other persons not before the Court. In the event the BAXTER CORP. is held responsible for any remedial action costs alleged by Plaintiffs, the BAXTER CORP.'s liability is limited and proportionate to its respective equitable share of any such costs properly allocated to the BAXTER CORP. pursuant to RCW 70.105D.080.

## FIFTEENTH DEFENSE

Plaintiffs are not entitled to recover their reasonable attorneys' fees, costs, and expenses pursuant to RCW 70.105D.080 under the circumstances of this case because the environmental contamination was caused by the acts and omissions of PSR and its predecessors, including their criminal conduct, and because the Port obtained a substantial economic benefit by its acquisition of the property formerly owned by PSR at the Treating Plant. In the event that the BAXTER CORP. is held responsible for any reasonable attorneys' fees, costs, and expenses incurred by Plaintiffs, the BAXTER CORP.'s liability for such fees, costs, and expenses is limited and proportionate to its respective equitable share of any remedial action costs properly allocated to the BAXTER CORP. pursuant to RCW 70.105D.080.

## SIXTEENTH DEFENSE

The BAXTER CORP. is not one of the persons liable for remedial action costs under

DEFENDANT BAXTER CORP.'S ANSWER,
AFFIRMATIVE DEFENSES, COUNTERCLAIM
AND CROSSCLAIM - 12

LAW OFFICES OF
JAMES C. HANKEN
999 THIRD AVENUE, SUITE 3210
SEATTLE, WASHINGTON 98104
(206) 689-1205
FAX (206) 381-3574

RCW 70.105D.040(1) because the BAXTER CORP. did not own or operate any portion of the Treating Plant or the Marine Sediments Operable Unit, nor did it arrange for the disposal or treatment of any hazardous substances at the Treating Plant or the Marine Sediments Operable Unit. Consequently, there has been no release of hazardous substances associated with the BAXTER CORP.

### SEVENTEENTH DEFENSE

Plaintiffs seek to recover costs or expenses that are not costs of "remedial action" as that term is defined by RCW 70.105D.020(21). Consequently, Plaintiffs' MTCA claim is barred on the ground that such costs or expenses are not recoverable pursuant to RCW 70.105D.080.

### EIGHTEENTH DEFENSE

Some or all of the costs or damages allegedly incurred by Plaintiffs were not for remedial actions that, when evaluated as a whole, were the substantial equivalent of a remedial action conducted or supervised by Ecology. Consequently, Plaintiffs' MTCA claim is barred on the ground that such costs or damages are not recoverable pursuant to RCW 70.105D.080.

### NINETEENTH DEFENSE

The releases of hazardous substances at the Marine Sediments Operable Unit have resulted in a single environmental harm that is reasonably capable of apportionment among the liable persons, including Plaintiffs. Therefore, the environmental harm and associated remedial action costs are divisible and, in the event the BAXTER CORP. is held responsible for any of the costs alleged by Plaintiffs, the BAXTER CORP.'s liability is limited to the divisible portion of costs reasonably associated with any releases of hazardous substances attributable to the BAXTER CORP.

### TWENTIETH DEFENSE

Plaintiffs lack standing to pursue the claims alleged in their Complaint because

DEFENDANT BAXTER CORP.'S ANSWER,
AFFIRMATIVE DEFENSES, COUNTERCLAIM
AND CROSSCLAIM - 13

LAW OFFICES OF
JAMES C. HANKEN
999 THIRD AVENUE, SUITE 3210
SEATTLE, WASHINGTON 98104
(206) 689-1205
FAX (206) 381-3674

1   neither of them has incurred remedial action costs or damages at the Marine Sediments

2   Operable Unit. Furthermore, Plaintiffs lack standing to recover any remedial action costs

3   allegedly incurred by EPA, Ecology, or any other entity or person in connection with any

4   releases of hazardous substances at the Marine Sediments Operable Unit.

### TWENTY-FIRST DEFENSE

5

6   If the BAXTER CORP. is held responsible for any of the costs or damages alleged by

Plaintiffs, the BAXTER CORP. is entitled to an offset against such liability for:  (1) any

7   amounts actually paid at any time to Plaintiffs, or either of them, by any person or entity not

8   a party to this suit, including any insurer, for any of Plaintiffs' alleged costs or damages; and

9   (2) an amount equal to the equitable share of total liability of any person or entity in any way

10   released from liability to Plaintiffs, or either of them, with respect to any of Plaintiffs'

11   alleged costs, damages, or claims.

