**ORIGINAL**

1

THE HONORABLE THOMAS S. ZILLY

2

3

CC TO JUDGE ___ LW

4

04-CV-01654-PRAE

5

6

DJ

7

8

UNITED STATES DISTRICT COURT

9

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

10

11

12 | PACIFIC SOUND RESOURCES, a
Washington non-profit corporation; and THE
13 | PORT OF SEATTLE, a Washington
municipal corporation,

No. C04-1654Z

14 |                    Plaintiffs,

ANSWER, COUNTER-CLAIM AND
CROSS-CLAIM OF DEFENDANT J.H.
BAXTER & CO., INC., A CALIFORNIA
CORPORATION

15 |                    v.

THE BURLINGTON NORTHERN AND
16 | SANTA FE RAILWAY COMPANY, a
Delaware corporation; J. H. BAXTER &
17 | CO., a California limited partnership; J. H.
BAXTER & CO., a California corporation;
18 | and J. H. BAXTER & CO., INC. a
California corporation,

19 |                    Defendants.

20

21         Defendant J.H. Baxter & Co., Inc., a California corporation ("BAXTER INC.") hereby

22  answers Plaintiff's Complaint for Environmental Cleanup Costs and Other Relief ("Complaint")

23  as follows:

24

DEFENDANT BAXTER INC.'S ANSWER,
AFFIRMATIVE DEFENSES, COUNTERCLAIM
AND CROSSCLAIM - 1

LAW OFFICES OF
JAMES C. HANKEN
999 THIRD AVENUE, SUITE 3210
SEATTLE, WASHINGTON 98104
(206) 669-1205
FAX (206) 381-3674



**FIRST DEFENSE**

The Complaint fails to state a claim upon which relief can be granted against BAXTER INC.

**SECOND DEFENSE**

The Complaint fails to join parties needed for a just adjudication pursuant to Rule 19 of the Federal Rules of Civil Procedure.

**THIRD DEFENSE**

BAXTER INC. admits, denies, or otherwise avers to the numbered paragraphs of the Complaint as follows:

**I. JURISDICTION AND VENUE**

1.1     This paragraph states jurisdictional allegations to which no answer is required. To the extent an answer may be deemed required, BAXTER INC. admits this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1332 and 1441 (b).

1.2     This paragraph states venue allegations to which no answer is required. To the extent an answer may bee deemed required, BAXTER INC. admits venue is proper in this Court pursuant to 28 U.S.C. § 1391 (a).

**II. PARTIES**

2.1     BAXTER INC. admits that Plaintiff Pacific Sound Resources ("PSR") and its predecessors are former owners and operators of a wood treating plant in West Seattle (the "Treating Plant"), which consisted of approximately 25 acres, including 22.7 acres formerly owned by PSR and 2.3 acres of State-owned harbor area formerly leased by PSR from the Washington State Department of Natural Resources ("DNR"). BAXTER INC. admits that the Treating Plant became contaminated with hazardous substances associated with the wood

DEFENDANT BAXTER INC.'S ANSWER,
AFFIRMATIVE DEFENSES, COUNTERCLAIM
AND CROSSCLAIM - 2

LAW OFFICES OF
**JAMES C. HANKEN**
999 THIRD AVENUE, SUITE 3210
SEATTLE, WASHINGTON 98104
(206) 689-1205
FAX (206) 381-3574

1   treating operations conducted by PSR, its predecessors, and other companies.  BAXTER INC.

2   admits that PSR and its predecessors knowingly, intentionally, and criminally violated applicable

3   environmental laws by releasing and discharging hazardous substances from the Treating Plant

4   to adjacent properties, including State-owned aquatic lands and sediments in Elliot Bay.

5   BAXTER INC. admits that, in 1994, PSR entered into a Consent Decree with the United States

6   and other parties to resolve an action captioned United States et al. v. Pacific Sound Resources,

7   et al., W.D. Wash. Case No. C94-687, and further responds that the terms of the Consent Decree

8   speak for themselves.  Except as expressly admitted, BAXTER INC. lacks knowledge and

9   information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

10       2.2      BAXTER INC. admits the allegations of this paragraph.  BAXTER INC. further

11   responds that the property owned by Plaintiff Port of Seattle ("Port") consists of approximately

12   22.7 acres formerly owned by PSR and that the Port also manages, pursuant to Port Management

13   Agreement No. 22-080031, entered into by and between DNR and the Port effective November

14   1, 1997, the 2.3 acres of State-owned harbor area formerly leased by PSR from DNR.

15       2.3      BAXTER INC. admits it is a California corporation with its principal place of

16   business in the State of California, and that it is authorized to do business in the State of

17   Washington.  Except as expressly admitted, BAXTER INC. has no knowledge or information as

18   to the truth of the remaining allegations of this paragraph.

19       2.4      BAXTER INC. admits that Baxter-Wyckoff Company and Wyckoff-Baxter

20   Investment Company, predecessors of PSR, conducted operations at the Treating Plant at various

21   times.  BAXTER INC. denies the remaining allegations in this paragraph.

