1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PACIFIC SOUND RESOURCES, *et al.,*

Plaintiffs,

v.

THE BURLINGTON NORTHERN AND
SANTA FE RAILWAY COMPANY, *et al.,*

Defendants.

Case No.  C04-1654L

ORDER DENYING MOTION FOR
STAY

   This matter comes before the Court on the Motion for Stay (Dkt. # 23) filed by plaintiffs Pacific Sound Resources and the Port of Seattle ("Plaintiffs").  Plaintiffs request that this action be stayed pending the resolution of their related state court action.  The Burlington Northern and Santa Fe Railway Company, *et al.* ("Defendants") oppose the stay.  For the reasons set forth below, the motion is denied.

## I.  BACKGROUND

   In September, 2002, Plaintiffs filed suit in King County Superior Court against Defendants and the State of Washington.  In the 2002 action, Plaintiffs sought recovery of costs and damages under Washington statutory and common law arising out of the contamination and subsequent clean-up of the Puget Sound Resources superfund site in West Seattle (the "PSR site").  In March 2004, Defendants successfully moved for summary judgment in the 2002

ORDER DENYING MOTION FOR
STAY

1  action on statute of limitations grounds.  In its summary judgment order and subsequent order of

2  clarification, the King County Superior Court held that the 2002 action only covered claims

3  brought with regard to contamination of upland portions of the PSR site, but did not raise claims

4  relating to contaminated marine sediments.

5       Plaintiffs appealed the Superior Court's ruling[1] and, on June 30, 2004, filed a second

6  lawsuit in state court, which was then removed to this Court on the basis of diversity

7  jurisdiction.  This current suit differs from the 2002 action in two respects:  (1) it does not name

8  the State of Washington as a defendant; and (2) it seeks recovery for costs and damages related

9  only to the contaminated marine sediment claims that the state court ruled were not raised in the

10  2002 action.

11       In their motion, Plaintiffs ask this Court to stay the proceedings in this case pending the

12  resolution of the 2002 action.

13                                      **II. DISCUSSION**

14       As an initial matter, the Court notes that a determination of whether to stay a federal

15  court proceeding in deference to a pending state court proceeding is guided by the Supreme

16  Court's holding in Colorado River Water Conservation Dist. v. U.S., 424 U.S. 800, 817

17  (1976)).[2]  "Under Colorado River, conservation of judicial resources and comprehensive

18  disposition of litigation may justify a decision by the district court to stay federal proceedings

19  pending the resolution of concurrent state court proceedings involving the same matter."  Holder

20  v. Holder, 305 F.3d 854, 867 (9th Cir. 2002).  The Colorado River doctrine, however, is

21  considered "a narrow exception to the virtually unflagging obligation of the federal courts to

22  

23      [1]Division I of the court of appeals has heard oral argument and an opinion is pending.

24      [2]In their motion, Plaintiffs argue that Universal Gypsum of Georgia, Inc. v. Am. Cyanamid Co.,

25  390 F. Supp. 824 (S.D.N.Y. 1975) identifies the relevant factors to consider when deciding whether to
grant a stay.  Universal Gypsum, however, was decided prior to the Supreme Court's decision in

26  Colorado River.  This Court relies on the Colorado River case and its progeny in determining whether a
stay is appropriate.

ORDER DENYING MOTION FOR
STAY

exercise the jurisdiction given them." Id. The doctrine applies in only "exceptional circumstances." Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1, 15-16 (1983). The Ninth Circuit has listed a number of factors for federal courts to consider when deciding whether to grant a stay, including:

(1) whether the state court first assumed jurisdiction over property;
(2) inconvenience of the federal forum;
(3) the desirability of avoiding piecemeal litigation;
(4) the order in which jurisdiction was obtained by the concurrent forums;
(5) whether federal law or state law provides the rule of decision on the merits;
(6) whether the state court proceedings are inadequate to protect the federal litigant's rights; and
(7) whether exercising jurisdiction would promote forum shopping.

See Holder, 305 F.3d at 870. The balance is "heavily weighted in favor of the exercise of jurisdiction." Cone, 460 U.S. at 16.

A review of these factors demonstrates that a stay is not appropriate. Factors (1) and (2) do not favor granting a stay. The 2002 action does not require the state court to assume jurisdiction over property. In addition, the relative convenience of the federal forum is not an issue since both the state and federal proceedings will take place in King County, Washington.

Plaintiffs have presented no exceptional circumstances that indicate that Factor (3), the avoidance of piecemeal litigation, requires a stay. To the contrary, although the two cases overlap, the extent of that overlap is not clear. As Plaintiffs concede, this action only involves claims relating to contaminated marine sediment. Although the scope of the claims in the 2002 action are yet to be finally determined, there is a good possibility that the 2002 action will not touch on the issues raised in this suit. If there is some doubt about wether the 2002 action "will be an adequate vehicle for the complete and prompt resolution of the issues between the parties," granting a stay is inappropriate. Cone, 460 U.S. at 28.

Factor (4) also counsels against a stay. Although the state court proceeding was filed first, the question of priority is measured in terms of how much progress has been made in each of the two actions. See Cone, 460 U.S. at 21; see also Travelers Indem. Co. v. Madonna, 914

ORDER DENYING MOTION FOR
STAY

1    F.2d 1363, 1370 (9th Cir. 1990).  In this suit, discovery is well-underway and a summary

2    judgment motion has been filed.  The 2002 action, by comparison, is currently pending before

3    the state court of appeals.  It is unclear when that appeal will be decided and whether any further

4    appeals will be sought.  Under the circumstances, there is no clear winner in the priority

5    category.

6          Factor (5) does not favor a stay.  That issues of state law have been raised only weighs in

7    favor of a stay "'in some rare circumstances.'"  Travelers Indem., 914 F.2d at 1370 (quoting

8    Cone, 460 U.S. at 26).  This suit does not present such a rare circumstance.  Although Plaintiffs

9    claims are based on state law, this Court is fully capable of deciding them.  Moreover,

10    Defendants have filed counterclaims under the Comprehensive Environmental Response,

11    Compensation, and Liability Act , 42 U.S.C. §§ 9601 et seq.  "[T]he presence of federal-law

12    issues must always be a major consideration weighing against" a stay under Colorado River.  Id.

13          Finally, Factors (6) and (7) do not favor a stay.  There is no question that the state

14    proceedings afford both parties adequate protection, and there is no allegation of forum

15    shopping.

16                    **III.  CONCLUSION**

17          Based on the foregoing, Plaintiffs have failed to show that exceptional circumstances

18    warrant a stay of this action pending the resolution of the state court proceedings.  Accordingly,

19    the Motion for Stay (Dkt. # 23) is DENIED.

20

21          DATED this 30th day of June, 2005.

22

23

24                          *Robert S. Lasnik*

25                          Robert S. Lasnik
                                United States District Judge

26

ORDER DENYING MOTION FOR
STAY