1

THE HONORABLE ROBERT S. LASNIK

2

3

4

5

6

7

8          UNITED STATES DISTRICT COURT
       WESTERN DISTRICT OF WASHINGTON
9                  AT SEATTLE

PACIFIC SOUND RESOURCES, a Washington          No.  C04-1654L
10  non-profit corporation; and THE PORT OF
SEATTLE, a Washington municipal corporation;
11
                                             **PLAINTIFF PACIFIC SOUND**
                      Plaintiffs,            **RESOURCES' MOTION FOR**
12                                           **RECONSIDERATION OF ORDER**
       v.                                    **GRANTING MOTION FOR**
13                                           **SUMMARY JUDGMENT**
   THE BURLINGTON NORTHERN AND
14  SANTA FE RAILWAY COMPANY, a Delaware      **NOTE ON MOTION CALENDAR:**
corporation; J.H. BAXTER & CO., a California  **FEBRUARY 21, 2006**
15  limited partnership; J.H. BAXTER & CO., a
California corporation; and J.H. BAXTER & CO.,
16  INC., a California corporation.

17                    Defendants.

18                     **I.      RELIEF REQUESTED**

19        Plaintiff Pacific Sound Resources (PSR) respectfully requests that the Court reconsider

20  its February 6, 2006 Order Granting Motion for Summary Judgment on grounds of lack of

21  Article III standing.  Since this case was originally removed from state court under 28

22  U.S.C. § 1441, PSR requests that the Court modify its order dismissing PSR's claims and

23  instead enter an order remanding the case to state court as required by 28 U.S.C. § 1447(c).

24                **II.      STATEMENT OF FACTS**

25        Plaintiffs originally brought their cost recovery claims against BNSF and the other

26  defendants in a single lawsuit in state court.  On September 25, 2002, plaintiffs PSR and the

27  Port of Seattle (Port) filed suit in King County Superior Court against BNSF and other

28  MOTION FOR RECONSIDERATION
   C04-1654Z - PAGE 1

defendants, seeking recovery of environmental cleanup costs and declaratory relief related to the Wyckoff West Seattle Site (the "2002 King County Suit").  Wood treating operations had contaminated the upland area surrounding the treating plant, as well as the sediments in Elliott Bay adjacent to the plant.  Plaintiffs sued to recover the costs of cleaning up both portions of the Site, asserting causes of action based exclusively on state law.

On May 25, 2004, the King County Superior Court granted summary judgment in favor of BNSF on statute of limitations grounds.  In response to plaintiffs' motion for clarification or reconsideration, the state court also ruled that plaintiffs' complaint sought recovery of costs incurred only in the upland portion of the Site, not in the sediments.  That order clarified that the summary judgment order did not prevent plaintiffs from filing a separate action asserting claims for sediment cleanup costs.  Plaintiffs appealed both orders to the Washington Court of Appeals.

While the appeal was pending, plaintiffs filed a new action in King County Superior Court (the "2004 King County Suit") against all but one of the same defendants named in the 2002 King County Suit.[1]  Plaintiffs alleged the same facts and the same causes of action that they had asserted in the 2002 King County Suit.  However, in response to the trial court's orders on summary judgment and clarification, the 2004 King County Suit sought recovery of cleanup costs for sediments only.

BNSF then removed the 2004 King County Suit—this action—to federal court on grounds of diversity jurisdiction.  On April 22, 2005, plaintiffs asked this Court to stay the federal court action pending the outcome of the state court appeal.  *See* Plaintiffs' Motion for Stay.  Plaintiffs argued that if the state court appeal was successful, the sediments and uplands claims could be recombined in a single lawsuit, which would make the litigation far more efficient for the courts and for the parties.  *Id*. at 5.  This Court denied plaintiffs' motion.

---

[1] The State of Washington was a defendant in the 2002 King County Suit, but it settled with plaintiffs before the 2004 King County Suit was filed.

