THE HONORABLE ROBERT S. LASNIK

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

PACIFIC SOUND RESOURCES, a
Washington non-profit corporation; and
THE PORT OF SEATTLE, a Washington
municipal corporation,

        Plaintiffs,

        v.

THE BURLINGTON NORTHERN AND
SANTA FE RAILWAY CO., a Delaware
corporation; J.H. BAXTER & CO., a
California limited partnership; J.H.
BAXTER & CO., a California corporation;
and J.H. BAXTER & CO., INC., a
California corporation,

        Defendants.

Case No. C04-1654L

DEFENDANT BNSF RAILWAY
COMPANY'S OPPOSITION TO
PACIFIC SOUND RESOURCE'S
MOTION FOR RECONSIDERATION
OF ORDER GRANTING MOTION FOR
SUMMARY JUDGMENT

NOTE ON MOTION CALENDAR:
March 17, 2006

## INTRODUCTION

        Pacific Sound Resources ("PSR") has filed a motion for reconsideration of the Court's

order granting summary judgment for BNSF Railway Company ("BNSF"), but PSR does not

argue that the Court erred in holding PSR lacks standing to pursue its claims under Article III

of the United States Constitution.  Instead, PSR argues that because the Court lacks subject

matter jurisdiction to decide PSR's claims on the merits, 28 U.S.C. § 1447(c) requires the

---

BNSF'S OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER
GRANTING SUMMARY JUDGMENT (C04-1654L)

Court to remand the entire case to state court.[1]  PSR has not filed a motion to remand under Section 1447(c), and its motion for reconsideration constitutes a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e).

PSR's motion should be denied because the Court did not commit clear err in dismissing PSR's claims and entering judgment for BNSF.  This case contains numerous claims other than those asserted by PSR, and the United States Supreme Court and the Ninth Circuit have held that Section 1447(c) does not authorize remand of an entire case where a district court retains jurisdiction over some of the claims.  Moreover, as discussed fully below, because the Defendants removed this case on the basis of diversity of citizenship and the Court's ruling that PSR lacks Article III standing did not destroy diversity jurisdiction, Section 1447(c) also does not authorize the court to remand only PSR's claims.

## I.  STATEMENT OF FACTS

In June 2004, Plaintiffs filed this action in King County Superior Court seeking contribution for remedial action costs allegedly incurred in the marine sediments offshore of the former location of the Wyckoff West Seattle Wood Treating Plant ("the Plant").  BNSF and the Baxter entities removed the case to this Court, pursuant to 28 U.S.C. § 1441, on the basis of complete diversity of citizenship under 28 U.S.C. § 1332(a)(1).  After removal, BNSF and Baxter answered Plaintiffs' complaint and filed counterclaims and cross-claims, including contribution claims under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA") over which this Court has exclusive jurisdiction under 42 U.S.C. § 9613(b).

On August 17, 2005, the Court granted BNSF's motion for summary judgment that the Port of Seattle has incurred no compensable damages.  On February 6, 2006, the Court granted BNSF's motion for summary judgment against PSR, holding that PSR lacks standing

---

[1] All statutory citations are to sections of Title 28 of the United States Code except as otherwise noted.

to pursue its claims under Article III of the United States Constitution.[2]  The Court's decision was based, in part, on its interpretation of the Consent Decree entered by this Court in 1994 resolving PSR's environmental liability to the United States and two Native American Tribes. On February 15, 2006, the Court entered judgment for BNSF.

On February 21, 2006, PSR filed a motion for reconsideration of the Court's February 6th order granting BNSF's summary judgment motion.  In opposing BNSF's motion, PSR argued vigorously that it has Article III standing.  PSR does not seek reconsideration of the Court's ruling on that issue, but instead now argues that because the Court's determination that it lacks Article III standing means the Court lacks subject matter jurisdiction to decide the merits of PSR's claims, the Court is required, pursuant to 28 U.S.C. § 1447(c), to remand the entire case to state court.  On March 8th Plaintiffs filed their notice of appeal of the Court's orders granting summary judgment against the Port and PSR and of the Court's judgment.

