1

THE HONORABLE ROBERT S. LASNIK

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

PACIFIC SOUND RESOURCES, a Washington
non-profit corporation; and THE PORT OF
SEATTLE, a Washington municipal corporation;

No.  C04-1654L

11

Plaintiffs,

12

v.

**PACIFIC SOUND RESOURCES'
REPLY TO BNSF'S OPPOSITION TO
MOTION FOR RECONSIDERATION
OF ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT**

13

THE BURLINGTON NORTHERN AND
SANTA FE RAILWAY COMPANY, a Delaware
corporation; J.H. BAXTER & CO., a California
limited partnership; J.H. BAXTER & CO., a
California corporation; and J.H. BAXTER & CO.,
INC., a California corporation.

14

15

16

Defendants.

17

18       BNSF invoked this Court's jurisdiction by removing the case from state court based on

19   diversity jurisdiction.  Plaintiffs did not contest the removal since there was obvious diversity

20   of citizenship.  Fifteen months and $1,000,000 in attorneys fees later,[1] BNSF filed a motion

21   asking this Court to dismiss for lack of Article III standing, which is a jurisdictional issue.

22   Having obtained the relief it sought, BNSF now asks the Court to rule that 28 U.S.C. §

23   1447(c) does not mean what it says, that the Court has a mandatory duty to remand the case

24   to state court when the case has been dismissed for lack of subject matter jurisdiction.

25   _____

26   [1] Plaintiffs are in the process of responding to BNSF's motion for attorneys fees and costs.  If the Court grants
plaintiffs' Motion for Reconsideration and remands the case, it need not resolve the attorneys fees issue since
27   BNSF would not be the prevailing party.  Which party is entitled to fees would be determined after the case is
resolved in state court.

28   PSR'S REPLY TO BNSF'S OPP'N TO MOT FOR RECONS.
C04-1654Z - PAGE 1

1    BNSF's arguments are not persuasive.  BNSF contends that the Court should not

2  remand the entire case since there are "a number of claims" left in the case, yet it fails to point

3  to any claim still pending.  The Port's claims have been dismissed, as have PSR's, and BNSF's

4  counterclaims are expressly derivative of plaintiffs' claims.  There are no claims currently

5  pending that need to be resolved by the Court.

6    BNSF creates a phantom conflict between diversity jurisdiction under 28 U.S.C. §

7  1332(a) and 28 U.S.C. § 1447(c), which it contends prevents the Court from remanding.

8  There is no case law supporting BNSF's position, which flies in the face of the mandatory

9  language of § 1447(c).  BNSF reads § 1332(a) as completely overriding § 1447(c).  BNSF

10  candidly admits that its interpretation would leave PSR without a remedy, since it cannot

11  maintain its claims in federal court but also is prevented from litigating its state law claims in

12  state court, where it brought them.  BNSF contends that diversity of citizenship trumps

13  PSR's right to have its claim heard at all.  Principles of federalism should not allow such

14  gamesmanship, so BNSF's objections to remand should be rejected.

15  **A.     This Motion Is a Motion for Reconsideration, Not a Motion to Alter or
       Amendment the Judgment Under Rule 59(e).**

16

17    BNSF argues that because PSR filed this motion after the clerk entered judgment, it

18  should be treated as one to alter or amend the judgment under Federal Rule of Civil Procedure

19  59(e) rather than as one to reconsider.  However, BNSF ignores the fact that a party may seek

20  reconsideration "within ten judicial days following the order to which it relates."  *See* Local

21  Rule W.D. Wash. CR 7(h)(2).  PSR's filing was timely, as the Court noted in its request for

22  further briefing.  By casting this as a motion to alter or amend the judgment, BNSF tries to

23  change the standard of review and deny PSR a right expressly granted under the local rules.

24  The Court should reject BNSF's argument.  The fact that a judgment was entered before the

25  period for motions for reconsideration had expired should not affect plaintiffs' substantive

26  right to seek the Court's review of its order of dismissal.

