The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PACIFIC SOUND RESOURCES, a
Washington non-profit corporation; and THE
PORT OF SEATTLE, a Washington
municipal corporation,

)
)
)
)

No. C04-1654L

                                    Plaintiffs,

)
)

PLAINTIFFS' OPPOSITION TO
DEFENDANT BNSF'S MOTION FOR
ATTORNEYS' FEES AND COSTS

        v.

)
)
)

THE BURLINGTON NORTHERN AND
SANTA FE RAILWAY COMPANY, a
Delaware corporation; J.H. BAXTER & CO.,
a California limited partnership; J.H.
BAXTER & CO., a California corporation;
and J.H. BAXTER & CO., INC., a California
corporation,

)
)
)
)
)
)
)
)

                                    Defendants.

)
)
)

## I.   **INTRODUCTION**

Plaintiffs Pacific Sound Resources (PSR) and the Port of Seattle (Port) originally filed this action in King County Superior Court. Defendant Burlington Northern Santa Fe Railway Corp. (BNSF) invoked federal jurisdiction when it removed this action on grounds of diversity jurisdiction. Nevertheless, in September 2005, BNSF argued in a Motion for Summary Judgment that federal jurisdiction is improper. In that motion, BNSF asked the Court to dismiss PSR's claims Model Toxics Control Act (MTCA) claim on its merits. Alternatively, BNSF requested dismissal of PSR's claims on the grounds that PSR lacked standing under Article III of

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

50645696.2

1   the United States Constitution.  The Court upheld the validity of PSR's MTCA claims, but ruled

2   that the federal courts were powerless to order relief under Article III.  The Court dismissed

3   PSR's claims on standing grounds.

4         Despite the fact that the Court ruled for PSR on all substantive issues raised under

5   MTCA, BNSF now claims that it is the prevailing party in this litigation, and asks the Court to

6   award it over $1,000,000 in attorneys' fees and costs.  This request is premature, unwarranted,

7   and the fees themselves are unreasonable.

8         PSR has filed a Motion for Reconsideration asking the Court to remand this matter as

9   required by 28 U.S.C. § 1447(c).  Under § 1447, removed actions must be remanded if the

10  district court determines at any time that it lacks subject matter jurisdiction.  If the case is

11  remanded, the Court need not rule on the motion for attorneys' fees since BNSF will not have

12  prevailed and will therefore not be entitled to attorneys' fees under MTCA.  Even if the Court

13  does not grant PSR's Motion for Reconsideration, it should exercise its discretion to deny

14  BNSF's request for attorneys' fees and costs because BNSF will have prevailed only due to

15  jurisdictional gamesmanship, and not because it prevailed on the merits of the MTCA claim.

16                        II.    **STATEMENT OF FACTS**

17        On September 25, 2002, plaintiffs filed suit (the 2002 King County Suit) in King County

18  Superior Court against BNSF and other defendants, seeking recovery of environmental cleanup

19  costs and declaratory relief related to the Wyckoff West Seattle Site.  Plaintiffs sued under state

20  law to recover the costs of cleaning up both the upland area surrounding a former wood

21  treatment plant and the sediments in Elliott Bay adjacent to the plant.

22        On May 25, 2004, the King County Superior Court granted summary judgment in favor

23  of BNSF on statute of limitations grounds.  The state court granted summary judgment on

24  plaintiffs' upland claims, but indicated that the ruling did not apply to claims for costs incurred

25  in the marine sediments, thereby effectively (and erroneously) splitting the case into two parts.

26  While plaintiffs filed an appeal of the statute of limitations determination (which was reversed by

PLAINTIFFS' OPPOSITION TO DEFENDANT BNSF'S MOTION
FOR ATTORNEYS' FEES AND COSTS - 2
Case No. C04-1654L

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

50645696.2

1   the Washington State Court of Appeals on December 27, 2005), they also re-filed their sediments

2   claims in a separate action in King County Superior Court (the "2004 King County Suit") as a

3   protective measure.  The present action is plaintiffs' sediments case, which BNSF removed to

4   this Court.

