HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PACIFIC SOUND RESOURCES, a
Washington non-profit corporation; and
THE PORT OF SEATTLE, a Washington
municipal corporation,

            Plaintiffs,

      v.

THE BURLINGTON NORTHERN AND
SANTA FE RAILWAY COMPANY, a
Delaware corporation; J.H. BAXTER &
CO., a California limited partnership; J.H.
BAXTER & CO., a California corporation;
and J.H. BAXTER & CO., INC., a
California corporation,

            Defendants.

No.  C04-1654L

DEFENDANT BNSF RAILWAY
COMPANY'S REPLY TO PLAINTIFFS'
OPPOSITION TO BNSF'S MOTION FOR
REASONABLE ATTORNEYS' FEES
AND COSTS

     BNSF Railway Company ("BNSF") hereby replies to Plaintiffs' opposition to

BNSF's Motion for Reasonable Attorneys' Fees and Costs.

     This Court dismissed all claims of Plaintiffs Pacific Sound Resources ("PSR") and

The Port of Seattle ("the Port"), and entered judgment in favor of BNSF.  BNSF is, therefore,

a "prevailing party" under any reasonable construction of that term and is entitled to its

reasonable attorneys' fees and costs incurred in defending the claims brought by Plaintiffs

under the Model Toxics Control Act ("MTCA").

**BNSF RAILWAY COMPANY'S REPLY TO PLAINTIFFS'
OPPOSITION TO BNSF'S MOTION FOR REASONABLE
ATTORNEYS' FEES AND COSTS**

Page 1

**Bullivant|Houser|Bailey PC**
1601 Fifth Avenue, Suite 2300
Seattle, Washington  98101-1618
Telephone: 206.292.8930

370374.1

### 1.   BNSF is the Prevailing Party

MCTA provides that the "prevailing party . . . shall recover its reasonable attorneys' fees and costs." RCW 70.105D.080. This Court granted BNSF's motions for summary judgment against the Port and PSR, and entered judgment in favor of BNSF. It is difficult to imagine an outcome BNSF might obtain that could better be characterized as "prevailing." Nevertheless, Plaintiffs contend that a judgment based on PSR's lack of standing does not constitute "prevailing," or that the Court should have remanded the case to state court, thereby depriving the Court of jurisdiction to act further.[1]

Plaintiffs are wrong for at least three reasons: *First*, a "prevailing party" is one for whom judgment is entered, and judgment has been entered in favor of BNSF. However, even in the absence of a judgment, Washington courts determine "prevailing party" status by evaluating whether the statutory or contractual conditions authorizing an award of fees and costs have been met. *See Beckman v. Wilcox,* 96 Wn. App. 355, 362, 979 P.2d 890 (1999)(court's authority to award attorneys' fees after a voluntary dismissal turns upon the statute authorizing the fees). Plaintiffs contend BNSF is not a "prevailing party" because PSR's MTCA claim was dismissed for lack of standing, but nothing in MTCA suggests that "prevailing party" status is so limited.

As a practical matter, PSR and the Port triggered their own liability for BNSF's reasonable attorneys' fees and costs under MTCA when they alleged claims under that statute and forced BNSF to defend against them. Plaintiffs should no more be allowed to escape liability for the fees and costs they forced BNSF to incur than would a party who

---

[1] Plaintiffs' first argument in their opposition essentially re-argues PSR's motion for reconsideration. BNSF has previously demonstrated, in its opposition to PSR's motion, that 28 U.S.C. § 1447(c) does not authorize remand under the circumstances of this case, and will not repeat here its analysis of applicable case law. However, even if the Court were to remand PSR's claims, BNSF would be entitled to an award of reasonable attorneys' fees and costs from the Port. Moreover, because MTCA expressly provides that the court "shall" award attorneys' fees and costs to the prevailing party, there is no merit to Plaintiffs' argument the Court "should exercise its discretion" to deny BNSF's motion. (Pls.' Opp. at 2:12-15.)

**OPPOSITION TO BNSF'S MOTION FOR REASONABLE**
**ATTORNEYS' FEES AND COSTS**

Page 2

**Bullivant|Houser|Bailey PC**
1601 Fifth Avenue, Suite 2300
Seattle, Washington 98101-1618
Telephone: 206.292.8930

370374.1

1   alleges a claim and then voluntarily dismisses it.  *Beckman*,  96 Wn. App. at 366. That this

2   Court dismissed PSR's claims on grounds of standing as opposed to some other grounds

3   does not relegate BNSF to a non-prevailing party.

