UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PACIFIC SOUND RESOURCES, *et al.*,

    Plaintiffs,

    v.

THE BURLINGTON NORTHERN AND SANTA FE RAILWAY COMPANY, *et al.*,

    Defendants.

Case No. C04-1654L

ORDER ON MOTION FOR RECONSIDERATION

## I. Introduction

This matter comes before the Court on "Plaintiff Pacific Sound Resources' Motion for Reconsideration of Order Granting Motion for Summary Judgment" (Dkt. # 62). In this motion, plaintiff Pacific Sound Resources ("PSR") argues that the Court's previous order dismissing plaintiff's action for lack of standing (Dkt. # 59) constitutes a dismissal for lack of subject matter jurisdiction and that, therefore, the proper remedy is remand to state court, where the action was initiated. 28 U.S.C. § 1447(c). Defendant Burlington Northern and Santa Fe Railroad ("BNSF") argues that the judgment should stand.

## II. Standard of Review

First, it is necessary to determine the proper standard of review for the instant motion. The Western District of Washington allows a party to submit a motion for reconsideration of a court order to propose review of matters that "were overlooked or misapprehended by the court." Local Rule 7(h)(2). Although unspecified, the standard of review for such a motion is likely less

rigorous than a motion to alter or amend judgment. Fed. R. Civ. P. 59(e) (clear error). This motion is correctly understood as a motion for reconsideration under the local rules.

### III.  Discussion

The instant action was removed to this Court pursuant to 28 U.S.C. § 1446 ("Procedure for removal"). After an action is removed, the action (at least with regard to its removal) is governed by 28 U.S.C. § 1447 ("Procedure after removal generally"). This statute includes the provision that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded" to state court. 28 U.S.C. § 1447(c). If a party lacks standing to pursue its claim, then the court lacks subject matter jurisdiction over the action. Cetacean Cmty. v. Bush, 386 F.3d 1169, 1175 (9th Cir. 2004).

Section 1447(c) generally is employed in the context of actions where it is determined that federal question or diversity jurisdiction does not confer subject matter jurisdiction on the federal court. See, e.g., Maine Ass'n of Interdependent Neighborhoods (MAIN) v. Dep't of Human Servs., 876 F.2d 1051, 1054 (1st Cir. 1989). BNSF removed the instant action pursuant to this Court's diversity jurisdiction. 28 U.S.C. 1332(a)(1). Although the Court agreed that the parties are diverse, the Court concluded that PSR lacks Article III standing to pursue its claim.

The Ninth Circuit has carved out a judicial exception to the statutory mandate to remand found in § 1447(c). Bell v. City of Kellogg, 922 F.2d 1418, 1425 (9th Cir. 1991) (permitting dismissal in lieu of remand where it is "certain that a remand to state court would be futile"). In that action, the appellant failed to comply with a statutory requirement to post a bond when challenging a tax levy. The court reasoned that "no comity concerns are involved" between the state and federal courts if the federal court is absolutely certain that the party lacks standing. Id. The instant action presents a similar circumstance. This Court based its dismissal on an interpretation of a federal court consent decree by the Wyckoff Company, PSR's predecessor, and on case law interpreting Article III standing. Because no alternate interpretation of state law by the state court could undermine this lack of standing determination, there are no comity

ORDER ON MOTION FOR
RECONSIDERATION

concerns involved.  Thus, pursuant to the futility exception, the Court declines to remand this action.[1]

BNSF's response also raises the existence of its counterclaims and cross-claims in support of its argument against remand.  These counterclaims are conditioned on the possibility of BNSF's liability under the Model Toxics Control Act ("MTCA").  Because PSR lacks standing to pursue its claims and the Court declines to remand the action to state court, the presence of BNSF's counterclaims and cross-claims does not prevent this Court from entering a final judgment.  If PSR prevails on appeal, the entire case can proceed in federal court pursuant to diversity jurisdiction.

## IV.  Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that "Plaintiff Pacific Sound Resources' Motion for Reconsideration of Order Granting Motion for Summary Judgment" (Dkt. # 62) is DENIED.

DATED this 23rd day of May, 2006.

*[signature]*

Robert S. Lasnik
United States District Judge

---

[1] The Court will not address substantial questions raised by other circuits as to the validity of a judicial exception to the plain meaning of a clearly written statute.  See Coyne v. American Tobacco Co., 183 F.3d 488, 496–97 (6th Cir. 1999) (rejecting notion of a judicial exception to § 1447(c)); Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410–11 (11th Cir. 1999) (same); Bromwell v. Mich. Mut. Ins. Co., 115 F.3d 208, 213–14 (3d Cir. 1997) (same); Roach v. W. Va. Reg'l Jail & Corr. Facility Auth., 74 F.3d 46, 49 (4th Cir. 1996) (same); Smith v. Wis. Dep't of Agric., 23 F.3d 1134, 1139 (7th Cir. 1994) (same); Barbara v. N.Y. Stock Exch., 99 F.3d 49, 56 n.4 (2d Cir. 1996); Jepsen v. Texaco, Inc., 68 F.3d 483, 1995 WL 607630, at *3 (10th Cir. 1995) (same); Maine Ass'n of Interdependent Neighborhoods (MAIN) v. Dep't of Human Servs., 876 F.2d 1051, 1054 (1st Cir. 1989) (suggesting same).  Ninth Circuit precedent is binding on this Court.

ORDER ON MOTION FOR
RECONSIDERATION