1
2
3
4
5
6
7
8
9
10
11

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

12  PACIFIC SOUND RESOURCES, *et al.,*

13           Plaintiffs,                              Case No. C04-1654L

14      v.                                           ORDER ON MOTION FOR
                                                     ATTORNEY'S FEES
15  THE BURLINGTON NORTHERN AND
    SANTA FE RAILWAY COMPANY, *et al.*,
16
             Defendants.
17

18

19   This matter comes before the Court on "Defendant BNSF's Motion for Reasonable

20 Attorneys' Fees and Costs" (Dkt. # 64). In its opposition, Plaintiff Pacific Sound Resources

21 ("PSR") argues, among other things, that the fees and costs are unreasonably high. The

22 Burlington Northern and Santa Fe Railway Company ("BNSF") counters that they merely reflect

23 reasonable preparation for a high stakes lawsuit.

24   First, several of PSR's arguments rely on the hope that this Court would issue a favorable

25 ruling on PSR's motion for reconsideration and to remand this action to state court. The Court

26 declined to do so. That decision, as well as the original dismissal for lack of standing, are now

ORDER ON MOTION FOR
ATTORNEY'S FEES

on appeal. These arguments are therefore moot. BNSF is the prevailing party and is entitled to attorney's fees pursuant to RCW 70.150D.080.

The Supreme Court has held that:

> A request for attorney's fees should not result in a second major litigation. Ideally, of course, litigants will settle the amount of a fee. Where settlement is not possible, the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates.

Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). This action was in this Court based on diversity jurisdiction and BNSF seeks attorney's fees under a state statute, therefore this Court applies Washington law on reasonable attorney's fees. The Washington Supreme Court held that:

> The trial court must determine the number of hours reasonably expended in the litigation. To this end, the attorneys must provide reasonable documentation of the work performed. This documentation need not be exhaustive or in minute detail, but must inform the court, in addition to the number of hours worked, of the type of work performed and the category of attorney who performed the work (i.e., senior partner, associate, etc.). The court must limit the lodestar to hours reasonably expended, and should therefore discount hours spent on unsuccessful claims, duplicated effort, or otherwise unproductive time.

Bowers v. Transamerica Title Ins. Co., 100 Wn.2d 581, 597 (1983). The decision of what constitutes reasonable attorney's fees is within this Court's discretion. Id. For the purpose of review, this Court must "provide a concise but clear explanation of its reasons for the fee award." Hensley, 461 U.S. at 437.

The Court finds that BNSF has met its burden to show that the attorney's fees and costs that it proposed are reasonable. First, PSR sought a large recovery, in excess of $11 million. BNSF's expenses are commensurate with the effort necessary to defend against such a significant liability. Moreover, this suit lies in a notoriously document-intensive field of law and this legal proceeding has been extant in one form or another for over twenty years. Second, although BNSF ultimately succeeded on the question of standing, it was forced to defend on a variety of theories and proceeded throughout much of discovery under the assumption that PSR had standing. It would have been irresponsible to fail to prepare on the assumption that its

ORDER ON MOTION FOR
ATTORNEY'S FEES

standing theory would succeed. This preparation includes the costs and fees associated with BNSF's expert witness, Gary Hokannen, as well as efforts to research a variety of other factual and legal questions.[1]

Finally, BNSF's fees and costs have been studiously accounted for. The declarations attached to the request for fees and costs set forth the exact number of hours and rates of the attorneys and assistants, as well as exactly what they were doing and when. The Court finds each of the rates to be reasonable in light of the attorneys' qualifications and that the number of hours spent in preparation is also reasonable. PSR's minor quibbles with exactly how each individual's time was spent are insufficient to merit a modification of the reasonable request. Indeed, PSR is able to make its arguments only because BNSF has provided a level of detail in excess of that required under Bowers.

For these reasons, defendant BNSF's request for reasonable attorney's fees in the amount of $1,061,115.42 is GRANTED.

DATED this 17th day of July, 2006.

*Robert S. Lasnik* (signature)
Robert S. Lasnik
United States District Judge

---

[1] The parties' respective preparation on these other issues will serve them well in the event of a reversal on either the question of standing or § 1447 remand argument.

ORDER ON MOTION FOR
ATTORNEY'S FEES