### TWENTY-SECOND DEFENSE

12

13   Provisions of MTCA which conflict with federal law, including CERCLA, are barred

14   by the doctrine of preemption.

### TWENTY-THIRD DEFENSE

15

16   The Complaint and each cause of action therein are barred by the doctrines of

contributory negligence and/or comparative fault.

17

### TWENTY-FOURTH DEFENSE

18   The BAXTER CORP. at all times relevant exercised due care and diligence with

19   respect to the matters alleged in the Complaint.

20   ### TWENTY-FIFTH DEFENSE

21   To the extent the Complaint alleges liability associated with the Uplands Operable

22   Unit at the Treating Plant, the Complaint is barred by the doctrines of claim preclusion and

23   issue preclusion.

24   ### TWENTY-SIXTH DEFENSE

DEFENDANT BAXTER CORP.'S ANSWER,
AFFIRMATIVE DEFENSES, COUNTERCLAIM
AND CROSSCLAIM - 14

LAW OFFICES OF
**JAMES C. HANKEN**
999 THIRD AVENUE, SUITE 3210
SEATTLE, WASHINGTON 98104
(206) 818-1205
FAX (206) 381-3674

1    The Complaint is barred by the doctrine of estoppel.

2                        **TWENTY-SEVENTH DEFENSE**

3                   If plaintiffs suffered any damages whatsoever, which damages are denied by the

4    BAXTER CORP., any such damages are the result of the illegal acts, omissions, and conduct of

5    plaintiff PSR and its predecessors.  As a result, the Complaint is barred by the doctrine of

6    illegality.

7                      **COUNTERCLAIM AND CROSS-CLAIMS**

8             Defendant BAXTER CORP. answers the counterclaim filed against them by

9    defendant Burlington Northern and Santa Fe Railway ("BNSF").

10            **V.  MTCA APPORTIONMENT AND EQUITABLE CONTRIBUTION**
                    **(AGAINST PSR, THE PORT, AND BNSF)**

11            1.      The preceding allegations incorporated by BNSF require no answer by defendant

12   BAXTER CORP. and therefore the BAXTER CORP. neither admits nor denies them.  To the

13   extent any response is required, defendant BAXTER CORP. denies the incorporated allegations.

14            2.      Defendant BAXTER CORP. is without knowledge or information sufficient to

15   form a belief as to the truth of the allegations in paragraph 2 of BNSF's Answer and

16   Counterclaim and therefore denies them.

17            3.      Defendant BAXTER CORP. admits that J.H. Baxter & Co., a California limited

18   partnership ("BAXTER PARTNERSHIP"), J.H. Baxter & Co., a California corporation

19   ("BAXTER CORPORATION"), and J.H. Baxter & Co., Inc., a California corporation

20   ("BAXTER INC.") are each a "person" within the meaning of RCW 70.105D.020(14).

21            4.      With regard to the allegations in paragraph 4, BAXTER CORP. denies that it, and

22   any or all named J.H. Baxter entities, are each a liable person under RCW 70.105D.  Defendant

23   BAXTER CORP. admits all other allegations of paragraph 4.  Further, BAXTER CORP. alleges

24

DEFENDANT BAXTER CORP.'S ANSWER,
AFFIRMATIVE DEFENSES, COUNTERCLAIM
AND CROSSCLAIM - 15

LAW OFFICES OF
**JAMES C. HANKEN**
999 THIRD AVENUE, SUITE 3210
SEATTLE, WASHINGTON 98104
(206) 689-1206
FAX (206) 381-3574

1   that BNSF is a liable person as defined under RCW 70.105D.040(1) and for the reasons alleged

2   in paragraph 4 of BNSF's Answer and Counterclaim.

3       5.      With regard to the allegations in paragraph 5, defendant BAXTER CORP. admits

4   the allegations of that paragraph.

5       6.      With regard to the allegations in paragraph 6, defendant BAXTER CORP. admits

6   that there was a "release" of a "hazardous substance" as a result of the acts, omissions, and

7   criminal conduct of PSR.  Defendant BAXTER CORP. denies the remaining allegations of

8   paragraph 6 of BNSF's Answer and Counterclaim.

9       7.      Defendant BAXTER CORP. denies the allegations of paragraph 7.