22                         **III. FACTUAL ALLEGATIONS**

23

24

DEFENDANT BAXTER INC.'S ANSWER,
AFFIRMATIVE DEFENSES, COUNTERCLAIM
AND CROSSCLAIM - 3

LAW OFFICES OF
JAMES C. HANKEN
999 THIRD AVENUE, SUITE 3210
SEATTLE, WASHINGTON 98104
(206) 689-1205
FAX (206) 381 3674

1      3.1    BAXTER INC. admits that from about 1912 to 1994, PSR, its predecessors, and

2  other companies (including the J.M. Colman Company), conducted wood treating operations at

3  the Treating Plant. BAXTER INC. further admits that PSR's predecessors include, but may not

4  be limited to:  J.M. Colman Company, West Coast Wood Preserving Company, Pacific

5  Creosoting Company, Baxter-Wyckoff Company, Wyckoff-Baxter Investment Company, the

6  Wyckoff Company, and Pacific Sound Resources, Inc.

7      3.2    BAXTER INC. lacks knowledge and information sufficient to form a belief as to

8  the truth of the allegations of this paragraph.

9      3.3    BAXTER INC. lacks knowledge and information sufficient to form a belief as to

10  the truth of the allegations of this paragraph.

11      3.4    BAXTER INC. lacks knowledge and information sufficient to form a belief as to

12  the truth of the allegations of this paragraph.

13      3.5    BAXTER INC. lacks knowledge and information sufficient to form a belief as to

14  the truth of the allegations of this paragraph.

15      3.6    BAXTER INC. lacks knowledge and information sufficient to form a belief as to

16  the truth of the allegations of this paragraph.

17      3.7    BAXTER INC. admits that in 1950, Walter L. Wyckoff and Jane Wyckoff, his

18  wife, acquired all interest in all of the assets and properties of the J.M. Colman Company,

19  including the wood treating facility at the Treating Plant, and in consideration thereof, assumed

20  and agreed to pay all debts, claims, and obligations of the J.M. Colman Company.  BAXTER

21  INC. further responds that, in 1959, West Coast Wood Preserving Company changed the name

22  of that corporation to Baxter-Wyckoff Company.  BAXTER INC. admits that Baxter-Wyckoff

23  Company and Wyckoff-Baxter Investment Company, predecessors of PSR, conducted operations

24

DEFENDANT BAXTER INC.'S ANSWER,
AFFIRMATIVE DEFENSES, COUNTERCLAIM
AND CROSSCLAIM - 4

LAW OFFICES OF
JAMES C. HANKEN
999 THIRD AVENUE, SUITE 3210
SEATTLE, WASHINGTON 98104
(206) 689-1205
FAX (206) 381-3574

1  at the Treating Plant at various times. Except as expressly admitted, BAXTER INC. lacks

2  knowledge and information sufficient to form a belief as to the truth of the remaining allegations of

3  this paragraph.

4      3.8    BAXTER INC. denies the allegations of this paragraph.

5      3.9    BAXTER INC. admits that the acts and omissions of PSR and its predecessors

6  caused releases of hazardous substances into the environment at the Treating Plant, including the

7  State-owned harbor area comprising a portion of the Treating Plant. Defendant BAXTER INC.

8  admits that PSR and its predecessors contaminated adjacent properties, including State-owned

9  aquatic lands and sediments in Elliot Bay, by knowingly and intentionally releasing and

10  discharging hazardous substances from the Treating Plant in criminal violation of applicable

11  environmental laws. BAXTER INC. admits that, beginning in 1984, EPA issued a series of

12  administrative enforcement orders to PSR and its predecessors in connection with their

13  operations at the Treating Plant and that, in 1985, the Wyckoff Company, a predecessor of PSR,

14  Wyckoff's President, and three Wyckoff employees pled guilty to criminal violations of federal

15  environmental laws at the Treating Plant. BAXTER INC. denies that any funds incurred by PSR

16  or its predecessors in responding to the EPA administrative enforcement orders or in accordance

17  with the criminal plea agreements constitute "remedial action costs" as that term is used in RCW

18  70.105D.080. BAXTER INC. admits that on May 31, 1994, the U.S. Environmental Protection

19  Agency ("EPA") listed the "PSR Superfund Site" on the National Priorities List and that EPA

20  had previously separated the PSR Superfund Site into two geographically and functionally

21  distinct "operable units," as that term is defined in federal regulations known as the National

22  Contingency Plan, 40 C.F.R. § 300.5: (1) the Upland Operable Unit, which is co-extensive with

23  the Treating Plant; and (2) the offshore Marine Sediments Operable Unit. BAXTER INC. admits

24

DEFENDANT BAXTER INC.'S ANSWER,
AFFIRMATIVE DEFENSES, COUNTERCLAIM
AND CROSSCLAIM - 5

LAW OFFICES OF
JAMES C. HANKEN
999 THIRD AVENUE, SUITE 3210
SEATTLE, WASHINGTON 98104
(206) 689 1206
FAX (206) 381 3674

1  that EPA divided the PSR Superfund Site into these two operable units for all purposes

2  including:  remedial investigation; analysis of the feasibility of potential alternative remedial

3  actions; and implementation of selected remedial actions.  BAXTER INC. further responds that

4  the Upland Operable Unit has undergone environmental remediation and that completed remedial

5  actions confirmed that cleanup standards were met at the Upland Unit by no later than November

6  13, 1998.  BAXTER INC. denies that EPA anticipates spending additional remedial action costs

7  at the Upland Operable Unit in the future.  BAXTER INC. denies that Plaintiffs, or either of

8  them, have incurred remedial action costs at the Marine Sediments Units.  BAXTER INC. lacks

9  knowledge and information sufficient to form a belief as to the truth of the remaining allegations of

10  this paragraph.