MOTION FOR RECONSIDERATION
C04-1654Z - PAGE 2

CASCADIA LAW GROUP PLLC
1201 THIRD AVENUE, SUITE 320
SEATTLE, WASHINGTON 98101
(206) 292-6300

1    On December 27, 2005, the Washington Court of Appeals reversed the summary

2  judgment order in the 2002 King County Suit and remanded the case for trial. *See Pac. Sound*

3  *Res. v. Burlington N. Santa Fe Ry. Corp.*, __Wn.2d __, 125 P.3d 981 (2005) (copy attached as

4  Exhibit A).  The state Court of Appeals ruled that plaintiffs' MTCA claims were not barred

5  by the statute of limitations.[2]  125 P.3d at 986.  In a footnote, the Court of Appeals also

6  wrote that plaintiffs' complaint in the 2002 King County Suit "sought contribution for the

7  remedial costs incurred at the entire Site *including sediments*."  125 P.3d at 985 n.8 (emphasis

8  added).  BNSF recently filed a petition asking the Washington Supreme Court to review the

9  Court of Appeals' decision.

10    On February 6, 2006, this Court entered its Order Granting Motion for Summary

11  Judgment, which concluded that PSR lacked Article III standing to maintain this action in

12  federal court.  This motion asks the Court to remand the case to state court, where it

13  originated and where it can be consolidated with the 2002 King County Superior Court case, if

14  and when that case is remanded for trial.

15    **III.    ARGUMENT AND AUTHORITIES**

16    The Court has ruled that PSR, by entering into a Consent Decree in August 1994, and

17  paying money to the PSR Environmental Trust pursuant to that decree, suffered a "concrete

18  and particularized" injury.  Order Granting Motion for Summary Judgment at 7.  In addition,

19  "[b]ecause PSR faced increased expense due to BNSF's alleged pollution," the Court has

20  determined "that BNSF may have caused, at least in part, the injury to PSR." *Id.*  The Court

21  has nevertheless concluded that PSR lacks standing under Article III to assert claims against

22  BNSF because the benefit of the remedy available under such claims will accrue to another

23  party, so even a favorable outcome cannot redress the harm PSR suffered. *Id.* at 8.

24    The Court's ruling that PSR failed to meet the requirements for Article III standing is a

25  determination that it lacks subject matter jurisdiction over PSR's claims. *Cetacean Cmty. v.*

26  _____

27    [2] However, the state court held that plaintiffs' common law theories of trespass, nuisance, and
negligence were barred by the statute of limitations.  125 P.3d at 990.

28  MOTION FOR RECONSIDERATION
C04-1654Z - PAGE 3

CASCADIA LAW GROUP PLLC
1201 THIRD AVENUE, SUITE 320
SEATTLE, WASHINGTON 98101
(206) 292-6300

1    *Bush*, 386 F.3d 1169, 1175 (9th Cir. 2004) ("a suit brought by a plaintiff without Article III

2    standing is not a 'case or controversy,' and an Article III federal court therefore lacks subject

3    matter jurisdiction over the suit"). *See also Maine Ass'n of Interdependent Neighborhoods*

4    *("MAIN") v. Comm'r, Maine Dep't of Human Servs.,* 876 F.2d 1051, 1053 (1st Cir. 1989)

5    (that plaintiffs "did not fulfill the minimal, constitutional requirements for standing" is a

6    "determination that the district court lacked subject matter jurisdiction").

7         Where a district court determines that it does not have subject matter jurisdiction over

8    a case removed under 28 U.S.C. §§ 1441, 1446, the court must remand the case to state court.

9    28 U.S.C. § 1447(c).  In *MAIN*, for example, defendants removed a state court action, then

10   sought and procured dismissal of the action on the grounds that plaintiff lacked Article III

11   standing.  On appeal, the First Circuit ruled that dismissal was improper.  It found that "the

12   literal words of the statute required the district court to remand the case."  876 F.2d at 1054

13   (citation omitted).

14        This rule of law has been universally recognized and applied by every Circuit Court

15   that has considered the issue, including the Ninth Circuit.  *See Lee v. Am. Nat'l Ins. Co.*, 260

16   F.3d 997, 1006 (9th Cir. 2001), *cert. denied*, 535 U.S. 928, 122 S. Ct. 1299 (2002) (if federal

17   court lacks subject matter jurisdiction over case removed from state court, 28 U.S.C. § 1447(c)

18   requires that the case be remanded to state court); *Albingia Versicherungs A.G. v. Schenker*

19   *Int'l, Inc.*, 344 F.3d 931, 938 (9th Cir. 2003), *opinion amended and superseded on denial of*