Plaintiffs' appeal in the related state court action is irrelevant to the jurisdictional issues before this Court.  Nevertheless, PSR attempts to make a connection, suggesting that if the Court remands this case it might later be consolidated with the state court action (depending on the outcome of the appeal).  This is essentially the same relief Plaintiffs sought unsuccessfully in moving the Court to stay this action in April 2005.  In any event, BNSF is compelled to clarify a few points concerning the state court action.

On the same day Plaintiffs filed this case, they appealed the judgments entered in an earlier action in which the Superior Court ruled that their claims for costs allegedly incurred at the former Plant location itself are barred by the applicable statutes of limitations. Following the court's ruling, Plaintiffs moved for clarification asking the court to confirm that either:  (1) their claims for costs incurred in the marine sediments had not been dismissed; or (2) the court had determined they had not stated claims regarding the sediments

---

[2] At the same time, the Court denied PSR's motion for partial summary judgment as to BNSF's alleged liability under the Model Toxics Control Act ("MTCA") based on the Court's determination that PSR lacks standing.

1   but were free to do so in another action.  The court signed one of the proposed orders

2   submitted by Plaintiffs, confirming that they were free to assert claims related to the marine

3   sediments in a separate action.

4          Plaintiffs' appeal focuses on the merits of the Superior Court's ruling that their claims

5   are time barred, but they also argue the court erred in not reading their complaint to cover

6   both the Plant and marine sediments.  In December 2005, the Court of Appeals reversed the

7   trial court's determination that Plaintiffs' MTCA claims are barred by the statute of

8   limitations, and BNSF has filed a petition for review on this issue of first impression with the

9   Washington Supreme Court.  PSR's motion for reconsideration notes that the Court of

10  Appeals expressed its view that the complaint in the state action encompassed the entire Site,

11  including the marine sediments.  However, PSR fails to acknowledge that this statement is

12  *dicta* because the Court of Appeals specifically found that it did not have to reach this issue.[3]

13  Regardless of whether the Superior Court's decision as to the scope of Plaintiffs' complaint

14  was correct, and it was, when Plaintiffs filed this action they made an irrevocable election to

15  split their claims for costs allegedly incurred in the marine sediments from the claims asserted

16  in the earlier action.

17  **II.  STANDARD OF REVIEW**

18         PSR's motion for reconsideration of the Court's summary judgment ruling was filed

19  after entry of judgment and, therefore, constitutes a motion to alter or amend the judgment

20  under Federal Rule of Civil Procedure 59(e).  *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d

21  1255, 1262 (9th Cir. 1993).  A motion for reconsideration under Rule 59(e) "should not be

22  granted, absent highly unusual circumstances, unless the district court is presented with

23  newly discovered evidence, committed clear error, or if there is an intervening change in the

24

25  _____

26  [3] The Court of Appeals disagreed with the trial court's decision that the complaint did not allege claims for costs incurred in the sediments but determined "because we reverse and remand for trial, *we need not address this issue*."  *PSR v. BNSF*, ___ Wn.App. ___, 125 P.3d

27  981, 985, n.8 (2005)  Although the Court of Appeals did not refer to the proceeding pending in this Court, that court was aware, through the briefing, that Plaintiffs had filed this action

28  and that this Court had denied their motion to stay the case.

1    controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999); *See*

2    W.D. Wash. CR 7(h)(1).

3    PSR has not presented newly discovered evidence or argued there has been an

4    intervening change in the controlling law.  PSR also has not established that the court

5    committed clear error in dismissing PSR's claims and entering judgment in favor of BNSF.

6    Therefore, the Court should deny PSR's motion.

7    **III.    ARGUMENT**

8    **A.    Section 1447(c) Does Not Authorize The Court To Remand The Entire Case**

9    As amended in 1988, Section 1447 (c) provides, in part:

10   A motion to remand the case on the basis of any defect other than lack
     of subject matter jurisdiction must be made within 30 days after the
11   filing of the notice of removal under section 1446(a).  If at any time
     before final judgment it appears that the district court lacks subject
12   matter jurisdiction, the case shall be remanded."[4]

13   The Supreme Court interpreted Section 1447(c) in *Wisconsin Dept. of Corrections v.*

14   *Schacht*, 524 U.S. 381, 118 S.Ct. 2047 (1998), and explained that an ordinary meaning of the

15   language indicates that the statute refers to an instance in which a federal court lacks

16   jurisdiction over an entire case, and not simply over one claim within a case.  *Id.* at 392.  The