27

28  PSR'S REPLY TO BNSF'S OPP'N TO MOT FOR RECONS.
    C04-1654Z - PAGE 2

CASCADIA LAW GROUP PLLC
1201 THIRD AVENUE, SUITE 320
SEATTLE, WASHINGTON 98101
(206) 292-6300

**B.      Section 1447(c) Requires this Court to Remand to State Court.**

BNSF presents two arguments, neither of them persuasive, why the Court should not interpret § 1447(c) to require remand:  first, because § 1447(c) allows remand only when the Court lacks subject matter jurisdiction over an entire case, while here the Court retains jurisdiction over "a number of claims other than those asserted by PSR" (BNSF Opp'n at 6); and second, because remand would undermine its "right" to a federal forum.

While BNSF is correct that claims other than PSR's were asserted in this action, all have been resolved.  The Port asserted claims against defendants, and defendants asserted counterclaims that they admit are "essentially derivative" of plaintiffs' claims. *Id*.  Because this Court dismissed the Port's claims and lacks jurisdiction over PSR's claims, there is nothing from which BNSF's claims can derive, and thus nothing left for this Court to decide.[2]

The cases that BNSF cites in support of its theory that a court may remand only an "entire case" involve lawsuits in which claims remain to be resolved after one or more claims are dismissed for lack of subject matter jurisdiction.  In those cases, the question is whether the federal court will retain jurisdiction or will remand to state court to resolve the claims. That is not the question here.  Rather, the question is whether PSR's claims will be resolved in any forum.  Since the Court has ruled that PSR lacks Article III standing, PSR cannot proceed in federal court.  State court is its only option, and § 1447(c) requires that PSR's claims be remanded for consideration there.

In the alternative, BNSF argues that even if § 1447(c) authorizes remand of individual claims in some cases, it does not do so in cases founded on diversity jurisdiction.  BNSF argues that the provisions of 28 U.S.C. § 1332(a) give it an absolute right to a federal forum, whether or not PSR's claims can be heard in that forum.  In other words, BNSF contends not only that § 1447(c) does not require remand, but § 1332(a) prohibits remand.

The few diversity cases considering § 1447(c) support PSR's request for remand.  For example, in *Coyne v. American Tobacco Co*., 183 F.3d 488 (6th Cir. 1999), a diversity

---

[2] BNSF is free to refile its CERCLA claim in federal court if it is found liable in state court.

PSR'S REPLY TO BNSF'S OPP'N TO MOT FOR RECONS.
C04-1654Z - PAGE 3

CASCADIA LAW GROUP PLLC
1201 THIRD AVENUE, SUITE 320
SEATTLE, WASHINGTON 98101
(206) 292-6300

1    jurisdiction case, the Sixth Circuit relied on § 1447(c) in deciding to remand remaining claims to

2    state court after determining that plaintiffs lacked Article III standing—even though the

3    remand order denied defendants their preferred federal forum.

4           Other federal courts also have rejected BNSF's premise, that federal courts *must*

5    provide a forum for defendants who assert diversity jurisdiction.  For example, in *Trask v.*

6    *Kasenetz*, 818 F. Supp. 39 (E.D.N.Y. 1993), *reversed on other grounds sub nom. Turkish v.*

7    *Kasenetz*, 27 F.3d 23 (2d Cir. 1994), the court determined that plaintiff's RICO claim was not

8    viable.  It then had to decide whether to retain or remand the remaining state law claims.

9    Although defendants had removed the case based on the RICO claim, the court considered

10   whether it could retain jurisdiction over the state claims based on diversity.  The court wrote

11   that, assuming all parties were of diverse citizenship:

12          it should not be compelled to exercise jurisdiction based upon diversity of
            citizenship….

13               …

14          No provision of the Judiciary Act compels this court to retain jurisdiction over
            a case removed by citizens of this state based upon a federal claim that has

15          been dismissed, even where the parties are citizens of different states.  The
            underlying logic of the statutory scheme suggests, to the contrary, that the

16          court should remand the case to the New York State court in which plaintiff
            first chose to bring it.  Moreover, that court would have greater familiarity and

17          interest in the issues that remain insofar as they relate solely to the regulation
            of a New York State not-for-profit corporation.

18
            Therefore, the court declines to exercise jurisdiction over the remaining claims.

19          As a matter of economy, convenience, fairness, and comity the case is
            remanded to the state court pursuant to 28 U.S.C. §1447(c).