5       After months of litigation in this Court – the Court BNSF chose – BNSF brought a

6   motion for summary judgment to assert both MTCA and jurisdictional defenses.  On February 6,

7   2006, this Court entered an order granting BNSF's motion.  Although the Court found all

8   BNSF's MTCA arguments to be without merit, it dismissed the case after determining that PSR

9   lacks standing under Article III of the United States Constitution.

10      BNSF bases its request for fees and costs, which together total more than $1,000,000, on

11   this dismissal.  These fees and costs are in addition to the fees and costs of nearly $800,000 that

12   BNSF requested after securing the (subsequently reversed) dismissal of plaintiffs' uplands

13   claims in state court.

14                            **III.   EVIDENCE RELIED UPON**

15      Plaintiffs rely upon the records and files in this matter to date, and upon the Declaration

16   of Justin Haag filed herewith.

17                        **IV.   ARGUMENT AND AUTHORITIES**

18   **A.   ATTORNEYS' FEES AND COSTS SHOULD BE DETERMINED AFTER
         RESOLUTION OF THE ENTIRE CASE BY THE STATE COURT**

19

20      A federal court sitting in diversity applies the law of the forum state regarding an award

     of attorneys' fees.  *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 260 n. 31,
21

22   95 S.Ct. 1612 (1975), *citing* 6 J. Moore, Federal Practice 54.77(2), pp. 1712-13 (2d ed. 1974).

23   Although MTCA allows for the recovery of attorneys' fees and costs, such an award is only

24   available to a "prevailing party."  RCW 70.150D.080.  Under Washington law, a party can only

25   be considered the "prevailing party" when it obtains an affirmative judgment at the end of the

26   entire case. *Building Industry Association of Washington v. Department of Labor and Industries,*

PLAINTIFFS' OPPOSITION TO DEFENDANT BNSF'S MOTION
FOR ATTORNEYS' FEES AND COSTS - 3
Case No. C04-1654L

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

50645696.2

123 Wn. App. 656, 669, 98 P.3d 537 (2004) (a prevailing party is the one who has an "affirmative judgment rendered in his favor at *the conclusion of the entire case*") (emphasis in original). *See also Schumacher Painting Co. v. First Union Management Inc.*, 69 Wn. App. 693, 850 P.2d 1361 (1993) (prevailing party under RCW 60.04.130 (now 60.04.181) is the party who has an affirmative judgment rendered in his favor at the conclusion of the *entire case*) (emphasis in original); *Stott v. Cervantes*, 23 Wn. App. 346, 348, 595 P.2d 563 (1979) (prevailing party under RCW 4.84.030 is the "party who has an affirmative judgment rendered in his favor at the conclusion of the entire case").

A summary judgment order and subsequent judgment can end an entire case. Here, however, it does not. BNSF has only prevailed in establishing that this case, which it brought to the federal court, is outside of federal jurisdiction. *E.g., Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1175 (9th Cir. 2004).

As discussed in detail in plaintiffs' Motion for Reconsideration, when a district court determines that it does not have subject matter jurisdiction over a case removed under 28 U.S.C. §§ 1441, 1446, the court must remand the case to state court. 28 U.S.C. 1447(c); *see generally* Motion for Reconsideration at pp. 3-5. A remand does not terminate the case but rather transfers it to another forum without resolution on the merits or otherwise. By definition, therefore, an order for remand is not the end of the entire case. Moreover, an order for remand immediately divests the federal courts of any jurisdiction. *Seedman v. United States District Court*, 837 F.2d 413, 414 (1988) ("Once a district court certifies a remand order to state court it is divested of jurisdiction and can take no further action on the case.") The district court may only retain jurisdiction after remand for one limited purpose: to consider a *plaintiff's* motion for attorneys' fees and costs based upon improper removal. *See, e.g., Moore v. Permanente Medical Group*,

PLAINTIFFS' OPPOSITION TO DEFENDANT BNSF'S MOTION
FOR ATTORNEYS' FEES AND COSTS - 4
Case No. C04-1654L

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

50645696.2

1  *Inc.*, 981 F.2d 443 (9th Cir. 1992).[1]  Under the normal course, the party who asserts jurisdiction

2  must pay fees if jurisdiction is found to be lacking.