4        *Second*, nothing in MTCA suggests that only a plaintiff may be a "prevailing party"

5   under MTCA.  Indeed, the terms of the statute and its legislative history indicates any party

6   may be a "prevailing party."  *See* BNSF's Motion at 5 n.4 (discussing legislative history).

7   *See also City of Seattle v. Washington State Dept. of Transportation.*, 107 Wn. App. 236, 240

8   26 P.3d 1000 (2001) (directing award of attorneys' fees to a prevailing MTCA defendant).

9        *Third*, the pending motion for reconsideration lacks merit and, in any event, was

10  brought by PSR, not the Port.  The Port has not sought remand by joining PSR's motion or

11  otherwise.[2]  This Court's dismissal of the Port's claims was predicated on the lack of

12  compensable damages and did not turn on standing issues.

13       Remarkably, Plaintiffs also argue that "BNSF did not actually prevail on the [Port's

14  MTCA] claim." (Pls.' Opp. at 6:9-10.)  According to Plaintiffs, this Court's determination

15  that the Port incurred no compensable MTCA damages is too tangential to warrant a fee

16  award.  This argument ignores reality.  The Port, along with PSR, made the tactical decision

17  to invoke MTCA and allege BNSF's liability for millions of dollars.  BNSF had no choice

18  but to thoroughly and vigorously defend those claims with comprehensive discovery and

19  motion practice addressing *all* elements of Plaintiffs' MTCA claims.  The fact that the Port's

20  claim was dismissed for lack of damages (or lack of standing in the case of PSR) is just as

21  dispositive as a determination on any other MTCA element.  *See City of Seattle,* 107 Wn.

22  App. at 240 (defendant found liable under MTCA prevailed and became entitled to

23

24  ---

[2] Plaintiffs now argue that the Port's claims should be remanded along with PSR's claims because BNSF
    has not sought entry of a separate judgment against the Port under Fed. R. Civ. P. 54(b).  (Pls.' Opp. at
25  5:23-6:1.)  However, because the Court entered a final judgment in BNSF's favor, BNSF had no basis to
    request entry of a separate judgment against the Port.  Moreover, as discussed above, judgment is not
26  necessary to establish prevailing party status under Washington law.

**BNSF RAILWAY COMPANY'S REPLY TO PLAINTIFFS'
OPPOSITION TO BNSF'S MOTION FOR REASONABLE
ATTORNEYS' FEES AND COSTS**

Page 3

**Bullivant|Houser|Bailey PC**
1601 Fifth Avenue, Suite 2300
Seattle, Washington  98101-1618
Telephone: 206.292.8930

370374.1

1   reasonable attorneys' fees when plaintiffs failed to prove an element of their claim.)

2     "Prevailing party" status is not dependent on the basis of a court's decision resolving

3   a MTCA claim.  Common sense, and the plain language of the statute, compel the conclusion

4   that a party securing dismissal of a MTCA claim is a "prevailing party."

5      **2.**  **Plaintiff are Jointly and Severally Liable for BNSF's Fees**

6     Plaintiffs suggest BNSF's motion is "premature" because BNSF has not identified

7   what portion of their requested fees and costs are recoverable against which Plaintiff.  (Pls.'

8   Opp. at 7:3-4)  This argument goes nowhere.  PSR and the Port alleged their MTCA claims

9   jointly and BNSF defended the claims simultaneously.  If the Port is arguing that its liability

10  ended when BNSF's summary judgment was entered earlier in the case, BNSF has no

11  particular objection.  However, there is no merit to Plaintiffs' argument that any award

12  against the Port should be limited to amount of time BNSF's counsel incurred drafting and

13  researching its motion against the Port.[3]  *See Travis v. Washington Horse Breeders Ass'n.*,

14  111 Wn. 2d 396, 410 (1988) (attorneys fees are to be awarded for the services "related to the

15  causes of action which allow for fees.").  Moreover, PSR is liable for all reasonable

16  attorneys' fees and costs related to the MTCA claim throughout the case.