10      8.      With regard to the allegations in paragraph 8, defendant BAXTER CORP. admits

11  that if the BAXTER CORP. is held liable for remedial action costs it is entitled to an allocation

12  of liability based on such factors as the Court determines are appropriate.  Defendant BAXTER

13  CORP. denies all remaining allegations in paragraph 8.

14      9.      To the extent that the allegations in the first sentence of paragraph 9 relate to

15  defendant BAXTER CORP., defendant BAXTER CORP. denies them.  The second sentence of

16  paragraph 9 is a statement of BNSF's request for an equitable allocation, which requires no

17  response, but should include all parties not otherwise named as a party by Plaintiff.  Defendant

18  BAXTER CORP. denies all remaining allegations in paragraph 9.

19      **VI. CERCLA CONTRIBUTION AND DECLARATORY**
                              **JUDGMENT**
20              **(AGAINST PSR, THE PORT, AND BNSF)**

21      10.     Defendant BAXTER CORP. incorporates by reference all their responses to

22  Plaintiff's and BNSF's previous allegations incorporated by reference.

23      11.     Defendant BAXTER CORP. admits that jurisdiction and venue of this case are

24  propery.

DEFENDANT BAXTER CORP.'S ANSWER,
AFFIRMATIVE DEFENSES, COUNTERCLAIM
AND CROSSCLAIM - 16

LAW OFFICES OF
JAMES C. HANKEN
999 THIRD AVENUE, SUITE 3210
SEATTLE, WASHINGTON 98104
(206) 689-1205
FAX (206) 381-3574

1       12.     Defendant BAXTER CORP. admits the allegations in paragraph 12.

2       13.     With regard to the allegations in paragraph 13, BAXTER CORP. denies that it,

3   and any or all named J.H. Baxter entities, are each a liable person under 42 U.S.C § 9607(a).

4   Defendant BAXTER CORP. admits all other allegations of paragraph 13. The BAXTER CORP.

5   alleges that PSR, the Port and BNSF are liable persons as defined under 42 U.S.C. § 9607(a) and

6   for the reasons alleged in paragraph 13 of BNSF's Answer and Counterclaim.

7       14.     Defendant BAXTER CORP. admits the allegations of paragraph 14.

8       15.     With regard to the allegations in paragraph 14, BAXTER CORP. admits the

9   allegations contained therein with respect to PSR and its predecessors, including their employees

10  and agents who knowingly, wantonly, willfully or criminally acted on their behalf.

11      16.     In their Complaint, Plaintiffs allege that each of them has incurred remedial action

12  costs in connection with environmental contamination at the Marine Sediments Operable Unit.

13  Plaintiffs further allege that the BAXTER CORP. is a liable person under RCW 70.105D.40(1) for

14  remedial action costs incurred or to be incurred by Plaintiffs in connection with the Marine

15  Sediments Operable Unit. The BAXTER CORP. denies that it is liable, in whole or in part, for any

16  such remedial action costs and alleges that PSR, the Port, and other persons are liable for such costs.

17  The BAXTER CORP. denies that the Port has incurred remedial action costs at the Marine

18  Sediments Operable Unit.

19      17.     If the BAXTER CORP. is held liable for any remedial action costs alleged by

20  Plaintiffs, the BAXTER CORP. is entitled, pursuant to 42 U.S.C. § 9613(f)(1), to equitable

21  contribution from any other person who is liable or potentially liable under 42 U.S.C. § 9607(a) for

22  any remedial action costs that the BAXTER CORP. is required to incur in connection with the

23  presence or release of hazardous substances at the Marine Sediments Operable Unit. The BAXTER

24

DEFENDANT BAXTER CORP.'S ANSWER,
AFFIRMATIVE DEFENSES, COUNTERCLAIM
AND CROSSCLAIM - 17

LAW OFFICES OF
JAMES C. HANKEN
999 THIRD AVENUE, SUITE 3210
SEATTLE, WASHINGTON 98104
(206) 689-1205
FAX (206) 381-3574

1  CORP. is also entitled to a declaratory judgment apportioning the total liability among all liable

2  persons for any remedial action costs that may be incurred in the future at the Marine Sediments

3  Operable Unit.

4      18.    If the BAXTER CORP. is held liable for any remedial action costs alleged by

5  Plaintiffs, PSR, the Port, and BNSF are liable to the BAXTER CORP. for contribution under 42

6  U.S.C. § 9613(f)(1) for all remedial action costs incurred by the BAXTER CORP. in excess of the

7  respective equitable share of any such costs properly allocated to the BAXTER CORP.   The

8  BAXTER CORP. requests that the Court apportion the total liability for the remedial action costs

9  alleged by Plaintiffs, and issue a declaratory judgment apportioning the total liability for any

10  remedial action costs that may be incurred at the Marine Sediments Operable Unit in the future,

11  among all liable persons who contributed to the environmental contamination based upon such

12  equitable factors as the Court deems are appropriate.