11         3.10     BAXTER INC. admits that, in July or August 1994, the Port and EPA entered

12  into an "Agreement and Covenant Not To Sue Re The Pacific Sound Resources Superfund

13  Site" (hereafter "Prospective Purchaser Agreement").  BAXTER INC. responds that the

14  terms of the Prospective Purchaser Agreement speak for themselves.  BAXTER INC. admits

15  that, in October 1994, the Port purchased the approximately 22.7 acres of property formerly

16  owned by PSR at the Treating Plant.  BAXTER INC. further responds that, in entering into

17  the Prospective Purchaser Agreement, the Port disclaimed any liability for State-owned

18  aquatic lands at, adjacent to, or near the Treating Plant, including at the Marine Sediments

19  Operable Unit.  BAXTER INC. admits that, subject to certain limitations, EPA covenanted

20  not to sue the Port in connection with existing environmental contamination at the PSR

21  Superfund Site, but denies that EPA granted the Port contribution protection under the Model

22  Toxics Control Act ("MTCA").  BAXTER INC. further responds that any contribution

23  protection available to the Port under the Comprehensive Environmental Response,

24  Compensation, and Liability Act ("CERCLA"), extends only to the Port's status as a

prospective purchaser of the PSR property and not otherwise.  BAXTER INC. lacks

DEFENDANT BAXTER INC.'S ANSWER,
AFFIRMATIVE DEFENSES, COUNTERCLAIM
AND CROSSCLAIM - 6

LAW OFFICES OF
JAMES C. HANKEN
889 THIRD AVENUE, SUITE 3210
SEATTLE, WASHINGTON 98104
(206) 689-1205
FAX (206) 381-3574

1  knowledge and information sufficient to form a belief as to the truth of the remaining

2  allegations of this paragraph.

3      3.11    BAXTER INC. admits that, in September 1994, EPA and the Port entered into

4  Administrative Order on Consent No. 10-94-0213 ("Port AOC"). BAXTER INC. responds that

5  the terms of the Port AOC speak for themselves. BAXTER INC. further responds that the Port

6  AOC obligated the Port to implement certain tasks at the Upland Operable Unit only and did not

7  require the Port to implement any tasks at the Marine Sediments Operable Unit. BAXTER INC.

8  further responds that the Port completed all tasks required by the Port AOC prior to the end of

9  December 1998. BAXTER INC. denies that the Port expects to spend additional sums at the

10  Upland Unit in the future. BAXTER INC. further denies that the Port has incurred any remedial

11  action costs at the Marine Sediment Unit for which it has not received, or does not expect to

12  receive, reimbursement. BAXTER INC. lacks knowledge and information sufficient to form a

13  belief as to the truth of the remaining allegations of this paragraph.

14  **IV. LEGAL CLAIMS**

15      4.1    *Model Toxics Control Act.* BAXTER INC. re-alleges and incorporates by this

16  reference each preceding paragraph as though fully set forth herein.

17      4.2    This paragraph contains plaintiffs' characterization of the law to which no answer is

18  required. To the extent an answer may be deemed required, BAXTER INC. admits that the Port

19  and PSR are each a "person" as defined in RCW 70.105D.020(14). BAXTER INC. further

20  responds that the Port and PSR are each a liable person under RCW 70.105D.040(1).

21      4.3    This paragraph contains plaintiffs' characterization of the law to which no answer is

22  required. To the extent an answer may be deemed required, BAXTER INC. denies the allegations

23  of this paragraph. BAXTER INC. responds that the Marine Sediments Operable Unit constitutes

24  a "facility" as defined in RCW 70.105D.020(4). BAXTER INC. denies that the Upland

DEFENDANT BAXTER INC.'S ANSWER,
AFFIRMATIVE DEFENSES, COUNTERCLAIM
AND CROSSCLAIM - 7

LAW OFFICES OF
JAMES C. HANKEN
999 THIRD AVENUE, SUITE 3210
SEATTLE, WASHINGTON 98104
(206) 689-1206
FAX (206) 381-3574

Operable Unit constitutes a "facility" as defined in RCW 70.105D.020(4) because applicable cleanup standards have been met, and no further remedial actions are planned, in the Upland Unit.  BAXTER INC. further responds that, even if the Upland Operable Unit is deemed to constitute a "facility," it is a separate and distinct "facility" from the Marine Sediments Operable Unit.

4.4     BAXTER INC. denies the allegations of this paragraph insofar as they pertain to BAXTER INC.  BAXTER INC. lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph insofar as they pertain to other defendants.

4.5     BAXTER INC. admits that there has been a "release," as defined in RCW 70.105D.020(20), of a "hazardous substance," as defined in RCW 70.105D.020(7), to the Marine Sediments Operable Unit.  BAXTER INC. lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

4.6     BAXTER INC. admits that the term "remedial action" is defined in RCW 70.105D.020(21), but denies that the term "remedial action costs" is defined in RCW 70.105D.080.  BAXTER INC. lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

4.7     BAXTER INC. admits that RCW 70.105D.080 limits any entitlement to contribution to an equitable portion of those remedial action costs that, when evaluated as a whole, are the substantial equivalent of a remedial action conducted or supervised by the Washington Department of Ecology ("Ecology").  BAXTER INC. denies that Plaintiffs, or either of them, have taken remedial actions at the Marine Sediments Operable Unit that, when evaluated as a whole, are the substantial equivalent of a remedial action conducted or supervised

DEFENDANT BAXTER INC.'S ANSWER,
AFFIRMATIVE DEFENSES, COUNTERCLAIM
AND CROSSCLAIM - 8

LAW OFFICES OF
JAMES C. HANKEN
899 THIRD AVENUE, SUITE 3210
SEATTLE, WASHINGTON 98104
(206) 689 1205
FAX (206) 381-3674

1 by Ecology.  BAXTER INC. lacks knowledge and information sufficient to form a belief as to the

2 truth of the remaining allegations of this paragraph.