20   *rehearing*, 350 F.3d 916 (9th Cir. 2003), *cert. denied*, 541 U.S. 1041, 124 S. Ct. 2162 (2004)

21   ("[S]ection 1447(c) means that if it is discovered at any time in the litigation that there is no

22   federal jurisdiction, a removed case must be remanded to the state court rather than

23   dismissed")*.  See also Smith v. Wisconsin Dep't of Agric., Trade and Consumer Prot.*, 23 F.3d

24   1134, 1142 (7th Cir. 1994) (remand is proper remedy for a district court's lack of subject

25   matter jurisdiction over an action removed to that court); *Roach v. West Virginia Reg'l Jail &*

26   *Corr. Facility Auth.*, 74 F.3d 46, 49 (4th Cir. 1996) (absence of federal subject matter

27   jurisdiction requires remand to state court); *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405,

28   MOTION FOR RECONSIDERATION
     C04-1654Z - PAGE 4

1   410 (11th Cir. 1999) (remand under § 1447(c) "is mandatory"); *Bromwell v. Mich. Mut. Ins.*

2   *Co.*, 115 F.3d 208, 213–14 (3rd Cir. 1997) (federal court lacking jurisdiction over an action

3   removed from state court "must remand"); *Coyne v. Am. Tobacco Co.*, 183 F.3d 488 (6th Cir.

4   1999) ("the literal words of § 1447(c) . . . on their face, give . . . no discretion to dismiss rather

5   than remand an action").

6        Because remand is mandatory, this Court need not speculate whether the state court

7   has subject matter jurisdiction over the case.[3]   The remand statute does not provide a "futility

8   exception."  See *Coyne*, 183 F.3d at 496 (holding (1) that "the futility of a remand to state

9   court does not provide an exception to the plain and unambiguous language of § 1447(c)" and

10   (2) that "there is no implicit futility exception hidden behind the plain language of § 1447(c)");

11   *MAIN,* 876 F.2d at 1056 (plaintiffs "should have a chance to try" to establish jurisdiction in

12   state court); *Univ. of S. Ala.*, 168 F.3d at 410 (§ 1447(c) "is mandatory and may not be

13   disregarded based on speculation" regarding futility); *Bromwell*, 115 F.3d at 213–14 (federal

14   court lacking jurisdiction over an action removed from state court "must remand and not

15   dismiss on the ground of futility").

16        Here, the Court's Order Granting Motion for Summary Judgment in favor of BNSF

17   deprived the Court of subject matter jurisdiction over the case.  The Court concluded that PSR

18   lacked standing to assert its claims in federal court.  The Court previously ruled that the Port

19   had incurred no compensable damages and on that basis granted summary judgment for BNSF

20   on the Port's claims.  Thus, the Court has no subject matter jurisdiction over any claims left in

21   the case.[4]  Under 28 U.S.C. § 1447(c), the case must be remanded to state court.

22   _____

23        [3]  Washington rules of standing differ from those developed under Article III of the United States
     Constitution.  Under Washington law, courts ask two questions to determine whether a party has standing:

24   first, whether the interest asserted is arguably within the zone of interests to be protected by the statute or
     constitutional guaranty in question; and second, whether the party seeking standing has suffered from an injury

25   in fact, economic or otherwise.  *See Branson v. Port of Seattle*, 152 Wn.2d 862, 875–76, 101 P.3d 67 (2004).

26        [4]  Defendants BNSF and Baxter asserted counterclaims and cross-claims, but all such claims are
     contingent on defendants first being found liable on plaintiffs' claims.  For example, BNSF asserted counter-

27   and cross-claims based on MTCA apportionment and equitable contribution. However, BNSF claimed that it
     was entitled to relief under these theories only "[i]f BNSF is held liable for any remedial action costs alleged by

28   Plaintiffs."  *See* Amended Answer, Affirmative Defenses, Counter-Claim, and Cross-Claim of Defendant The

CASCADIA LAW GROUP PLLC
1201 THIRD AVENUE, SUITE 320
SEATTLE, WASHINGTON 98101
(206) 292-6300

1

## IV.   CONCLUSION

2      For the foregoing reasons, PSR respectfully requests that the Court reconsider its order

3   dismissing PSR's claims, and instead remand this case to state court.