17   Supreme Court expressly rejected the argument that if a district court lacks jurisdiction over

18   any claim, then every claim, *i.e.*, the entire case, must be remanded to state court.[5]  *Id.* at

19   391-92.  Similarly, in *Lee v. American Nat'l Ins. Co.*, 260 F.3d 997, 1007 (9th Cir. 2001), the

20   Ninth Circuit held, after discussing *Schacht*, that the language of Section 1447(c) proscribed

21

22
_____

23   [4] Prior to 1988, Section 1447(c) read:  "If at any time before final judgment it appears that the
     case was removed improvidently and without jurisdiction, the district court shall remand the
24   case …"  *See Albingia Versicherungs A.G. v. Schenker Int'l, Inc.*, 344 F.3d 931, 937 n.14 (9th
     Cir. 2003).

25   [5] In *Schacht*, the plaintiff argued that the district court lost subject matter jurisdiction after the
     state, which had removed the action, asserted the Eleventh Amendment bar.  The Supreme
26   Court assumed, but did not decide, that Eleventh Amendment immunity is a matter of subject
     matter jurisdiction.  Based on that assumption, it held that the state's assertion of the Eleventh
27   Amendment bar after removal meant that the federal court could not hear the barred claim,
     but that circumstance did not destroy removal jurisdiction over the remaining claims in the
28   case and the district court properly proceeded to hear those claims.  *Id.* at 392-393.

1     remand of an entire case where the district court had jurisdiction over some of it.[6]

2            This case includes a number of claims other than those asserted by PSR.  For example,

3     in August 2005, the Court ruled on the merits of the Port's claims, granting BNSF's summary

4     judgment motion that the Port has incurred no compensable damages.  In addition, BNSF

5     alleged counterclaims, including CERCLA contribution claims, within the exclusive

6     jurisdiction of this Court.  While BNSF's claims are essentially derivative of Plaintiffs'

7     claims, if BNSF is found liable to Plaintiffs, this Court will be required to resolve the

8     CERCLA contribution claim over which a state court would have no jurisdiction.  In light of

9     the claims in this case other than those asserted by PSR, Section 1447(c) does not authorize

10     the Court to remand of the entire case to state court.

11            Most of the cases cited by PSR in its motion involved remands pursuant to Section

12     1447(c) after a determination that the district court lacked jurisdiction over the entire case.

13     *See Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 497 (6th Cir. 1999)(district court erred in

14     dismissing action, rather than remanding, after determining plaintiffs did not have standing to

15     bring action on behalf of state or state taxpayers); *Univ. of S. Alabama v. Am. Tobacco Co.*,

16     168 F.3d 405, 412 (11th Cir. 1999)(remand required where district court did not have

17     diversity jurisdiction over removed action); *Bromwell v. Michigan Mut. Ins. Co.*, 115 F.3d

18     208, 212-13 (3rd Cir. 1997)(remand required once district court determined it lacked

19     jurisdiction, based on previous adjudication of identical claims); *Roach v. West Virginia*

20     *Reg'l Jail & Correctional Facility Auth.*, 74 F.3d 46, 49 (4th Cir. 1996)(remand required

21     where Eleventh Amendment prevented district court from exercising subject matter

22     jurisdiction over plaintiff's claims); *Maine Ass'n of Interdependent Neighborhoods v.*

23     *Comm'r Maine Dept. of Human Services* ("*MAIN v. Maine*"), 876 F.2d 1051, 1053 (1st Cir.

24

25

26

---

27 [6] In *Lee,* the Ninth Circuit held that a plaintiff's lack of standing as to one defendant did not
destroy complete diversity and, therefore, the district court could not have remanded the
28  entire case pursuant to Section 1447(c).  260 F.3d at 1005-07.

1989)(remand required after district court determined plaintiff association lacked standing).[7] Those cases do not control the outcome here, where the Court unquestionably retains jurisdiction over all the claims raised in this case other than those asserted by PSR.

PSR also cites two Ninth Circuit cases, *Lee*, 260 F.3d 997, and *Albingia,* 344 F.3d 931, but in neither of those cases was the district court required to remand.  In *Lee*, as discussed previously, the Ninth Circuit held that Section 1447(c) proscribes remand of an entire case where there is jurisdiction over some of the claims.  260 F.3d at 1007.  In *Albingia*, the Ninth Circuit held that, after a federal question claim that justified removal had been resolved, the district court retained supplemental jurisdiction over remaining state law claims and the "mandatory" remand provision of Section 1447(c) did not apply.  344 F.3d at 937-38.