20

21   *Id*. at 44–45.  *See also Woolf v. Mary Kay Inc*., 176 F. Supp. 2d 654, 659 (N.D. Tex. 2001)

22   (ordering remand to state court after federal claim was dismissed, noting that "this court is not

23   compelled to exercise jurisdiction based upon diversity of citizenship").[3]  BNSF's right to invoke

---

24   [3] BNSF also argues that, before remanding any claims under § 1447(c), federal courts first dismiss the claim
     over which they lack subject matter jurisdiction.  However, the cases it cites as authority for this argument

25   involve claims that could not be heard in state court—for example, because the federal defendant had not waived
     sovereign immunity.  *See, e.g., Fent v. Okla. Water Res. Bd.*, 235 F.3d 553 (10th Cir. 2000); *State of Nebraska*

26   *v. Bentson*, 146 F.3d 676 (9th Cir. 1998).  Here, however, while PSR's claims cannot be heard in federal court,
     they may be—and PSR believes they are—fully viable in state court.  *See Int'l Primate Prot. League v. Adm'rs*

27   *of Tulane Educ. Fund*, 500 U.S. 72, 88-89, 111 S. Ct. 1700 (1991) ("plaintiff's lack of Article III standing
     would not necessarily defeat its standing in state court").

28   PSR'S REPLY TO BNSF'S OPP'N TO MOT FOR RECONS.              CASCADIA LAW GROUP PLLC
     C04-1654Z - PAGE 4                                         1201 THIRD AVENUE, SUITE 320
                                                                SEATTLE, WASHINGTON 98101
                                                                     (206) 292-6300

1    the Court's diversity jurisdiction overrides neither the Court's mandatory duty to remand nor

2    PSR's right to have its claims adjudicated in some forum.

3    **C.    State Courts Should Decide Whether PSR Has Standing Under State Law.**

4         BNSF asks this Court to consider whether PSR has standing under state law, basing its

5    request on some passing comments made about Washington law in its summary judgment

6    motion.[4]  The Court should decline this invitation because the issue has not been presented.

7         According to BNSF, it raised the issue whether PSR has standing under Washington

8    law in its summary judgment motion, but PSR "failed" to respond.  This is incorrect.  The

9    issue that BNSF raised in its summary judgment motion was whether PSR lacked standing

10   under federal law.  *See* BNSF's Motion for Summary Judgment at 18–20.  Citation of a

11   handful of Washington cases in an argument over federal court standing does not convert the

12   argument into a request for a ruling under state law.  PSR had no reason to brief, and the Court

13   had no reason to consider, whether PSR has standing in state court.  Nor is there any need for

14   the Court to decide the result under state law now, especially since it lacks subject matter

15   jurisdiction over PSR's claim.

16   **D.    The Court Should Not Enter Judgment for BNSF on the Port's Claims or**
      **Modify its Summary Judgment Order Against PSR.**
17

18        Finally, BNSF argues—on page 14 of a brief with a 12-page limit—that if the Court

19   remands, it should enter judgment for BNSF on the Port's claims.  BNSF offers no authority

20   for this request.  Moreover, BNSF's fear that the Port would try to relitigate the summary

21   judgment ruling in state court is unfounded.  *See Essington Metal Works, Inc. v. Ret. Plans of*

22   *Am., Inc.*, 609 F. Supp. 1546, 1551 n.3 (E.D. Pa. 1985) (rejecting defendants' argument that

23   they would be prejudiced by remand to state court after federal court had made substantive

24   rulings in their favor; federal court noted that defendants "presented no legal support for this

25   _____

26   [4] Although it does not ask the Court to rely on a "futility" exception, BNSF nevertheless contends that the
     Ninth Circuit recognizes such an exception.  However, BNSF does not mention that the Circuit Court has

27   applied this exception only where there is "absolute certainty" that remand would prove futile.  *See Bell v. City*
     *of Kellogg*, 922 F.2d 1418, 1425 (9th Cir. 1991).  That test is not met here.

28   PSR'S REPLY TO BNSF'S OPP'N TO MOT FOR RECONS.                CASCADIA LAW GROUP PLLC
     C04-1654Z - PAGE 5                                           1201 THIRD AVENUE, SUITE 320
                                                                  SEATTLE, WASHINGTON 98101
                                                                  (206) 292-6300

1    position," and concluded that "it is not clear that a state court on remand would reopen this

2    court's determinations on issues of state law").