3       In the event of a remand, BNSF can not claim to have an affirmative judgment rendered

4  in its favor, and therefore cannot meet the state law definition of "prevailing party."  Remanding

5  a case for lack of subject matter jurisdiction nullifies the effect of any prior affirmative

6  judgments.  Whenever a court determines that removal jurisdiction for a claim is lacking, its

7  previous judgments must be vacated when the case is remanded.  *EOTT Energy Operating*

8  *Limited Partnership v. Winterthur Swiss Insurance Company*, 257 F.3d 992, 996 (9th Cir. 2001);

9  *California v. United States*, 215 F.3d 1005 (9th Cir. 2000).  In *California v. United States*, for

10  example, the district court had entered judgment against California, holding that federal law

11  precluded judgment against the United States for civil penalties under the Clean Air Act.  *Id.* at

12  1009.  The Ninth Circuit held that because the district court did not have jurisdiction to reach the

13  merits of the case, the judgment had to be vacated, and the merits determined by the state court.

14  *Id.* at 1007.

15       The same result is appropriate here.  The judgment in favor of BNSF should be vacated,

16  and the entire case should be remanded to the King County Superior Court for determination.

17  Such an order will allow both MTCA liability and the final fee determination to be left to a court

18  that is able to reach the merits of this dispute.

19  **B.  BNSF SHOULD NOT BE AWARDED FEES AND COSTS BASED ON THE**
    **SUMMARY JUDGMENT AGAINST THE PORT**

20       By order dated August 17, 2005, the Court dismissed the Port's claims on non-

21  jurisdictional grounds.  Although BNSF may argue that the Port's claims are not subject to

22  remand, and therefore attorneys' fees should be awarded for the summary judgment order

23  entered against the Port, this argument fails for a number of reasons.  First, BNSF has not moved

---

[1] Plaintiffs do not contend that BNSF's removal was initially improper, or that this case was removed to harass plaintiffs or to needlessly increase their expenses, as is required to support a fee award.  *See, e g, Circle Industries USA, Inc. v. Parke Construction Group, Inc.*, 183 F.3d 105, 109 (2nd Cir.1999).  Plaintiffs therefore are not seeking to recover the fees and costs associated with this removal.

PLAINTIFFS' OPPOSITION TO DEFENDANT BNSF'S MOTION
FOR ATTORNEYS' FEES AND COSTS - 5
Case No. C04-1654L

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

1  pursuant to Rule 54(b) for the entry of a separate judgment against the Port.  The entire case

2  should therefore be remanded, and the determination of fees on all claims should be left for the

3  state court.

4        Second, as with PSR's claim, this Court's jurisdiction to entertain motions for attorneys'

5  fees and costs unrelated to the removal is automatically extinguished in the event of a remand.

6  *Seedman v. United States District Court*, 837 F.2d 413, 414 (1988).  Any request for fees and

7  costs, including one based on the Port's dismissal, should be denied and left for determination by

8  the state court.

9        Third, while BNSF succeeded in obtaining a court order that the Port had not incurred

10  "compensable damages," BNSF did not actually prevail on the claim.  The expenses incurred by

11  the Port were unquestionably remedial action costs under MTCA.  The rationale for excluding

12  the Port's claim was that the Port was reimbursed for all its expenses in the marine sediments

13  unit of the site.  As this Court said in the order granting summary judgment on the Port's claims:

14        Because the $9 million paid to the PSR Trust constituted consideration for the

15  acquisition of the Plant, that money became the property of the PSR Trust upon the completion of the transaction.  Although the Port may have been reimbursed