17     **3.**  **BNSF's Fees and Costs are Reasonable**

18    Plaintiffs also argue that BNSF's fees are unreasonable in amount.[4]  Plaintiffs argue

19  that BNSF's lawyers' duplicated effort, repeated work performed in the state court action,

20

---

21  [3] Judge Ramsdell rejected Plaintiffs' similar argument in the state court action – that BNSF's request for
    attorneys' fees and costs should have been limited to those incurred in pursuing its successful statute of
22  limitations defense. Supplemental Declaration of Marc Zeppetello in Support of BNSF's Motion for
    Reasonable Attorneys' Fees and Costs at 6.  Moreover, there is no support for Plaintiffs' assertion that the
    facts necessary to BNSF's motion were fully discovered in the 2002 King County suit.  (Plfs' Opp. at
23  7:15-17.)  To the contrary, much of the evidence BNSF relied upon in its motion against the Port was
    produced in response to discovery requests propounded in *this* case.  *See* Declaration of Marc Zeppetello
24  in Support of BNSF's Motion For Summary Judgment That The Port Has Incurred No Compensable
    Damages (Docket Doc. No. 27) at ¶ 2.

25
26  [4] Plaintiffs object to BNSF's hours expended, but not the billing rates charged by its attorneys and their
    support staff.

---

**BNSF RAILWAY COMPANY'S REPLY TO PLAINTIFFS'**
**OPPOSITION TO BNSF'S MOTION FOR REASONABLE**
**ATTORNEYS' FEES AND COSTS**

Page 4

**Bullivant|Houser|Bailey PC**
1601 Fifth Avenue, Suite 2300
Seattle, Washington  98101-1618
Telephone: 206.292.8930

370374.1

1   expended excessive amounts of time on simple tasks, and assigned experienced attorneys to

2   uncomplicated tasks.  (Pls.' Opp., pgs. 7-11)  Plaintiffs' arguments are without merit.  This

3   case involved the Marine Sediments Unit of the PSR Superfund Site, whereas the state court

4   action involved the Upland Unit.  Although the Units are related, each was subject to its own

5   unique remedial actions and presented different legal and factual issues.  Consequently, the

6   fact that BNSF sought and the state court awarded significant fees and costs in connection

7   with the Upland Unit litigation, has limited relevance here.[5]  Likewise, Plaintiffs' objection

8   to BNSF's staffing decisions and thorough investigation of the Marine Sediments claim is

9   unpersuasive.  Again, Plaintiffs confronted BNSF with a multi-million dollar exposure.

10  BNSF cannot fairly be criticized for taking those allegations seriously and preparing a

11  defense on multiple fronts utilizing experienced attorneys and staff.[6]

12          Plaintiffs argue that BNSF has not fulfilled its burden of showing that its time was

13  reasonably expended and not duplicative, but this is plainly not the case.  BNSF's lawyers

14  carefully coordinated their efforts to avoid duplication as set forth in the *Declaration of*

15  *Thomas D. Adams* and the *Declaration of Marc A. Zeppetello* submitted in support of

16  *Defendant BNSF Railway Company's Motion for Reasonable Attorneys' Fees and Costs.*

17  Each of BNSF's lawyers and staff contributed independently to BNSF's work product.

18  Dividing work but adding complementary value to each is neither unusual nor inappropriate

19

20  [5] In the state court litigation, Plaintiffs opposed BNSF's motion for attorney fees arguing, in part, that any
21  attorneys' fees incurred by BNSF relating to the Marine Sediments Unit must be excluded. *See
    Declaration of Justin D. Haag In Support of Plaintiffs' Opposition to Defendant BNSF's Motion for
    Reasonable Attorneys' Fees and Costs, pg. 12* (Ex. 2, footnote 2).  Having argued for their exclusion in
22  the state court action, Plaintiffs cannot fairly claim BNSF is not entitled to fees and costs relating to the
    Marine Sediments in this action.

23
24  [6] Plaintiffs complain that a total of 19 individuals staffed this case for BNSF.  (Pls.' Opp. at 10:12-13.)
    The exclusive role of six legal assistants or case clerks was to assist in reviewing and indexing over
    29,000 records, in 99 boxes, which were produced by the parties, primarily for Plaintiffs, or obtained
25  from EPA.  Supplemental Zeppetello Declaration at ¶ 3.  Excluding these individuals, only four attorneys
    and two legal assistants billed approximately 97% of the total hours included in BNSF's request for
26  attorneys' fees. *Id.*

**BNSF RAILWAY COMPANY'S REPLY TO PLAINTIFFS'**
**OPPOSITION TO BNSF'S MOTION FOR REASONABLE**
**ATTORNEYS' FEES AND COSTS**

Page 5

1  in cases where multi-million dollar exposure is alleged.

2        Finally, Plaintiffs argue that BNSF's request for about $226,000 in expert costs and

3  expenses is unreasonable, principally because one of BNSF's experts (Gary Hokkanen)

4  alone accounts for $155,000, the majority of which was expended in document review.