13  <div align="center">**VII. CONTRACTUAL INDEMNITY**<br>**(AGAINST PSR)**</div>

14      19.    Defendant BAXTER CORP. incorporates by reference all their responses to

15  Plaintiff's and BNSF's previous allegations incorporated by reference.

16      20.    Defendant BAXTER CORP. admits the allegations in paragraph 20.

17      21.    The BAXTER CORP. lacks knowledge and information sufficient to form a belief

18  as to the truth of the allegations of this paragraph.

19      22.    The BAXTER CORP. lacks knowledge and information sufficient to form a belief

20  as to the truth of the allegations of this paragraph.

21      23.    The BAXTER CORP. lacks knowledge and information sufficient to form a belief

22  as to the truth of the allegations of this paragraph.

23

24

DEFENDANT BAXTER CORP.'S ANSWER,
AFFIRMATIVE DEFENSES, COUNTERCLAIM
AND CROSSCLAIM - 18

LAW OFFICES OF
**JAMES C. HANKEN**
999 THIRD AVENUE, SUITE 3210
SEATTLE, WASHINGTON 98104
(206) 689-1208
FAX (206) 381-3674

1       24.    The BAXTER CORP. lacks knowledge and information sufficient to form a belief

2 as to the truth of the allegations of this paragraph.

3       25.    The BAXTER CORP. lacks knowledge and information sufficient to form a belief

4 as to the truth of the allegations of this paragraph.

5       26.    Defendant BAXTER CORP. admits the allegations in paragraph 26.

6       27.    The BAXTER CORP. lacks knowledge and information sufficient to form a belief

7 as to the truth of the allegations of this paragraph.

8       28.    The BAXTER CORP. lacks knowledge and information sufficient to form a belief

9 as to the truth of the allegations of this paragraph.

10       29.    The BAXTER CORP. lacks knowledge and information sufficient to form a belief

11 as to the truth of the allegations of this paragraph.

12       30.    The BAXTER CORP. lacks knowledge and information sufficient to form a belief

13 as to the truth of the allegations of this paragraph.

14       31.    The BAXTER CORP. lacks knowledge and information sufficient to form a belief

15 as to the truth of the allegations of this paragraph.

16       32.    The BAXTER CORP. lacks knowledge and information sufficient to form a belief

17 as to the truth of the allegations of this paragraph.

18       33.    The BAXTER CORP. lacks knowledge and information sufficient to form a belief

19 as to the truth of the allegations of this paragraph.

20       34.    The BAXTER CORP. lacks knowledge and information sufficient to form a belief

21 as to the truth of the allegations of this paragraph.

22       35.    The BAXTER CORP. lacks knowledge and information sufficient to form a belief

23 as to the truth of the allegations of this paragraph.

24

DEFENDANT BAXTER CORP.'S ANSWER,
AFFIRMATIVE DEFENSES, COUNTERCLAIM
AND CROSSCLAIM - 19

LAW OFFICES OF
JAMES C. HANKEN
999 THIRD AVENUE, SUITE 3210
SEATTLE, WASHINGTON 98104
(206) 689-1205
FAX (206) 381-3574

1    36.    The BAXTER CORP. lacks knowledge and information sufficient to form a belief

2    as to the truth of the allegations of this paragraph.

3    37.    The BAXTER CORP. lacks knowledge and information sufficient to form a belief

4    as to the truth of the allegations of this paragraph.

5    38.    The BAXTER CORP. lacks knowledge and information sufficient to form a belief

6    as to the truth of the allegations of this paragraph.

7    39.    Defendant BAXTER CORP. admits the allegations in paragraph 39.

8    40.    The BAXTER CORP. lacks knowledge and information sufficient to form a belief

9    as to the truth of the allegations of this paragraph.

10    41.    The BAXTER CORP. lacks knowledge and information sufficient to form a belief

11    as to the truth of the allegations of this paragraph.

12

## VIII. DECLARATORY RELIEF
13    **(AGAINST PSR, THE PORT, BNSF)**

14    42.    Defendant BAXTER CORP. incorporates by reference all their responses to

15    petitioner's and BNSF's previous allegations incorporated by reference.

16    43.    Defendant BAXTER CORP. admits the allegations in paragraph 43.