3      4.8     BAXTER INC. denies the allegations of this paragraph.  BAXTER INC. further

4 responds that RCW 70.105D.080 establishes a private right of contribution and provides that any

5 recovery is to be based on such equitable factors as the Court determines are appropriate.

6      4.9     *Declaratory Relief.*  BAXTER INC. re-alleges and incorporates by this reference

7 each preceding paragraph as though fully set forth herein.

8      4.10    BAXTER INC. admits the allegations of this paragraph.

9      4.11    BAXTER INC. denies the allegations of this paragraph.

10      4.12    *Negligence.*  BAXTER INC. re-alleges and incorporates by this reference each

11 preceding paragraph as though fully set forth herein.

12      4.13    BAXTER INC. denies the allegations of this paragraph.

13      4.14    BAXTER INC. denies the allegations of this paragraph.

14      4.15    BAXTER INC. denies the allegations of this paragraph.

15      4.16    *Nuisance.*  BAXTER INC. re-alleges and incorporates by this reference each

16 preceding paragraph as though fully set forth herein.

17      4.17    BAXTER INC. denies the allegations of this paragraph.  BAXTER INC. further

18 responds that any nuisance was created and maintained by the acts and omissions of PSR, its

19 predecessors, and other companies or persons.

20      4.18    BAXTER INC. denies the allegations of this paragraph.

21      4.19    BAXTER INC. denies the allegations of this paragraph.

22      4.20    *Trespass.*  BAXTER INC. re-alleges and incorporates by this reference each

23 preceding paragraph as though fully set forth herein.

24

DEFENDANT BAXTER INC.'S ANSWER,
AFFIRMATIVE DEFENSES, COUNTERCLAIM
AND CROSSCLAIM - 9

LAW OFFICES OF
JAMES C. HANKEN
999 THIRD AVENUE, SUITE 3210
SEATTLE, WASHINGTON 98104
(206) 689-1205
FAX (206) 381-3574

4.21    BAXTER INC. denies the allegations of this paragraph and specifically denies that Plaintiffs, or either of them, own or possess any property in the Marine Sediments Operable Unit.

4.22    BAXTER INC. denies the allegations of this paragraph and specifically denies that Plaintiffs, or either of them, own or possess any property in the Marine Sediments Operable Unit.

4.23    BAXTER INC. denies the allegations of this paragraph and specifically denies that Plaintiffs, or either of them, own or possess any property in the Marine Sediments Operable Unit.

BAXTER INC. denies each and every remaining allegation contained in the Complaint.

## FOURTH DEFENSE

This action or one or more of Plaintiffs' claims are time-barred by the applicable statutes of limitation.

## FIFTH DEFENSE

This action or one or more of Plaintiffs' claims are time-barred by the equitable doctrine of laches.

## SIXTH DEFENSE

To the extent Plaintiffs have sustained damages at all, such damages were caused in whole or in part by:  (1) the acts and omissions of PSR and its predecessors in (a) operating the Treating Plant and (b) releasing hazardous substances from the Treating Plant in violation of applicable environmental laws; and (2) the Port's failure to exercise due care in (a) managing the State-owned harbor area at the Treating Plant from 1913 to 1923 and (b) providing recommendations to DNR regarding the character of improvements at or on the State-owned harbor area at the Treating Plant and the terms or conditions of the leases of such harbor area.  Any recovery by Plaintiffs in this action must be offset and reduced in proportion to such negligent or other wrongful conduct.

## SEVENTH DEFENSE

Plaintiffs' alleged right of recovery is barred by the equitable doctrine of unclean

DEFENDANT BAXTER INC.'S ANSWER,
AFFIRMATIVE DEFENSES, COUNTERCLAIM
AND CROSSCLAIM - 10

LAW OFFICES OF
JAMES C. HANKEN
999 THIRD AVENUE, SUITE 3210
SEATTLE, WASHINGTON 98104
(206) 689 1205
FAX (206) 381 3874

1  hands.

2  **EIGHTH DEFENSE**

3  Plaintiffs are estopped from seeking recovery for environmental contamination from

4  others because one or both Plaintiffs profited from the very operations which Plaintiffs now

5  claim caused environmental contamination.

6  **NINTH DEFENSE**

7  BAXTER INC. denies liability to Plaintiffs and hereby alleges the fault of unknown

persons or entities who may have caused or contributed to Plaintiffs' alleged damages.

8  **TENTH DEFENSE**

9  Any damage sustained by Plaintiffs was caused in whole or in part by parties other

10  than BAXTER INC.

11  **ELEVENTH DEFENSE**

12  Any damage sustained by Plaintiffs was caused in whole or in part by persons or

13  entities not presently parties to this action.

14  **TWELFTH DEFENSE**

15  Contribution is not available when the harm and resulting remedies are the direct

result of Plaintiffs' deliberate, criminal and willful acts.