4      Dated:  February 21, 2006.

5                                   s/ Stephen J. Tan
                                    WSBA No. 22756
6                                   Rodney L. Brown, Jr., WSBA No. 13089
                                    David D. Dicks, WSBA No. 29422
7                                   CASCADIA LAW GROUP PLLC
                                    1201 Third Avenue, Suite 320
8                                   Seattle, WA  98101
                                    Telephone:  (206) 292-6300
9                                   Fax:  (206) 292-6301
                                    E-mail:   stan@cascadialaw.com
10                                            rbrown@cascadialaw.com
                                              ddicks@cascadialaw.com
11
                                    s/ Gillis E. Reavis
12                                  WSBA No. 21451
                                    FOSTER PEPPER & SHEFELMAN PLLC
13                                  1111 Third Avenue, Suite 3400
                                    Seattle, WA  98101
14                                  Telephone:  (206) 447-7295
                                    Fax:  (206) 749-2160
15                                  E-mail:   reavg@foster.com

16                                  Attorneys for Plaintiffs

17

18

19

20

21
_____
22   Burlington Northern and Santa Fe Railway Company ("BNSF Answer") at 16.  Each of defendants' counter- and
     cross-claims is similarly framed.  *See* BNSF Answer at 16–23 (¶¶ 8, 9, 17, 18, 41, 45, 46); Answer, Counter-
23   Claim and Cross-Claim of Defendant J.H. Baxter & Co., a California Corporation at 17–21 (¶¶ 17, 18, 45, 46);
     Answer, Counter-Claim and Cross-Claim of Defendant J.H. Baxter & Co., Inc., a California Corporation at
24   17–20 (¶¶ 17, 18, 45, 46); and Answer, Counter-Claim and Cross-Claim of Defendant J.H. Baxter & Co., a
     California Limited Partnership at 18–22 (¶¶ 17, 18, 45, 46).  Because under the Court's order defendants cannot
25   be held liable to plaintiffs in federal court, these counter- and cross-claims are not remaining for resolution, and
     they do not prevent the Court from remanding the entire case to state court.
26

27

28   MOTION FOR RECONSIDERATION                          CASCADIA LAW GROUP PLLC
     C04-1654Z - PAGE 6                                  1201 THIRD AVENUE, SUITE 320
                                                         SEATTLE, WASHINGTON 98101
                                                         (206) 292-6300

1

**CERTIFICATE OF SERVICE**

2        I hereby certify that on February 21, 2006, I electronically filed the foregoing

3    with the Clerk of the Court using the CM/ECF system which will send notification of

4    such filing to the following:

5

6

7

8

9

10

| | |
|---|---|
| Thomas D. Adams<br>Bullivant Houser Bailey PC<br>1601 Fifth Avenue, Suite 2400<br>Seattle, WA 98101-1618<br>Email: tom.adams@bullivant.com<br>**Attorneys for Defendant The Burlington Northern and Santa Fe Railway Company** | John F. Barg<br>Marc A. Zeppetello<br>Barg Coffin Lewis & Trapp, LLP<br>One Market Steuart Tower, Suite 2700<br>San Francisco, CA 94105-1475<br>Email: jfb@bcltlaw.com<br>maz@bcltlaw.com<br>**Attorneys for Defendant The Burlington Northern and Santa Fe Railway Company** |
| James C. Hanken<br>Law Offices of James C. Hanken<br>999 Third Avenue, Suite 3210<br>Seattle, WA 98104<br>Email: jhanken@hankenlaw.biz<br>**Attorneys for Defendants Baxter Entities** | Gillis E. Reavis<br>Foster Pepper & Shefelman PLLC<br>1111 Third Avenue, Suite 3400<br>Seattle, WA 98101<br>Telephone: (206) 447-7295<br>Fax: (206) 749-2160<br>E-mail: reavg@foster.com<br>**Attorneys for Plaintiffs** |

11

12

13

14

15

16                        s/ Mary V. Liton

                        CASCADIA LAW GROUP PLLC

17                        1201 Third Avenue, Suite 320

                        Seattle, Washington 98101

18                        Telephone: (206) 292-6300

                        Fax: (206) 292-6301

19                        E-mail: mliton@cascadialaw.com

20

21

22

23

24

25

26

27

28    MOTION FOR RECONSIDERATION

    C04-1654Z - PAGE 7