**B.     Section 1447(c) Does Not Authorize Remand Of Only PSR's Claims**

In *Schacht*, the Supreme Court acknowledged that one might "conceivably" read the word "case" in Section 1447(c) to include a claim within a case as well as the entire case (*i.e.*, as providing for remand only of certain claims).  524 U.S. at 392.  However, the Court did not rule on this issue, noting that such an interpretation would not help the plaintiff, which contended the entire case had to be remanded.  *Id.*  Similarly, in *Lee*, the Ninth Circuit expressly left open the question whether a district court could remand only those claims over which it lacked jurisdiction while retaining a plaintiff's other claims, and affirmed a district court's decision not to remand an entire case where the plaintiff lacked standing as to one defendant.  260 F.3d at 1007.

Nevertheless, in a number of cases, courts have interpreted Section 1447(c) to require remand of individual claims within a case.  Most of those cases involve a determination that the court lacked subject matter jurisdiction over the claim that provided the basis for removal jurisdiction.  However, in those instances, the court has dismissed, rather than remanded, the

---

[7] *See also Int'l Primate Protection League v. Administrators of Tulane Ed. Fund*, 500 U.S. 72, 87, 111 S.Ct. 1700 (1991)(case remanded where district court lacked jurisdiction because the defendants lacked authority to remove the suit to federal court).

1    claim over which it lacked jurisdiction and then remanded the remaining claims to state court.

2    Thus, despite the "shall be remanded" language used in Section 1447(c), the cases

3    demonstrate that the directive to remand is not mandatory.  In applying Section 1447(c), the

4    courts consider the facts and jurisdictional provisions at issue in each case.

5           One situation in which a court will not remand a case, or the claim providing the basis

6    for removal jurisdiction, is when a federal agency or officer removes a case under Section

7    1442(a) and the district court subsequently determines it does not have subject matter

8    jurisdiction over the case or the claim against the federal defendant.  In this situation, the

9    district court is required to dismiss the case, or at a minimum to dismiss the claim against the

10   federal agency or officer, because the government's right to have such a claim heard in

11   federal court is absolute.  *MAIN v. Maine*, 876 F.2d at 1055.[8]

12          Similarly, a mandatory remand of pendent state law claims is not warranted under

13   Section 1447(c) where a case is removed on the basis of federal question jurisdiction and the

14   federal claim is subsequently dismissed.[9]  This is because removability is analyzed on the

15   basis of the pleadings on file at the time of removal, and the 1988 revisions to Section

16   _____

17   [8] *See Fent v. Oklahoma Water Resources Board*, 235 F.3d 553, 559 (10th Cir 2000)(where
     United States removed action against federal and state defendants pursuant to Section 1442
18   and district court properly dismissed claims against the United States as barred by sovereign
     immunity, court should have remanded only claims against state defendants after they raised
19   a valid Eleventh Amendment defense); *Nebraska v. Bentson*, 146 F.3d 676, 678 (9th Cir.
     1998)(where federal agency removed case pursuant to Section 1442 and district court
20   determined that it did not have jurisdiction over claims against that agency, court properly
     dismissed those claims before remanding the remainder of the case to state court); *Smith v.*
21   *Wisconsin Dept. of Agriculture*, 23 F.3d 1134, 1144  (7th Cir. 1994) (where the United States
     removed case to federal court but was subsequently dismissed, district court should have
22   remanded certain claims over which it lacked subject matter jurisdiction but properly
     dismissed remaining claims); *Maine Ass'n of Interdependent Neighborhoods, Inc. v. Petit*
23   ("*MAIN v. Petit*"), 644 F.Supp. 81, 85 (D.Me. 1986)(where federal officer removed case
     against federal and state defendants pursuant to Section 1442, district court dismissed entire
24   case, and denied motion to remand, after finding that plaintiff lacked standing).  *See also*
     *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1258 (9th Cir. 1997)(where government
25   removed state action as arising under federal law and the district court determined that none
     of plaintiff's claims provided a basis for subject matter jurisdiction, the court properly entered
26   judgment dismissing the complaint against the federal defendants but erred in failing to
     remand plaintiff's claims against the non-federal defendants);
27
     [9] *Albingia*, 344 F.3d at 936; *Millar v. Bay Area Rapid Transit Dist.*, 236 F.Supp.2d 1110,
28   1116-18 (N.D. Cal. 2002).