3           There are practical reasons why the Court should not enter judgment against the Port.

4    It would require the Port to appeal to the Ninth Circuit while PSR's claims are remanded to

5    the state court.  From the beginning, plaintiffs have sought to litigate their claims in one forum.

6    For that reason, they brought only state law claims in state court.  It was the King County

7    Superior Court's decision, since reversed, that split the case in two.  Nor is there any basis for

8    modifying the Court's summary judgment order as BNSF suggests.  BNSF claims that it

9    "should be entitled to seek a state court determination" on issues this Court resolved in PSR's

10   favor (BNSF Opp'n at 15), but it asked the Court to decide those issues.  Having lost those

11   issues on the merits, BNSF should not be allowed to relitigate them in state court.

12          Because this Court lacks subject matter jurisdiction over all remaining claims, 28

13   U.S.C. § 1447(c) requires the Court to remand the case to state court.

14          Dated:  March 17, 2006.

15                                              s/ Gillis E. Reavis
                                                WSBA No. 21451
16                                              FOSTER PEPPER & SHEFELMAN PLLC
                                                1111 Third Avenue, Suite 3400
17                                              Seattle, WA  98101
                                                Telephone:  (206) 447-7295
18                                              Fax:  (206) 749-2160
                                                E-mail:   reavg@foster.com
19
                                                s/ Stephen J. Tan
20                                              WSBA No. 22756
                                                Rodney L. Brown, Jr., WSBA No. 13089
21                                              Tanya Barnett, WSBA No. 17491
                                                CASCADIA LAW GROUP PLLC
22                                              1201 Third Avenue, Suite 320
                                                Seattle, WA  98101
23                                              Telephone:  (206) 292-6300
                                                Fax:  (206) 292-6301
24                                              E-mail:   stan@cascadialaw.com
                                                          rbrown@cascadialaw.com
25                                                        tbarnett@cascadialaw.com

26                                              Attorneys for Plaintiffs

27

28   PSR'S REPLY TO BNSF'S OPP'N TO MOT FOR RECONS.        CASCADIA LAW GROUP PLLC
     C04-1654Z - PAGE 6                                   1201 THIRD AVENUE, SUITE 320
                                                          SEATTLE, WASHINGTON 98101
                                                          (206) 292-6300

1

**CERTIFICATE OF SERVICE**

2    I hereby certify that on March 17, 2006, I electronically filed the foregoing

3    with the Clerk of the Court using the CM/ECF system which will send notification of

4    such filing to the following:

5

| | |
|---|---|
| Thomas D. Adams<br>Bullivant Houser Bailey PC<br>1601 Fifth Avenue, Suite 2400<br>Seattle, WA 98101-1618<br>Email: tom.adams@bullivant.com<br>**Attorneys for Defendant The Burlington Northern and Santa Fe Railway Company** | John F. Barg<br>Marc A. Zeppetello<br>Barg Coffin Lewis & Trapp, LLP<br>One Market Steuart Tower, Suite 2700<br>San Francisco, CA 94105-1475<br>Email: jfb@bcltlaw.com<br>        maz@bcltlaw.com<br>**Attorneys for Defendant The Burlington Northern and Santa Fe Railway Company** |
| James C. Hanken<br>Law Offices of James C. Hanken<br>999 Third Avenue, Suite 3210<br>Seattle, WA 98104<br>Email: jhanken@hankenlaw.biz<br>**Attorneys for Defendants Baxter Entities** | |

6

7

8

9

10

11

12

13

14

15                                   s/ Mary V. Liton
                                        CASCADIA LAW GROUP PLLC
16                                   1201 Third Avenue, Suite 320
                                        Seattle, Washington  98101
17                                   Telephone:  (206) 292-6300
                                        Fax:  (206) 292-6301
18                                   E-mail:  mliton@cascadialaw.com

19

20

21

22

23

24

25

26

27

28    PSR'S REPLY TO BNSF'S OPP'N TO MOT FOR RECONS.              CASCADIA LAW GROUP PLLC
        C04-1654Z - PAGE 7                                              1201 THIRD AVENUE, SUITE 320
                                                                        SEATTLE, WASHINGTON 98101
                                                                             (206) 292-6300