16  for its cleanup activities from the same pool of money, the money did not belong to the Port.  The payments from the PSR Trust to the Port for its cleanup of the Marine Sediments Unit are properly construed as contributions from the PSR

17  Trust used to reimburse the Port for its environmental cleanup costs.

18  Order Granting Summary Judgment (August 17, 2004, Document 38).[2]

19        BNSF has not prevailed because, while it succeeded in dismissing the Port's claims of

20  approximately $491,000, those claims necessarily became claims belonging to PSR (or the PSR

21  Trust).  All of the costs went toward payment of remedial action costs.  By ruling that the

22  $491,000 came from funds belonging to the PSR Trust, the Court's decision makes those funds,

23  and thereby the claim for remedial action costs arising therefrom, claims of PSR (or the Trust),

24

25

26  [2] To the extent that there is a missing party to this case, the PSR Trust, plaintiffs intend to add the trust as a real party in interest after remand to state court.

PLAINTIFFS' OPPOSITION TO DEFENDANT BNSF'S MOTION
FOR ATTORNEYS' FEES AND COSTS - 6
Case No. C04-1654L

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

50645696.2

1    not the Port's.  PSR (and the Trust) should be allowed to resolve the claims on their merits in

2    state court, along with PSR's and the Port's other claims.

3            Fourth, since BNSF has not segregated its fees between the plaintiffs' claims, and since

4    the fees no doubt overlap, BNSF's fee request is premature.  Because MTCA's liability scheme

5    contemplates an allocation based on equitable principles, only the court resolving the entire case

6    should evaluate BNSF's entitlement to and the amount of fees.  Under MTCA, potentially

7    responsible parties are liable for the damages caused by the release of toxic substances into the

8    environment.  *Dash Point Village Assoc. v. Exxon Corp.*, 86 Wn. App. 596, 599, 937 P.2d 1148

9    (1997).  *See also* RCW 70.150D.040.  Liability under MTCA is joint and several, *id.*, but a

10   plaintiff's recovery "shall be based upon such equitable factors as the court determines are

11   appropriate."  RCW 70.150D.080.  BNSF's entitlement to fees can only be determined in

12   relation to its distinct role with regard to the contamination at the wood treating facility.

13           In the alternative, plaintiffs calculate that the total time attributable to BNSF's dismissal

14   of the Port is $ 66,104.00.  *See* Declaration of Justin Haag (Haag Dec.) at ¶ 3; *see also* Haag

15   Dec., Ex. 1 (totaling included fees).  Because the facts necessary to support BNSF's motion were

16   fully discovered in the 2002 King County Suit, any award should be strictly limited to the

17   amount of time drafting and researching the motion itself.  Therefore, at most, the Court should

18   award BNSF $ 66,104.00.  *Id.*

19   **C.    BNSF'S REQUEST FOR FEES AND COSTS IS UNREASONABLE**

20           If the Court determines that BNSF is entitled to attorneys' fees and costs, BNSF still

21   bears the burden of proving that the fees and costs it claims are reasonable.  BNSF's self-serving

22   assertions of reasonableness are insufficient to meet this burden.  *Scott Fetzer Co. v. Weeks,* 122

23   Wn.2d 141, 151 (1993); *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

24           In evaluating the reasonableness of fees, courts frequently apply the lodestar

25   methodology by multiplying the amount of hours reasonably expended by the reasonable hourly

26   rate of compensation.  *Mayer v. City of Seattle,* 102 Wn. App. 66, 82, 10 P.2d 408 (2000).

---

PLAINTIFFS' OPPOSITION TO DEFENDANT BNSF'S MOTION
FOR ATTORNEYS' FEES AND COSTS - 7
Case No. C04-1654L

50645696.2

1   Claimed time in excess of the hours the Court finds should have been reasonably expended is not

2   recoverable.   Time spent on unsuccessful theories or claims, duplicated effort, or otherwise

3   unproductive activities should be excluded completely.  *Id.* at 82 (citing *Bowers v. Transamerica*

4   *Title Ins. Co.*, 100 Wn.2d 581, 597 (1983)).