5  Again, Plaintiffs quibble with BNSF's approach but ignore the multi-million dollar gravity of

6  the claims they asserted.  Mr. Hokkanen was identified as a testifying expert witness.  As

7  discussed in the Declaration of Marc A. Zeppetello (¶ 13), Mr. Hokkanen prepared a report

8  and was deposed by Plaintiffs' counsel.  Plaintiffs cannot credibly contend that Mr.

9  Hokkanen should not have spent time developing a complete and comprehensive

10  understanding of the facts of the Marine Sediments Unit before developing and articulating

11  his expert opinions in complex environmental litigation of this magnitude.

12  **4.**   **Conclusion**

13        For these reasons, and the reasons set forth in *Defendant BNSF Railway Company's*

14  *Motion for Reasonable Attorneys' Fees and Costs*, BNSF asks this Court to grant the motion

15  and award BNSF $1,061,115.42 in reasonable fees and costs under MTCA, as requested.

16        DATED this 24th day of March, 2006.

17        Respectfully submitted,

18  BULLIVANT HOUSER BAILEY PC      BARG COFFIN LEWIS & TRAPP, LLP

19  /s/ Thomas D. Adams      /s/ Marc A. Zeppetello

20  Thomas D. Adams, WSBA #18470      John F. Barg, Pro Hac Vice
   E-mail: tom.adams@bullivant.com      Marc A. Zeppetello, Pro Hac Vice

21  Attorneys for Defendant BNSF Railway      E-mail: maz@bcltlaw.com
   Company      Attorneys for Defendant BNSF Railway

22  BULLIVANT HOUSER BAILEY PC      Company
   1601 Fifth Avenue, Suite 2300      BARG COFFIN LEWIS & TRAPP, LLP

23  Seattle, Washington  98101-1618      One Market – Steuart Tower, Suite 2700
   Telephone: 206.292.8930      San Francisco, CA  94105

24  Facsimile: 206.386.5130      Telephone: 415.228.5409
       Facsimile: 415.228.5450

25

26

**BNSF RAILWAY COMPANY'S REPLY TO PLAINTIFFS'**
**OPPOSITION TO BNSF'S MOTION FOR REASONABLE**
**ATTORNEYS' FEES AND COSTS**

Page 6

**Bullivant|Houser|Bailey PC**
1601 Fifth Avenue, Suite 2300
Seattle, Washington  98101-1618
Telephone: 206.292.8930

370374.1

CERTIFICATE OF SERVICE

I hereby certify that on Friday, March 24, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the persons listed below:

Gillis E. Reavis
Foster Pepper & Shefelman PLLC
1111 Third Avenue, Ste 3400
Seattle, WA 98101
Phone:  (206) 447-7295
Fax:  (206) 749-2160
Counsel for Plaintiff Pacific Sound/Port
of Seattle

James C. Hanken
3210 Wells Fargo Center
999 Third Ave.
Seattle, WA  98104
Phone:  (206) 235-7679
Fax:  (206) 689-7999
Counsel for Defendant JH Baxter & Co.,
and JH Baxter & Co., Inc.

Rodney L. Brown Jr.
Stephen J. Tan
David D. Dicks
Cascadia Law Group PLLC
1201 Third Ave., Ste. 320
Seattle, WA  98101
Phone:  (206) 292-6300
Fax:  (206) 292-6301
Associated Counsel for Plaintiff Pacific
Sound/Port of Seattle

John F. Barg, Pro Hac Vice
Marc A. Zeppetello, Pro Hac Vice
Barg Coffin Lewis & Trapp, LLP
One Market Steuart Tower, Ste 2700
San Francisco, CA  94105-1475
Phone: (415) 228-5400
Fax:    (415) 228-5450
Pro Hac Vice Counsel for Defendants
The Burlington Northern and Santa Fe
Railway Company

BULLIVANT HOUSER BAILEY PC


By:/s/Elen A. Sale_____
       Elen A. Sale
       ele.sale@bullivant.com

**BNSF RAILWAY COMPANY'S REPLY TO PLAINTIFFS'
OPPOSITION TO BNSF'S MOTION FOR REASONABLE
ATTORNEYS' FEES AND COSTS**

Page 7

**Bullivant|Houser|Bailey PC**
1601 Fifth Avenue, Suite 2300
Seattle, Washington  98101-1618
Telephone: 206.292.8930

370374.1