17    44.    Defendant BAXTER CORP. denies the allegations of paragraph 44.  Defendant

18    further alleges that Pursuant to RCW 7.24.010 and 28 U.S.C. § 2201, the BAXTER CORP. is

19    entitled to a declaratory judgment that it is not liable for any remedial action costs or other

20    damages incurred or to be incurred by Plaintiffs or others in connection with the presence or

21    release of hazardous substances at the Marine Sediments Operable Unit.

22    45.    If BAXTER CORP. is held liable for any remedial action costs alleged by

23    Plaintiffs, the BAXTER CORP. is entitled, pursuant to RCW 70.105D.080 and 28 U.S.C. §

24

DEFENDANT BAXTER CORP.'S ANSWER,
AFFIRMATIVE DEFENSES, COUNTERCLAIM
AND CROSSCLAIM - 20

LAW OFFICES OF
JAMES C. HANKEN
999 THIRD AVENUE, SUITE 3210
SEATTLE, WASHINGTON 98104
(206) 689-1206
FAX (206) 381-3574

1 2201, to a declaratory judgment apportioning the total liability for remedial action costs incurred

2 or to be incurred at the Marine Sediments Operable Unit among all liable persons and declaring

3 that BAXTER CORP.'s liability is limited and proportionate to its respective equitable share of

4 such costs properly allocated to the BAXTER CORP.

5     46.    If BAXTER CORP. is held liable for any remedial action costs or other damages

6 alleged by Plaintiffs, BAXTER CORP. is entitled to a declaratory judgment that others

7 criminally responsible are obligated to indemnify BAXTER CORP. for all such costs or

8 damages.

9     Defendant BAXTER CORP. denies each allegation in Plaintiff's Complaint and BNSF's

10 Answer and Counterclaim other than those specifically admitted above.

11     WHEREFORE, defendant BAXTER CORP. prays that:

12     1.    Plaintiffs' claims against it are dismissed with prejudice and that judgment is

13 entered in BAXTER CORP.'s favor;

14     2.    For a declaratory judgment that the BAXTER CORP. is not liable for any part of

15 the remedial action costs or other damages allegedly incurred or to be incurred by Plaintiffs;

16     3.    For a declaratory judgment that the BAXTER CORP. is entitled to contractual

17 indemnification from PSR for all costs of defense incurred by the BAXTER CORP., including

18 attorneys' and experts' fees and other litigation expenses;

19     4.    If BAXTER CORP. is held liable for any remedial action costs allegedly incurred

20 by Plaintiffs, for a declaratory judgment apportioning the total liability for such costs, and for

21 any remedial action costs to be incurred in the future, among all liable persons and declaring that

22 the BAXTER CORP.'s liability is limited and proportionate to its respective equitable share of

23 such costs;

24

DEFENDANT BAXTER CORP.'S ANSWER,
AFFIRMATIVE DEFENSES, COUNTERCLAIM
AND CROSSCLAIM - 21

LAW OFFICES OF
JAMES C. HANKEN
999 THIRD AVENUE, SUITE 3210
SEATTLE, WASHINGTON 98104
(206) 689-1206
FAX (206) 381-3574

1    5.    If BAXTER CORP. is held liable for any remedial action costs allegedly incurred

2    or to be incurred by Plaintiffs, for a declaratory judgment that BAXTER CORP. is entitled to

3    indemnification from others who are criminally responsible for all such costs;

4    6.    That BAXTER CORP. recover all costs of suit, attorneys' fees, and litigation

5    expenses as may be allowed by law; and

6    7.    That the BAXTER CORP. be awarded such other and further relief as this Court

7    deems just and equitable.

8    DATED this _____ day of October, 2004.

9    _____
     James C Hanken, WSBA# 1516
10   Attorneys for J. H. Baxter & Co., Defendants
     999 Third Avenue, Suite 3210
11   Seattle, WA  98104
     Telephone:    (206) 689-1205
12   Facsimile:    (206) 689-7999
     Email:        jhanken@hankenlaw.biz

13

14

15

16

17

18

19

20

21

22

23

24

DEFENDANT BAXTER CORP.'S ANSWER,
AFFIRMATIVE DEFENSES, COUNTERCLAIM
AND CROSSCLAIM - 22

LAW OFFICES OF
JAMES C. HANKEN
999 THIRD AVENUE, SUITE 3210
SEATTLE, WASHINGTON 98104
(206) 689-1205
FAX (206) 391-3574