16  **THIRTEENTH DEFENSE**

17  If BAXTER INC. is held responsible for any of the costs or damages alleged by

18  Plaintiffs, BAXTER INC. is entitled to a setoff equal to any amount received by or credited

19  to Plaintiffs, or either of them, for remediation of environmental contamination at the Marine

20  Sediments Operable Unit.

21  **FOURTEENTH DEFENSE**

22  Plaintiffs are limited to seeking equitable contribution under RCW 70.105D.80 and

23  may not seek to impose joint and several liability on BAXTER INC. The burden of proof is

24  on Plaintiffs to establish an equitable allocation of eligible remedial action costs among all

DEFENDANT BAXTER INC.'S ANSWER,
AFFIRMATIVE DEFENSES, COUNTERCLAIM
AND CROSSCLAIM - 11

LAW OFFICES OF
**JAMES C. HANKEN**
999 THIRD AVENUE, SUITE 3210
SEATTLE, WASHINGTON 98104
(206) 689-1205
FAX (206) 381-3574

1  potentially liable persons, including but not limited to, PSR and its predecessors, the Port, the

2  other Defendants, and other persons not before the Court. In the event BAXTER INC. is

3  held responsible for any remedial action costs alleged by Plaintiffs, BAXTER INC.'s liability

4  is limited and proportionate to its respective equitable share of any such costs properly

5  allocated to BAXTER INC. pursuant to RCW 70.105D.080.

### FIFTEENTH DEFENSE

6

7  Plaintiffs are not entitled to recover their reasonable attorneys' fees, costs, and

   expenses pursuant to RCW 70.105D.080 under the circumstances of this case because the

8  environmental contamination was caused by the acts and omissions of PSR and its

9  predecessors, including their criminal conduct, and because the Port obtained a substantial

10 economic benefit by its acquisition of the property formerly owned by PSR at the Treating

11 Plant. In the event that BAXTER INC. is held responsible for any reasonable attorneys' fees,

12 costs, and expenses incurred by Plaintiffs, BAXTER INC.'s liability for such fees, costs, and

13 expenses is limited and proportionate to its respective equitable share of any remedial action

14 costs properly allocated to BAXTER INC. pursuant to RCW 70.105D.080.

### SIXTEENTH DEFENSE

15

16 BAXTER INC. is not one of the persons liable for remedial action costs under RCW

   70.105D.040(1) because BAXTER INC. did not own or operate any portion of the Treating

17 Plant or the Marine Sediments Operable Unit, nor did it arrange for the disposal or treatment

18 of any hazardous substances at the Treating Plant or the Marine Sediments Operable Unit.

19 Consequently, there has been no release of hazardous substances associated with BAXTER

20 INC.

### SEVENTEENTH DEFENSE

21

22 Plaintiffs seek to recover costs or expenses that are not costs of "remedial action" as

23 that term is defined by RCW 70.105D.020(21). Consequently, Plaintiffs' MTCA claim is

24 barred on the ground that such costs or expenses are not recoverable pursuant to RCW

DEFENDANT BAXTER INC.'S ANSWER,
AFFIRMATIVE DEFENSES, COUNTERCLAIM
AND CROSSCLAIM - 12

LAW OFFICES OF
**JAMES C. HANKEN**
999 THIRD AVENUE, SUITE 3210
SEATTLE, WASHINGTON 98104
(206) 689-1200
FAX (206) 381-3574

1   70.105D.080.

2   ## EIGHTEENTH DEFENSE

3   Some or all of the costs or damages allegedly incurred by Plaintiffs were not for

4   remedial actions that, when evaluated as a whole, were the substantial equivalent of a

5   remedial action conducted or supervised by Ecology.  Consequently, Plaintiffs' MTCA claim

6   is barred on the ground that such costs or damages are not recoverable pursuant to

    RCW 70.105D.080.

7   ## NINETEENTH DEFENSE

8   The releases of hazardous substances at the Marine Sediments Operable Unit have

9   resulted in a single environmental harm that is reasonably capable of apportionment among

10  the liable persons, including Plaintiffs.  Therefore, the environmental harm and associated

11  remedial action costs are divisible and, in the event BAXTER INC. is held responsible for

12  any of the costs alleged by Plaintiffs, BAXTER INC.'s liability is limited to the divisible

13  portion of costs reasonably associated with any releases of hazardous substances attributable

14  to BAXTER INC.

15  ## TWENTIETH DEFENSE

16  Plaintiffs lack standing to pursue the claims alleged in their Complaint because

    neither of them has incurred remedial action costs or damages at the Marine Sediments

17  Operable Unit.  Furthermore, Plaintiffs lack standing to recover any remedial action costs

18  allegedly incurred by EPA, Ecology, or any other entity or person in connection with any

19  releases of hazardous substances at the Marine Sediments Operable Unit.

20  ## TWENTY-FIRST DEFENSE

21  If BAXTER INC. is held responsible for any of the costs or damages alleged by

22  Plaintiffs, BAXTER INC. is entitled to an offset against such liability for: (1) any amounts

23  actually paid at any time to Plaintiffs, or either of them, by any person or entity not a party to

24  this suit, including any insurer, for any of Plaintiffs' alleged costs or damages; and (2) an

DEFENDANT BAXTER INC.'S ANSWER,
AFFIRMATIVE DEFENSES, COUNTERCLAIM
AND CROSSCLAIM - 13

LAW OFFICES OF
JAMES C. HANKEN
999 THIRD AVENUE, SUITE 3210
SEATTLE, WASHINGTON 98104
(206) 689-1205
FAX (206) 381-3574

1   amount equal to the equitable share of total liability of any person or entity in any way

2   released from liability to Plaintiffs, or either of them, with respect to any of Plaintiffs'

3   alleged costs, damages, or claims.

4   ### TWENTY-SECOND DEFENSE

5   Provisions of MTCA which conflict with federal law, including CERCLA, are barred

    by the doctrine of preemption.

6
    ### TWENTY-THIRD DEFENSE
7
    The Complaint and each cause of action therein are barred by the doctrines of
8
    contributory negligence and/or comparative fault.