1447(c) did not change the well-settled interpretation, under the previous version of the removal statute, that a district court retains "the power to hear claims that would not [have been] independently removable even after the basis for removal jurisdiction has been dropped from the proceedings." *Albingia*, 344 F.3d at 937 (quoting *Harrell v. 20ᵗʰ Century Ins. Co.*, 934 F.2d 203, 205 (9ᵗʰ Cir. 1991); *Millar*, 236 F.Supp.2d at 1117-18 (citing and interpreting legislative history of 1988 amendment of Section 1447(c)).[10]

The Defendants removed this case pursuant to Section 1441 based on the grant of original jurisdiction to district courts in diversity cases conferred by Section 1332(a). PSR did not challenge removal at the time, and the Court's determination that PSR lacks standing to pursue its claims under Article III "has nothing to do with the presence of diversity of the parties." *See Lee*, 260 F.3d at 1005. PSR's lack of standing renders its claims nonjusticiable in federal court, but does not destroy diversity jurisdiction or give PSR the right to have its claims remanded to state court. *See id; see also Nebraska v. Bentson*, 146 F.3d at 679 (defendant's power to remove a case to federal court is independent of the federal court's power to hear it). In other words, Section 1447(c) does not somehow trump Section 1332(a), and allow PSR to pursue its claims in state court when it could not otherwise do so, simply because PSR lacks Article III standing.

Section 1332(a) provides that the district courts "shall have" original jurisdiction of all diversity actions where the amount in controversy exceeds $75,000. This grant of federal jurisdiction traditionally "has been viewed as serving the interest in protecting out-of-state defendants from potential state-court bias in favor of local plaintiffs." *Lee*, 260 F.3d at 1005. Thus, BNSF is entitled, under Sections 1332(a) and 1441, to have PSR's claims in this diversity action resolved by this Court, rather in than Plaintiffs' preferred state court forum.

---

[10] In *Albingia*, the Ninth Circuit noted that "an interpretative debate has arisen whether the language 'lacks subject matter jurisdiction' in Section 1447(c) refers only to defects existing at the time of removal or takes into account subsequent events." 344 F.3d at 937 (quoting Wright & Miller, Federal Practice and Procedure; Jurisdiction and Related Matters 3d, § 3739 at 435). The Ninth Circuit further observed that the "words 'anytime' and 'lacks,' in the present tense, suggest mandatory remand, but the word 'case' suggests that jurisdiction must be lacking over the entire case, not merely a claim within the case." *Id.*

1  *See McPhillips v. Blue Cross & Blue Shield*, 79 F.Supp.2d 1325, 1327 (M.D.Ala.

2  2000)(removal statutes by their very nature take away a plaintiff's power to choose his forum

3  in limited cases).

4      BNSF's research has found only three cases interpreting the application of Section

5  1447(c) in a diversity case, and none addresses the issue presented here.  In *Lee*, the Ninth

6  Circuit held that a plaintiff's lack of standing as to one defendant did not destroy complete

7  diversity and, therefore, the district court could not have remanded the entire case pursuant to

8  Section 1447(c).  260 F.3d at 1005-07.  In *Coyne*, the Sixth Circuit held that the district court

9  should have remanded an action removed based on diversity jurisdiction when it determined

10  that the plaintiffs' lacked standing.  183 F.3d at 497.  *Coyne* is distinguishable because it

11  involved lack of subject matter jurisdiction over an entire case, not certain claims within a

12  case.  In addition, the Sixth Circuit failed to consider the language of Section 1332 or the

13  policies underlying diversity jurisdiction, focusing instead on the defendants' argument that a

14  remand to state court would be futile.  Finally, in *Univ. of S. Alabama*, the Eleventh Circuit

15  held that remand was required because the district did not have diversity jurisdiction over the

16  case.  115 F.3d at 412.