5        Many of BNSF's claimed fees were not reasonably expended.   The bills that BNSF

6   submitted in support of its request show that its attorneys and support staff spent an excessive

7   amount of time on simple and duplicative tasks.  This is especially true where BNSF previously

8   claimed nearly $800,000 in attorneys' fees and costs in the related state court action.  *See* Haag

9   Dec. at ¶ 4.

10        Indeed, BNSF stated in its prior briefing in the state court action that it had already

11   completed extensive factual investigative work for this matter.  *See* Haag Dec., Ex. 2 (BNSF's

12   Reply Brief in Support of Fees and Costs).   BNSF justified its fees in the state court action by

13   arguing that it had to "piece together" large amounts of documents and "information developed

14   over decades of operation, agency enforcement, and remedial activity ... from multiple imperfect

15   sources" and then assimilate that information "to form a cogent and meaningful chronology of

16   undisputed facts."  *Id.* at 3.  BNSF argued that, "[u]nlike Plaintiffs, BNSF did not come into this

17   case with the knowledge and head start gained from prior litigation."  *Id.* at 4.

18        In this case BNSF cannot again claim that its fees were incurred getting up to speed since

19   its attorneys completed extensive work (nearly $800,000 in attorneys' fees and costs) in the state

20   court action, which work directly relates to this case.   Despite all of its prior work, BNSF

21   apparently did not experience any savings in fees and costs in this case.  In fact, rather than a

22   reduction in its fees resulting from its prior work, BNSF's fees and costs in the immediate action

23   were greater, totaling $1,061,115.42.  BNSF should not be entitled to fees for the same work it

24   performed in the prior state court action.

25        Moreover, BNSF duplicated its efforts and overstaffed this case by assigning multiple

26   law firm partners to the same tasks.  A significant amount of BNSF's claimed fees are for

PLAINTIFFS' OPPOSITION TO DEFENDANT BNSF'S MOTION
FOR ATTORNEYS' FEES AND COSTS - 8
Case No. C04-1654L

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

1   communications to and from its two different law firms, one in California and one in Seattle,

2   working on the case.   Further, BNSF seeks fees for unreasonably high rates for simple

3   administrative tasks such as entering documents into a document management system.   BNSF

4   also seeks unreasonably high hourly fees for tasks such as printing and downloading documents.

5   In short, BNSF's claimed fees are unreasonable and if awarded, should be substantially reduced

6   by the Court.

7   **1.   Duplication of Efforts, Unreasonable Rates, and Gross Overstaffing**

8   Time spent on duplicated effort or otherwise unproductive activities should be excluded

9   from a fee award.   *Mayer,* 102 Wn. App. at 82.   Fees for duplicative efforts are not recoverable.

10   "Hours which, though actually expended, nevertheless 'are excessive, redundant, or otherwise

11   unnecessary,' are not hours, 'reasonably expended' and are to be excluded from this calculation."

12   *Leroy v. City of Houston*, 906 F.2d 1068, 1079 (5th Cir. 1990) (citing *Hensley v. Eckerhart*, 461

13   U.S. 424 (1983)); and *City of Philadelphia v. Chas. Pfizer & Co., Inc.*, 345 F. Supp. 454, 484

14   (S.D.N.Y. 1972) (Court reduced claimed fees where two firms engaged in duplication of efforts,

15   stating that "why two firms were needed instead of one has never been made to appear;

16   duplication of efforts by counsel in class actions ought to be discouraged").

17   BNSF has not satisfied its burden to show that its fees are reasonable.   For example, in

18   responding to a simple motion for stay, BNSF staffed six persons on the project, including three

19   senior partners.   *See* Haag Dec. at ¶ 5.   BNSF's time spent on responding to the motion for stay

20   included over 28 hours for research to locate the "standard to be applied in granting/denying

21   motion to stay an action."   *Id.*   That amount of time for research related to a simple standard is

22   unreasonable, and plaintiffs should not be required to pay such fees.