9   ### TWENTY-FOURTH DEFENSE

10  BAXTER INC. at all times relevant exercised due care and diligence with respect to

11  the matters alleged in the Complaint.

12  ### TWENTY-FIFTH DEFENSE

13  To the extent the Complaint alleges liability associated with the Uplands Operable

14  Unit at the Treating Plant, the Complaint is barred by the doctrines of claim preclusion and

    issue preclusion.
15
    ### TWENTY-SIXTH DEFENSE
16
    The Complaint is barred by the doctrine of estoppel.
17
    ### TWENTY-SEVENTH DEFENSE

18  If plaintiffs suffered any damages whatsoever, which damages are denied by

19  BAXTER INC., any such damages are the result of the illegal acts, omissions, and conduct of

20  plaintiff PSR and its predecessors.  As a result, the Complaint is barred by the doctrine of

21  illegality.

22  ### COUNTERCLAIM AND CROSS-CLAIMS

23  Defendant BAXTER INC. answers the counterclaim filed against them by defendant

24

DEFENDANT BAXTER INC.'S ANSWER,
AFFIRMATIVE DEFENSES, COUNTERCLAIM
AND CROSSCLAIM - 14

LAW OFFICES OF
JAMES C. HANKEN
999 THIRD AVENUE, SUITE 3210
SEATTLE, WASHINGTON 98104
(206) 689-1205
FAX (206) 381-3674

1 | Burlington Northern and Santa Fe Railway ("BNSF").

## V.  MTCA APPORTIONMENT AND EQUITABLE CONTRIBUTION
### (AGAINST PSR, THE PORT, AND BNSF)

1.     The preceding allegations incorporated by BNSF require no answer by defendant BAXTER INC. and therefore BAXTER INC. neither admits nor denies them.  To the extent any response is required, defendant BAXTER INC. denies the incorporated allegations.

2.     Defendant BAXTER INC. is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of BNSF's Answer and Counterclaim and therefore denies them.

3.     Defendant BAXTER INC. admits that J.H. Baxter & Co., a California limited partnership ("BAXTER PARTNERSHIP"), J.H. Baxter & Co., a California corporation ("BAXTER CORPORATION"), and J.H. Baxter & Co., Inc., a California corporation ("BAXTER INC.") are each a "person" within the meaning of RCW 70.105D.020(14).

4.     With regard to the allegations in paragraph 4, BAXTER INC. denies that it, and any or all named J.H. Baxter entities, are each a liable person under RCW 70.105D.  Defendant BAXTER INC. admits all other allegations of paragraph 4.  Further, BAXTER INC. alleges that BNSF is a liable person as defined under RCW 70.105D.040(1) and for the reasons alleged in paragraph 4 of BNSF's Answer and Counterclaim.

5.     With regard to the allegations in paragraph 5, defendant BAXTER INC. admits the allegations of that paragraph.

6.     With regard to the allegations in paragraph 6, defendant BAXTER INC. admits that there was a "release" of a "hazardous substance" as a result of the acts, omissions, and criminal conduct of PSR.  Defendant BAXTER INC. denies the remaining allegations of paragraph 6 of BNSF's Answer and Counterclaim.

DEFENDANT BAXTER INC.'S ANSWER,
AFFIRMATIVE DEFENSES, COUNTERCLAIM
AND CROSSCLAIM - 15

LAW OFFICES OF
JAMES C. HANKEN
999 THIRD AVENUE, SUITE 3210
SEATTLE, WASHINGTON 98104
(206) 689-1205
FAX (206) 381-3574

1    7.    Defendant BAXTER INC. denies the allegations of paragraph 7.

2    8.    With regard to the allegations in paragraph 8, defendant BAXTER INC. admits

3  that if BAXTER INC. is held liable for remedial action costs it is entitled to an allocation of

4  liability based on such factors as the Court determines are appropriate.  Defendant BAXTER

5  INC. denies all remaining allegations in paragraph 8.

6    9.    To the extent that the allegations in the first sentence of paragraph 9 relate to

7  defendant BAXTER INC., defendant BAXTER INC. denies them.  The second sentence of

8  paragraph 9 is a statement of BNSF's request for an equitable allocation, which requires no

9  response, but should include all parties not otherwise named as a party by Plaintiff.  Defendant

10  BAXTER INC. denies all remaining allegations in paragraph 9.

11                   **VI.  CERCLA CONTRIBUTION AND DECLARATORY
                            JUDGMENT**
12                   **(AGAINST PSR, THE PORT, AND BNSF)**

13    10.    Defendant BAXTER INC. incorporates by reference all their responses to

14  Plaintiff's and BNSF's previous allegations incorporated by reference.

15    11.    Defendant BAXTER INC. admits that jurisdiction and venue of this case are

16  propery.

17    12.    Defendant BAXTER INC. admits the allegations in paragraph 12.

18    13.    With regard to the allegations in paragraph 13, BAXTER INC. denies that it, and

19  any or all named J.H. Baxter entities, are each a liable person under 42 U.S.C § 9607(a).

20  Defendant BAXTER INC. admits all other allegations of paragraph 13.  BAXTER INC. alleges

21  that PSR, the Port and BNSF are liable persons as defined under 42 U.S.C. § 9607(a) and for the

22  reasons alleged in paragraph 13 of BNSF's Answer and Counterclaim.

23    14.    Defendant BAXTER INC. admits the allegations of paragraph 14.