17      If the Court interprets Section 1447(c) to apply to individual claims within a case,

18  rather than to situations where the Court lacks jurisdiction over an entire case, under the

19  unique facts presented here, there appears to be a tension between the grant of diversity

20  jurisdiction under Sections 1332(a) and 1441, on the one hand, and the remand provisions of

21  Section 1447(c) on the other.  In *MAIN v. Petit*, the court resolved a similar tension between

22  federal officer removal under Section 1442 and Section 1447(c) (as it read prior to

23  amendment in 1988) by concluding:

24      the policies underlying section 1442(a)(1) should not be frustrated by
        an unnecessarily expansive interpretation of section 1447(c).  Once the
25      action has been removed properly pursuant to section 1442(a)(1), the
        removal is not rendered improvident and without jurisdiction by a later
26      determination that plaintiff lacked standing to sue.

27  644 F.Supp. at 85.

28      Similarly, in *Albingia*, the Ninth Circuit was required to reconcile Section 1367,

---

providing that district courts "shall have" jurisdiction over certain pendent state claims, which they may decline to exercise under denoted circumstances, with Section 1447(c). The court did so by holding that if state law claims are asserted as part of the same case or controversy with a resolved federal claim, the court has discretion to exercise supplemental jurisdiction over the state law claims and the mandatory remand provision of Section 1447(c) does not apply. 344 F.3d at 937-38.

Here, the apparent conflict between Section 1441, when removal is based on diversity jurisdiction under Section 1332(a), and Section 1447(c) may be harmonized by applying the standard for remand only to the facts pertinent to removal based on diversity jurisdiction. *See MAIN v. Petit, 644 F.Supp.* at 84 (harmonizing Sections 1442 and 1447(c)); *see also Int'l Primate Protection League*, 500 U.S. at 87 (case remanded because the defendants lacked authority to remove the suit to federal court). In other words, Section 1447(c) requires remand in a diversity case only if diversity jurisdiction is lacking with respect to some or all parties. *See Univ. of S. Alabama*, 168 F.3d at 412. Applying Section 1447(c) to diversity cases in this manner would be consistent with the long established rule that once diversity jurisdiction is to found to exist, subsequent events, such as a determination that the plaintiff will not be entitled to recover the minimum required amount in controversy or a change in the citizenship of a party, do not destroy previously existing jurisdiction. *Schacht*, 524 U.S. at 391; *St. Paul Mercury Indem. Co. v . Red Cab Co.*, 303 U.S. 283, 293-95, 58 S.Ct. 586 (1938); *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 375 (9th Cir. 1997).

The situation in which PSR finds itself is analogous to that of plaintiffs in some cases removed to district court by a federal officer under Section 1442, as well as cases removed by a state based on federal question jurisdiction where the state then raises the Eleventh Amendment immunity bar.[11] In those instances, as here, a plaintiff may be effectively left

---

[11] Some cases, decided prior to *Schacht*, have held that a state's assertion of the Eleventh Amendment bar deprives a district court of jurisdiction and requires that the case be remanded. *Roach*, 74 F.3d at 49. However, in *Schacht* the Supreme Court explained that a state's assertion of the Eleventh Amendment bar does not mean that district court lacks jurisdiction. 524 U.S. at 392. *See also Kruse v. Hawaii*, 68 F.3d 331, 335 (9th Cir. 1995)(Eleventh Amendment bar does not prevent removal for lack of jurisdiction).

without a remedy when it is unable to pursue its claims in federal court.  Thus, since this case was properly removed based on diversity jurisdiction, Section 1447(c) does not entitle PSR to have its claims remanded to state court simply because PSR lacks Article III standing to pursue its claims in this Court.

**C.    The Court May Consider Whether PSR Lack Standing Under Washington Law Without Relying On The Futility Exception To Section 1447(c)**

PSR argues that this Court need not speculate whether PSR would have standing under Washington law because Section 1447(c) does not provide a "futility exception" to remand.  It is true that a number of courts have found that the futility of a remand to state court does not provide an exception to Section 1447(c).  *See, e.g., Coyne*, 183 F.3d at 496.  However, the Ninth Circuit has recognized and applied the "futility exception."  *Bell v. City of Kellogg*, 922 F.2d 1418, 1424-25 (9th Cir. 1991)(affirming district court's denial of motion to remand and dismissal of state claims after state action was removed by federal defendant and court determined plaintiffs lacked standing to pursue federal claims).