23   Next, BNSF seeks fees for over 266 hours ($42,560 at $160 an hour) to index documents

24   and input the documents into a document management system.   *See* Haag Dec. at ¶ 6.   This

25   simple administrative task does not warrant such a high billing rate.   BNSF itself determined that

26   this rate was excessive and later assigned this work to two other individuals who billed $60 an

PLAINTIFFS' OPPOSITION TO DEFENDANT BNSF'S MOTION
FOR ATTORNEYS' FEES AND COSTS - 9
Case No. C04-1654L

**FOSTER PEPPER PLLC**
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

50645696.2

1    hour for the same task. *Id.* However, BNSF made no reductions in the fees for the 266 hours

2    that it seeks from plaintiffs. Other unreasonable fees sought by BNSF include for printing

3    documents (at $160 an hour) and for downloading documents (at $180 an hour). *See* Haag Dec.

4    at ¶ 7. Although the fees for printing and downloading were not significant, they serve as

5    examples of BNSF's overall unreasonable claims.

6           The invoices submitted by BNSF contain a plethora of entries that reflect duplicative

7    work, which resulted in unnecessary and unrecoverable fees. For example, at the same time,

8    senior partners from both BNSF's law firms spent substantial time to review financial reports

9    produced by plaintiffs. *See* Haag Dec. at ¶ 8. Other examples include senior partners from one

10   BNSF law firm reviewing the work of the senior partners from the other BNSF law firm. *Id.*

11   Plaintiffs cannot be expected to pay for these duplicative, unnecessary, and unreasonable fees.

12          According to the invoices that BNSF submitted with its Motion, a total of 19 members of

13   these two separate firms staffed the case for BNSF. The sheer number of attorneys, paralegals,

14   and legal assistants necessarily results in inherent inefficiencies and redundancies. Courts have

15   reduced fees when multiple attorneys attend meetings, depositions, hearings, and trial. *See, e.g.,*

16   *Levin v. Parkhouse,* 484 F. Supp 1091, 1094 (E.D. Pa. 1980) (Court reduced fee recovery for,

17   among other things, attendance of multiple attorneys at meetings); *Henlopen Hotel Corp. v.*

18   *Aetna Ins. Co.,* 251 F. Supp. 189, 194-195 (D. Del. 1966).

19          The invoices of BNSF's attorneys reflect many instances of duplicative efforts and

20   overstaffing, including, but not limited to, redundant document review, legal research, and

21   overstaffed motions practice.

22          **2.     Partner Hours Spent on Typical Associate and/or Paralegal Activities**

23          Fees for administrative litigation tasks performed by partners that could have been

24   performed by associates or paralegals should not be recoverable. *Leroy v. City of Houston,* 906

25   F.2d 1068, 1079 (5th Cir. 1990); *In Re Fine Paper Antitrust Litig.,* 751 F.2d 562, 590-593 (3d

26   Cir. 1984) (court affirmed lower court's significant reductions of time and rates recoverable for

PLAINTIFFS' OPPOSITION TO DEFENDANT BNSF'S MOTION
FOR ATTORNEYS' FEES AND COSTS - 10
Case No. C04-1654L

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

1      activities by partners that were "clerical and administrative and investigative tasks such as

2      document review"). In this case, partners at both of BNSF's law firms billed for time spent on

3      administrative tasks. For example, BNSF seeks fees for a senior partner to file and serve

4      documents and to "compile documents." *See* Haag Dec. at ¶ 9. Also, BNSF seeks significant

5      fees for senior partners to review documents, a task frequently performed by associates. *Id.* Any

6      fees awarded for entries such as these should be based on a rate appropriate to the type of task

7      performed.