24

DEFENDANT BAXTER INC.'S ANSWER,
AFFIRMATIVE DEFENSES, COUNTERCLAIM
AND CROSSCLAIM - 16

LAW OFFICES OF
JAMES C. HANKEN
899 THIRD AVENUE, SUITE 3210
SEATTLE, WASHINGTON 98104
(206) 689 1205
FAX (206) 381-3574

1      15.    With regard to the allegations in paragraph 14, BAXTER INC. admits the

2   allegations contained therein with respect to PSR and its predecessors, including their employees

3   and agents who knowingly, wantonly, willfully or criminally acted on their behalf.

4      16.    In their Complaint, Plaintiffs allege that each of them has incurred remedial action

5   costs in connection with environmental contamination at the Marine Sediments Operable Unit.

6   Plaintiffs further allege that BAXTER INC. is a liable person under RCW 70.105D.40(1) for

7   remedial action costs incurred or to be incurred by Plaintiffs in connection with the Marine

8   Sediments Operable Unit.  BAXTER INC. denies that it is liable, in whole or in part, for any such

9   remedial action costs and alleges that PSR, the Port, and other persons are liable for such costs.

10   BAXTER INC. denies that the Port has incurred remedial action costs at the Marine Sediments

11   Operable Unit.

12      17.    If BAXTER INC. is held liable for any remedial action costs alleged by Plaintiffs,

13   BAXTER INC. is entitled, pursuant to 42 U.S.C. § 9613(f)(1), to equitable contribution from any

14   other person who is liable or potentially liable under 42 U.S.C. § 9607(a) for any remedial action

15   costs that BAXTER INC. is required to incur in connection with the presence or release of

16   hazardous substances at the Marine Sediments Operable Unit.  BAXTER INC. is also entitled to a

17   declaratory judgment apportioning the total liability among all liable persons for any remedial

18   action costs that may be incurred in the future at the Marine Sediments Operable Unit.

19      18.    If BAXTER INC. is held liable for any remedial action costs alleged by Plaintiffs,

20   PSR, the Port, and BNSF are liable to BAXTER INC. for contribution under 42 U.S.C. § 9613(f)(1)

21   for all remedial action costs incurred by BAXTER INC. in excess of the respective equitable share

22   of any such costs properly allocated to BAXTER INC.  BAXTER INC. requests that the Court

23   apportion the total liability for the remedial action costs alleged by Plaintiffs, and issue a declaratory

24

DEFENDANT BAXTER INC.'S ANSWER,
AFFIRMATIVE DEFENSES, COUNTERCLAIM
AND CROSSCLAIM - 17

LAW OFFICES OF
JAMES C. HANKEN
999 THIRD AVENUE, SUITE 9210
SEATTLE, WASHINGTON 98104
(206) 639-1205
FAX (206) 381-3574

1   judgment apportioning the total liability for any remedial action costs that may be incurred at the

2   Marine Sediments Operable Unit in the future, among all liable persons who contributed to the

3   environmental contamination based upon such equitable factors as the Court deems are appropriate.

### VII.  CONTRACTUAL INDEMNITY
### (AGAINST PSR)

4

5       19.      Defendant BAXTER INC. incorporates by reference all their responses to Plaintiff's

6   and BNSF's previous allegations incorporated by reference.

7       20.      Defendant BAXTER INC. admits the allegations in paragraph 20.

8       21.      BAXTER INC. lacks knowledge and information sufficient to form a belief as to

9   the truth of the allegations of this paragraph.

10      22.      BAXTER INC. lacks knowledge and information sufficient to form a belief as to

11  the truth of the allegations of this paragraph.

12      23.      BAXTER INC. lacks knowledge and information sufficient to form a belief as to

13  the truth of the allegations of this paragraph.

14      24.      BAXTER INC. lacks knowledge and information sufficient to form a belief as to

15  the truth of the allegations of this paragraph.

16      25.      BAXTER INC. lacks knowledge and information sufficient to form a belief as to

17  the truth of the allegations of this paragraph.

18      26.      Defendant BAXTER INC. admits the allegations in paragraph 26.

19      27.      BAXTER INC. lacks knowledge and information sufficient to form a belief as to

20  the truth of the allegations of this paragraph.

21      28.      BAXTER INC. lacks knowledge and information sufficient to form a belief as to

22  the truth of the allegations of this paragraph.

23

24

DEFENDANT BAXTER INC.'S ANSWER,
AFFIRMATIVE DEFENSES, COUNTERCLAIM
AND CROSSCLAIM - 18

LAW OFFICES OF
JAMES C. HANKEN
999 THIRD AVENUE, SUITE 3210
SEATTLE, WASHINGTON 98104
(206) 689 1205
FAX (206) 381-3674

1    29.    BAXTER INC. lacks knowledge and information sufficient to form a belief as to

2  the truth of the allegations of this paragraph.

3    30.    BAXTER INC. lacks knowledge and information sufficient to form a belief as to

4  the truth of the allegations of this paragraph.

5    31.    BAXTER INC. lacks knowledge and information sufficient to form a belief as to

6  the truth of the allegations of this paragraph.

7    32.    BAXTER INC. lacks knowledge and information sufficient to form a belief as to

8  the truth of the allegations of this paragraph.

9    33.    BAXTER INC. lacks knowledge and information sufficient to form a belief as to

10  the truth of the allegations of this paragraph.

11    34.    BAXTER INC. lacks knowledge and information sufficient to form a belief as to

12  the truth of the allegations of this paragraph.

13    35.    BAXTER INC. lacks knowledge and information sufficient to form a belief as to

14  the truth of the allegations of this paragraph.