Though the Court may consider whether a remand to state court would be futile, it need not do so because the issue whether PSR has standing under Washington law was raised in BNSF's summary judgment motion.  Specifically, BNSF argued that PSR lacks standing under Washington law as well as Article III.  BNSF's Motion (Docket Document # 41) at 18-20.  In its response, PSR chose not to address the Washington authorities cited by BNSF, but argues for the first time in its motion for reconsideration that Washington rules of standing differ from those developed under Article III.  Motion for Reconsideration at 5 n.3.[12]  Whether or not the Court noticed PSR's earlier failure to discuss Washington standing law,

---

[12] PSR cites *Branson v. Port of Seattle*, 152 Wn.2d 862, 875-76, 101 P.3d 67 (2004) in arguing that Washington courts apply a two-part test for determining whether a party has standing.  However, another Washington Supreme Court decision, cited in *Branson*, relies entirely on federal case law for the proposition that "for a plaintiff to receive 'standing' to bring a lawsuit, it must allege a personal injury fairly traceable to the challenged conduct *and likely to be redressed by the requested relief.*"  *High Tide Seafoods v. State*, 106 Wn.2d 695, 702, 725 P.2d 411 (1986)(emphasis added)(citing *Allen v. Wright*, 468 U.S. 737, 104 S.Ct. 3315 (1984) and *Grove v. Mead Sch. Dist.*, 753 F.2d 1528 (9th Cir. 1985).  Thus, there is no merit to PSR's argument that it might have standing under Washington law even though it lacks Article III standing.

1  the Court did not reach this issue and based its summary judgment ruling entirely on PSR's

2  lack of Article III standing.  Nevertheless, if the Court were to find that PSR also lacks

3  standing under Washington law, this issue would be resolved and the Court would not need to

4  consider the futility exception to Section 1447(c).[13]

5  **D.  The Court Did Not Commit Clear Error Of Law In Entering Judgment For BNSF**

6       PSR cannot establish the Court committed a clear error of law in entering judgment

7  for BNSF.  Section 1447(c) does not authorize the Court to remand the entire case simply

8  because it lacks jurisdiction to decide PSR's claims.  Similarly, because this action was

9  removed based on diversity jurisdiction, and because the Court's determination that PSR

10  lacks standing did not oust such jurisdiction, Section 1447(c) also does not authorize the

11  Court to remand only PSR's claims.

12       At the most, PSR has shown that there is some authority, in dissimilar situations, for

13  remanding individual claims within a case.  However, even if the Court finds there is

14  conflicting authority as to whether Section 1447(c) requires remand of PSR's claims, the

15  Court did not commit clear error in entering judgment for BNSF.  *See McDowell v. Calderon*,

16  197 F.3d 1253, 1256 (9th Cir. 1999)(district court did not commit clear error where question

17  was debatable).

18       PSR may argue that the Court should grant its motion for reconsideration and remand

19  the case in order to avoid manifest injustice.  To the contrary, Plaintiffs made a strategic

20  litigation decision to file this action and at the same time appeal the Superior Court's ruling in

21  the earlier state action that their complaint did not encompass costs incurred in the sediments.

22  Regardless of whether the Superior Court's decision was correct, when Plaintiffs filed this

23  action they elected to split their claims for costs allegedly incurred in the marine sediments

24

25  ───────────────

26  [13] PSR may argue that Washington courts should decide the issue of PSR's standing under state law.  However, this Court's summary judgment order decided other issues of state law including:  (1) PSR's payments to the PSR Environmental Trust constituted "remedial action costs" under MTCA; and (2) PSR's common law claims failed because it has no interest in the contaminated marine sediments.  Nothing precludes this Court from deciding whether PSR lacks standing to pursue its claims under Washington law.

27

28

from the claims asserted in the state court action.  That Plaintiffs' election allowed the Defendants to remove this action to federal court on the basis of diversity jurisdiction, and that the Court found that PSR lacks Article III standing, does not constitute manifest injustice.

Despite the pendency of this motion, Plaintiffs have already filed their notice of appeal of the Court's summary judgment rulings against the Port and PSR.  Therefore, if the Court finds, notwithstanding the authorities cited herein, that it is a close question whether PSR's claims should be remanded under Section 1447(c), BNSF urges the Court to deny the motion.  This would allow the Ninth Circuit to consider the application of Section 1447(c) to individual claims in a case removed on the basis of diversity jurisdiction.  In contrast, if the Court grants PSR's motion and remands its claims, the significant jurisdictional issues raised by the interplay among Sections 1332, 1441, and 1447(c) will evade appellate review.  *See* Section 1447(d).