8            **3.**     **BNSF's Costs and Expenses Are Also Unreasonable**

9         In addition to the approximately $834,000 in attorney fees, BNSF is claiming nearly

10     $226,000 in costs and expenses. Approximately $155,000 of those claimed expenses are expert

11     witness fees from Gary Hokkanen. Because Mr. Hokkanen's expert report and opinions were

12     neither used nor in any way relevant to either of BNSF's summary judgment motions, the Court

13     should exclude his fees from BNSF's claim. Should the Court determine that BNSF is entitled to

14     recover its expert witness fees, it should reduce the claim substantially on the ground that the

15     fees are excessive. Of Mr. Hokkanen's claimed $155,000 fees, approximately $130,000 was for

16     document review. *See* Haag Dec. at ¶ 10. That is unreasonable, especially where BNSF

17     employed different, but similar, experts in the prior state action who were already familiar with

18     the facts of this case but who were not called upon to provide evidence in this case.

19                       **V.**     **CONCLUSION**

20         Because this case should be remanded to the King County Superior Court due to the lack

21     of federal subject matter jurisdiction, BNSF's motion for attorneys' fees and costs should be

22     denied. Upon remand, this Court's judgment will be vacated, and BNSF will not be a prevailing

23     party. Therefore, plaintiffs respectfully request that the Court deny BNSF's request for

24     attorneys' fees and costs and allow this case to be heard in a court of general jurisdiction, with

25     any fee awards to be determined by that court at the conclusion of the case. The Court should

26

PLAINTIFFS' OPPOSITION TO DEFENDANT BNSF'S MOTION
FOR ATTORNEYS' FEES AND COSTS - 11
Case No. C04-1654L

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

50645696.2

1   deny BNSF any fees related to the dismissal of the Port's claims since BNSF has not prevailed

2   on those claims.    In the alternative, the Court should award only the fees that were actually

3   incurred as a result of the summary judgment granted dismissing the Port claims.  Any fee award

4   should be based only on what fees and expenses are reasonable.

6       DATED this   20th   day of _____ March _____ , 2006.

7                           FOSTER PEPPER PLLC

9                           s/Gillis E. Reavis
                            _____
10                          Gillis E. Reavis, WSBA #21451
                            Attorneys for Plaintiffs

PLAINTIFFS' OPPOSITION TO DEFENDANT BNSF'S MOTION
FOR ATTORNEYS' FEES AND COSTS - 12
Case No. C04-1654L

50645696.2

## CERTIFICATE OF SERVICE

I hereby certify that on March 20, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Thomas D. Adams<br>Bullivant Houser Bailey PC<br>1601 Fifth Avenue, Suite 2400<br>Seattle, WA 98101-1618<br>E-mail: tom.adams@bullivant.com<br>**Attorneys for Defendant The Burlington Northern and Santa Fe Railway Company** | John F. Barg<br>Marc A. Zeppetello<br>Barg Coffin Lewis & Trapp, LLP<br>One Market Steuart Tower, Suite 2700<br>San Francisco, CA  94105-1475<br>E-mail: jfb@bcltlaw.com<br>        maz@bcltlaw.com<br>**Attorneys for Defendant The Burlington Northern and Santa Fe Railway Company** |
| James C. Hanken<br>Law Offices of James C. Hanken<br>999 Third Avenue, Suite 3210<br>Seattle, WA 98104<br>E-mail: jhanken@hankenlaw.biz<br>**Attorneys for Defendants Baxter Entities** | Stephen J. Tan<br>Rodney L. Brown Jr.<br>Cascadia Law Group PLLC<br>1201 Third Ave., Suite 320<br>Seattle, WA  98101<br>E-mail:  stan@cascadialaw.com<br>        rbrown@cascadialaw.com<br>        ddicks@cascadialaw.com<br>**Attorneys for Plaintiffs** |

s/ Susan Allan
Susan Allan, Legal Assistant
FOSTER PEPPER PLLC
1111 Third Avenue, Suite 3400
Seattle, Washington  98101
Telephone:   (206) 447-7901
Fax:         (206) 447-9700
E-mail: allas@foster.com

PLAINTIFFS' OPPOSITION TO DEFENDANT BNSF'S MOTION
FOR ATTORNEYS' FEES AND COSTS - 13
Case No. C04-1654L

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

50645696.2