15    36.    BAXTER INC. lacks knowledge and information sufficient to form a belief as to

16  the truth of the allegations of this paragraph.

17    37.    BAXTER INC. lacks knowledge and information sufficient to form a belief as to

18  the truth of the allegations of this paragraph.

19    38.    BAXTER INC. lacks knowledge and information sufficient to form a belief as to

20  the truth of the allegations of this paragraph.

21    39.    Defendant BAXTER INC. admits the allegations in paragraph 39.

22    40.    BAXTER INC. lacks knowledge and information sufficient to form a belief as to

23  the truth of the allegations of this paragraph.

24

DEFENDANT BAXTER INC.'S ANSWER,
AFFIRMATIVE DEFENSES, COUNTERCLAIM
AND CROSSCLAIM - 19

LAW OFFICES OF
JAMES C. HANKEN
999 THIRD AVENUE, SUITE 3210
SEATTLE, WASHINGTON 98104
(206) 689 1205
FAX (206) 381 3574

41.     BAXTER INC. lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

## VIII. DECLARATORY RELIEF
### (AGAINST PSR, THE PORT, BNSF)

42.     Defendant BAXTER INC. incorporates by reference all their responses to petitioner's and BNSF's previous allegations incorporated by reference.

43.     Defendant BAXTER INC. admits the allegations in paragraph 43.

44.     Defendant BAXTER INC. denies the allegations of paragraph 44.  Defendant further alleges that Pursuant to RCW 7.24.010 and 28 U.S.C. § 2201, BAXTER INC. is entitled to a declaratory judgment that it is not liable for any remedial action costs or other damages incurred or to be incurred by Plaintiffs or others in connection with the presence or release of hazardous substances at the Marine Sediments Operable Unit.

45.     If BAXTER INC. is held liable for any remedial action costs alleged by Plaintiffs, BAXTER INC. is entitled, pursuant to RCW 70.105D.080 and 28 U.S.C. § 2201, to a declaratory judgment apportioning the total liability for remedial action costs incurred or to be incurred at the Marine Sediments Operable Unit among all liable persons and declaring that BAXTER INC.'s liability is limited and proportionate to its respective equitable share of such costs properly allocated to BAXTER INC.

46.     If BAXTER INC. is held liable for any remedial action costs or other damages alleged by Plaintiffs, BAXTER INC. is entitled to a declaratory judgment that others criminally responsible are obligated to indemnify BAXTER INC. for all such costs or damages.

DEFENDANT BAXTER INC.'S ANSWER,
AFFIRMATIVE DEFENSES, COUNTERCLAIM
AND CROSSCLAIM - 20

LAW OFFICES OF
JAMES C. HANKEN
999 THIRD AVENUE, SUITE 3210
SEATTLE, WASHINGTON 98104
(206) 689-1206
FAX (206) 381-3574

1        Defendant BAXTER INC. denies each allegation in Plaintiff's Complaint and BNSF's

2 Answer and Counterclaim other than those specifically admitted above.

3        WHEREFORE, defendant BAXTER INC. prays that:

4        1.    Plaintiffs' claims against it are dismissed with prejudice and that judgment is

5 entered in BAXTER INC.'s favor;

6        2.    For a declaratory judgment that BAXTER INC. is not liable for any part of the

7 remedial action costs or other damages allegedly incurred or to be incurred by Plaintiffs;

8        3.    For a declaratory judgment that BAXTER INC. is entitled to contractual

9 indemnification from PSR for all costs of defense incurred by BAXTER INC., including

10 attorneys' and experts' fees and other litigation expenses;

11        4.    If BAXTER INC. is held liable for any remedial action costs allegedly incurred

12 by Plaintiffs, for a declaratory judgment apportioning the total liability for such costs, and for

13 any remedial action costs to be incurred in the future, among all liable persons and declaring that

14 BAXTER INC.'s liability is limited and proportionate to its respective equitable share of such

15 costs;

16        5.    If BAXTER INC. is held liable for any remedial action costs allegedly incurred or

17 to be incurred by Plaintiffs, for a declaratory judgment that BAXTER INC. is entitled to

18 indemnification from others who are criminally responsible for all such costs;

19        6.    That BAXTER INC. recover all costs of suit, attorneys' fees, and litigation

20 expenses as may be allowed by law; and

21        7.    That BAXTER INC. be awarded such other and further relief as this Court deems

22 just and equitable.

23

24

DEFENDANT BAXTER INC.'S ANSWER,
AFFIRMATIVE DEFENSES, COUNTERCLAIM
AND CROSSCLAIM - 21

LAW OFFICES OF
JAMES C. HANKEN
999 THIRD AVENUE, SUITE 3210
SEATTLE, WASHINGTON 98104
(206) 689 1206
FAX (206) 381-3674

1    DATED this _____ day of October, 2004.

2

3                                    James C Hanken, WSBA# 1516
                                     Attorneys for J. H. Baxter & Co., Inc., Defendants
                                     999 Third Avenue, Suite 3210
4                                    Seattle, WA  98104
                                     Telephone:    (206) 689-1205
5                                    Facsimile:    (206) 689-7999
                                     Email:        jhanken@hankenlaw.biz
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

DEFENDANT BAXTER INC.'S ANSWER,
AFFIRMATIVE DEFENSES, COUNTERCLAIM
AND CROSSCLAIM - 22

LAW OFFICES OF
JAMES C. HANKEN
999 THIRD AVENUE, SUITE 3210
SEATTLE, WASHINGTON 98104
(206) 689-1205
FAX (206) 381-3574