**E.**	**If The Court Remands PSR's Claims It Should Enter Judgment For BNSF On The Port's Claims And Modify Its Summary Judgment Order Against PSR**

BNSF has established that Section 1447(c) does not authorize the Court to remand either the entire case or only PSR's claims.  If the Court disagrees and nevertheless grants PSR's motion and remands its claims, the Court should still enter judgment for BNSF on the Port's claims.  The Court resolved those claims on the merits, and if they were remanded the Port would be barred from re-litigating them under principles of *res judicata* and collateral estoppel.  The Court should also retain its exclusive jurisdiction over the CERCLA counterclaim asserted by BNSF.

In addition, if it remands PSR's claims, the Court should modify its summary judgment order against PSR to delete Part II.B.1., entitled *Remedial Action Costs Under RCW 70.105D.080*.  A remand order would be premised on a determination that the Court lacked subject matter jurisdiction over PSR's claims, and therefore, the Court's analysis of whether PSR's payments to the PSR Environmental Trust constitute "remedial action costs" under MTCA would constitute an advisory opinion.  *See Univ. of S. Alabama*, 168 F.3d at

411 (where court lacked jurisdiction, its ruling on the merits was in essence an advisory opinion).  Thus, if compelled to re-litigate PSR's claims in state court, BNSF should be entitled to seek a state court determination on this issue of first impression.

## IV.  CONCLUSION

For the foregoing reasons, BNSF asks this Court to deny PSR's motion for reconsideration.

DATED this 13th day of March, 2006.                    Respectfully submitted,

BULLIVANT HOUSER BAILEY PC

/s/ Thomas D. Adams
Thomas D. Adams, WSBA #18470
E-mail: tom.adams@bullivant.com
Attorneys for Defendant BNSF Railway
Company
BULLIVANT HOUSER BAILEY PC
1601 Fifth Avenue, Suite 2300
Seattle, Washington  98101-1618
Telephone: 206.292.8930
Facsimile: 206.386.5130

BARG COFFIN LEWIS & TRAPP, LLP

/s/ Marc A. Zeppetello
John F. Barg, Pro Hac Vice
Marc A. Zeppetello, Pro Hac Vice
E-mail: maz@bcltlaw.com
Attorneys for Defendant BNSF Railway
Company
BARG COFFIN LEWIS & TRAPP, LLP
One Market – Steuart Tower, Suite 2700
San Francisco, CA  94105
Telephone: 415.228.5409
Facsimile: 415.228.5450

CERTIFICATE OF SERVICE

I hereby certify that on Monday, March 13, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the persons listed below:

Gillis E. Reavis
Foster Pepper & Shefelman PLLC
1111 Third Avenue, Ste 3400
Seattle, WA 98101
Phone:  (206) 447-7295
Fax:  (206) 749-2160
Counsel for Plaintiff Pacific Sound/Port of Seattle

Rodney L. Brown Jr.
Stephen J. Tan
David D. Dicks
Cascadia Law Group PLLC
1201 Third Ave., Ste. 320
Seattle, WA  98101
Phone:  (206) 292-6300
Fax:  (206) 292-6301
Associated Counsel for Plaintiff Pacific Sound/Port of Seattle

James C. Hanken
3210 Wells Fargo Center
999 Third Ave.
Seattle, WA  98104
Phone:  (206) 235-7679
Fax:  (206) 689-7999
Counsel for Defendant JH Baxter & Co., and JH Baxter & Co., Inc.

John F. Barg, Pro Hac Vice
Marc A. Zeppetello, Pro Hac Vice
Barg Coffin Lewis & Trapp, LLP
One Market Steuart Tower, Ste 2700
San Francisco, CA  94105-1475
Phone: (415) 228-5400
Fax:     (415) 228-5450
Pro Hac Vice Counsel for Defendants The Burlington Northern and Santa Fe Railway Company

BULLIVANT HOUSER BAILEY PC

By:/s/Elen A. Sale
    Elen A. Sale
    ele.sale@bullivant.com